**Sills Cummis & Gross PC**
101 Park Avenue, 28th Fl.
New York, NY 10178

Matthew P. Canini (*Pro Hac Vice)*
Direct Dial: 212.500.1582
Email: mcanini@sillscummis.com
*Attorneys for Defendant Michael Holley*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

Takeover Industries, Inc., a Nevada corporation,

Plaintiff,

v.

Michael Holley and Chirine Holley, husband and wife; David Eisenberg and Jane Doe Eisenberg, husband and wife,

Defendants.

Case No. 2:22-cv-00357-PHX-JJT

**DECLARATION OF MATTHEW P. CANINI IN OPPOSITION TO PLAINTIFF'S APPLICATION FOR A PRELIMINARY MANDATORY INJUNCTION, AND ACCEELERATED DISCOVERY**

I, Matthew P. Canini, declare under penalties of perjury as follows:

1. I am Of Counsel at the law firm of Sill Cummis & Gross P.C., attorneys for Defendant Michael Holley ("Defendant"). I make this Declaration is opposition to plaintiff Takeover Industries, Inc. ("Plaintiff") application for a mandatory preliminary injunction, and pursuant to the Court's March 8, 2022 Order (ECF No. 9).

2. Immediately after Plaintiff commenced the prior duplicative action in the Central District of California, Case No. 22-cv-00102-ODW-KS (the "California Action"), Plaintiff began a pattern of scorched-earth litigation tactics that appeared to have no point other than to raise Defendant's defense costs. As set forth herein, Plaintiff's application, which is unsupported by any documentary evidence appears to be another iteration of that tactic.

3. After service of California Action's Complaint (which Defendant attempted to waive, only to have Plaintiff serve Defendant via substituted service), Plaintiff denied Defendant a two-week courtesy extension to respond to the California Action's Complaint.

4. Plaintiff's refusal to agree to a two-week courtesy extension forced Defendant to move the Central District of California for the extension.

5. Only *afte*r Defendant drafted and filed its motion, did Plaintiff then agree to stipulate to the extension.

6. About one week later, on February 7, 2022, Plaintiff filed a motion for a mandatory preliminary injunction in the California Action seeking almost exactly what it is seeking by means of the instant application.

7. Plaintiff originally noticed the hearing for that motion on March 7, 2022 at 1:30 p.m. Defendant opposed the motion, with documentary evidence, on February 14, 2022, and Plaintiff replied on February 18, 2022.

8. On February 21, 2022, Defendant moved in the California Action to dismiss based on lack of personal jurisdiction. Prior to making Defendant's motion to dismiss, I conferred with Plaintiff's counsel and explained: (1) the Central District of California did not have personal jurisdiction over Defendant; and (2) Defendant would agree to stipulate to transfer the case to the District of Arizona. Attached hereto as Exhibit 1 is a true and accurate copy of my Declaration submitted in the California Action regarding the parties' meet-and-confer.

9. On February 22, 2022, the Central District of California, on its own

motion, continued Plaintiff's motion for a preliminary injunction to March 28, 2022. We respectfully submit, that if the Central District of California thought that Plaintiff was in need of emergency or immediate relief, or believed there was any possibility it had jurisdiction, it would not have done this. Attached hereto as Exhibit 2, is a true and accurate copy of the Central District of California's February 22, 2022 Minute Order.

10. On March 7, 2022, the date Plaintiff was due to respond to Defendant's motion to dismiss for lack of personal jurisdiction, Plaintiff, without notice, voluntarily withdrew the California Action, thereby mooting out its own motion, which was fully briefed and set for a hearing. A true and accurate copy of the Central District of California's March 8, 2022 Minute Order is annexed hereto as Exhibit 3.

11. As the Court knows, on the same date, Plaintiff commenced this Action and made the instant duplicative application as it made in the California Action.

12. It would have been more economic *and quicker* for Plaintiff to have merely agreed to transfer the California Action to this Court. Plaintiff, however, chose to engage in scorched-earth, time-wasting, and money-wasting tactics. Plaintiff's attempt to blame Defendant for this delay is disingenuous. If there has been any delay, it is a situation born of Plaintiff's discourteous tactics and gamesmanship.

13. I declare under penalty of perjury that the foregoing is true and correct.

WHEREFORE, I respectfully request Takeover's application for a preliminary mandatory injunction be denied, with prejudice.

Dated: March 14, 2022

/s/ Mtthew P. Canini

Matthew P. Canini

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2022, I caused my office to electronically transmit the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following counsel/parties in this matter.

Veronica L. Manolio
Manolio & Firestone, PLC
8686 E. San Alberto Dr., Ste. 200
Scottsdale, AZ 85258
vmanolio@mf-firm.com
*Attorneys for Plaintiff*

/s/ Matthew P. Canini



8693041