LAW OFFICES
**MANOLIO & FIRESTONE, PLC**
8686 E. San Alberto Dr., Suite 200
Scottsdale, Arizona 85258
(480) 222-9100
vmanolio@mf-firm.com
Veronica L. Manolio, SBN 020230
*Attorneys for Takeover Industries, Inc.
      and Third-Party Defendants
      Pavlik and the Tuckers*

# IN THE UNITED STATES DISTRICT COURT
# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Takeover Industries, Inc., a Nevada corporation,<br><br>                   Plaintiff,<br>v.<br><br>Michael Holley and Chirine Holley, husband and wife, *et al*.,<br><br>                   Defendants.<br><br>And related Counterclaims and Third-Party Claims. | Case No. 2:22-cv-00357-PHX-JJT<br><br>**REPLY/ANSWER TO THIRD-PARTY CLAIMS AGAINST PAVLIK AND THE TUCKER DEFENDANTS**<br><br>(Before the Honorable J. Tuchi) |

For their Answer to the Third-Party Claims against them, Third-Party Defendants Joseph Pavlik ("Pavlik") and Jason ("Tucker) and Melissa Tucker, collectively herein "Third-Party Defendants" affirm, deny and allege as follows:

1.   Third-Party Defendants dispute that Defendant Holley has standing to assert derivative claims on behalf of Labor Smart, Inc. ("LTNC").

2.   With regard to Paragraph 1, Third-Party Defendants (again) deny that Defendant Holley has standing to assert claims for a "derivative third-party plaintiff." Third-Party Defendants further denies that Takeover is LTNC's "predecessor in interest." Third-Party Defendants admit that Defendants Holley are Arizona residents.

3. With regard to Paragraph 2, Third-Party Defendants admit that LTNC was originally formed in Nevada on or about May 31, 2011. Third-Party Defendants deny the remainder of the allegations contained in Paragraph 2 and affirmatively states that LTNC is a **Nevada** entity with the following identifying information:

    Entity Name:LABOR SMART INC
    Entity Number:E0308252011-7
    Entity Type:Domestic Corporation (78)
    Entity Status:Active
    Formation Date:05/31/2011
    NV Business ID:NV20111363274
    Termination Date: Perpetual
    Annual Report Due Date:5/31/2022

LTNC was, at all relevant times, also subject to Bylaws specifically stating that the corporation shall be deemed a Nevada Corporation. [1]

4. With regard to Paragraph 3, Third-Party Defendants admit that the Company was formed in Nevada in January 2021 but deny that anything was "moved" without proper authorization.

5. With regard to Paragraph 4, Third-Party Defendants admit that LTNC became the sole shareholder of Takeover. Third-Party Defendants deny that the terms and conditions of that purchase are adequately reflected in this Paragraph and, therefore, deny the remainder.

---

[1] Undersigned counsel for these Third-Party Defendants raised this issue with Holley's counsel and asked that the Third-Party Complaint be amended to remove the improper citations to and reliance on Wyoming and/or the Wyoming Business Corporation Act (the "Wyoming Act"). The amendment was never made.

For efficiency only, Third-Party Defendants have chosen not to file a Rule 12(b)(6) motion on this particular issue and, instead, preserve the record by seeking a proper amendment to the correct state references and applicable law(s).

6. Third-Party Defendants admit the domicile allegations in Paragraphs 5-7.

7. With regard to Paragraph 8, Third-Party Defendants agree that Takeover and each Third-Party Defendant has consented to personal jurisdiction by this Court. These parties do not admit the stated basis for jurisdiction but do not deny personal jurisdiction. Third-Party Defendant McBride is represented by separate and independent counsel, and Third-Party Defendants are without sufficient information to affirm or deny whether Mr. McBride is subject to the personal jurisdiction of this Court.

8. Third-Party Defendants admit the allegations in Paragraph 9.

9. With regard to Paragraph 10, Third-Party Defendants are without sufficient information to affirm or deny Holley and McBride's "original intent" and, thus, deny that allegation. Third-Party Defendants admit that Takeover is a subchapter s corporation.

10. Third-Party Defendants deny the facts, interpretation, and the implications contained in Paragraph 11.

11. Third-Party Defendants deny Paragraph 12 in its entirety.

12. With regard to Paragraph 13, Third-Party Defendants admits that Holley and McBride originally agreed to compensate themselves in the amount of $240,000 annually but affirmatively state that the compensation structure changed when Messrs. Pavlik and Tucker became involved. Third-Party Defendants deny the remaining allegations contained in this Paragraph.

13. Third-Party Defendants deny the facts, interpretation, and the implications contained in Paragraph 14 entirely.

14. With regard to Paragraph 15, Third-Party Defendants expressly deny that payments were duly authorized and deny that Takeover's books were properly kept by Holley when that was his job/role in the Company. Third-Party Defendants admits that Mr. Holley paid himself at least $278,000, but there were multiple other payments he made to himself and for his benefit that are not included in this figure.

15. Third-Party Defendants admit the substance of the allegations contained in Paragraph 16 but dispute the timing.

16. With regard to Paragraph 17, Third-Party Defendants admit that this is <u>one</u> term of the Stock Purchase Agreement.

17. With regard to Paragraph 18, Third-Party Defendants admit that this allegation accurately reflects <u>one</u> term of the Stock Purchase Agreement.

18. With regard to Paragraphs 19-20, Third-Party Defendants admit the allegations so far as they reflect citation to LTNC's public records, but Third-Party Defendants deny the remaining allegations in these Paragraphs, including the applicability of the voting power to this lawsuit or the Counterclaims.

19. Third-Party Defendants admit the allegations in Paragraphs 21-22 but deny that the voting power applies to this lawsuit or any of the Counterclaims at issue.

20. Third-Party Defendants admit the allegations of Paragraph 23.

21. Third-Party Defendants admit the allegations of Paragraph 24.

22. Third-Party Defendants admit the allegations of Paragraph 25.

23. With regard to Paragraph 26, Third-Party Defendants admit that Tucker was originally a consultant rendering services to Takeover. Third-Party Defendants, and expressly Tucker, deny that Tucker "did not accept his appointment to Takeover's board and the role of President until November 2021."

24. With regard to Paragraph 27, Third-Party Defendants believe that these are terms contained in the Agreement that is referenced but are without sufficient information to admit or deny the full scope and realm of the Agreement. Third-Party Defendants allege that Defendant Holley testified in early proceedings in this case that he accepted $500,000 to sell Labor Smart for "actually nothing," suggesting that it was an inteional scam sale by Mr. Holley.

25. Third-Party Defendants admit the allegations of Paragraph 28.

- 4 -

26. With regard to Paragraph 29, Third-Party Defendants expressly deny that compensation was modified in November 2021. Third-Party Defendants allege that the parties' written agreement of **July 2021** (formalized by signatures in August 2021) governed, and that that the monthly payments, draws and/or salary of Messrs. Holley, McBride, Pavlik and Tucker would be thereafter "equal to each other…."

27. Third-Party Defendants admit the allegations of Paragraphs 30-31.

28. Third-Party Defendants deny the allegations contained in Paragraphs 32-38.

29. With regard to Paragraph 39, Third-Party Defendants deny the allegations and affirmatively state that neither Takeover nor LTNC is a Wyoming entity, and neither entity is controlled by "the Wyoming Act."

30. With regard to Paragraphs 40-41, Third-Party Defendants deny the allegations and implications and affirmatively state that the actions taken were done properly and in accordance with the relevant Nevada state law and the Bylaws of LTNC; Third-Party Defendants deny any and all violations of the business judgment rule(s).

31. With regard to Paragraph 42, Third-Party Defendants deny any violation of the business judgment rule(s) and also deny harassment, improper actions, and/or corporate waste.

32. With regard to Paragraph 43, Third-Party Defendants deny any improper conduct and/or grossly negligent actions or omissions; Third-Party Defendants deny the applicability of Wyoming law to this matter. Third-Party Defendants further deny that LTNC has any derivative claims OR that the derivative claim is properly pled.

33. With regard to Paragraph 44, Third-Party Defendants deny the futility allegation and further state that Defendant Holley has intentionally and improperly applied state law/rules by failing to make a proper derivative demand prior to making these allegations.

/ / /

## THIRD-PARTY CLAIM I [2]

34. Paragraph 45 states incorporations, and Third-Party Defendants hereby incorporate every prior corresponding denial, admission, and/or averment as if restated.

35. With regard to Paragraph 46, Third-Party Defendants (once again) deny the applicability of Wyoming law (or the "Wyoming Act") in this lawsuit. Third-Party Defendants expressly deny any breaches of the fiduciary duties of care and loyalty owed to LTNC. They deny that the "derivative claim" is proper or that Defendant Holley has standing, and their Motion to Dismiss shall be incorporated here as if repeated verbatim.

36. Third-Party Defendants deny the allegations contained in Paragraphs 47-60; Third-Party Defendants further deny the applicability of Wyoming law/the Wyoming Act in this lawsuit, and their Motion to Dismiss shall be incorporated as if restated here.

## THIRD-PARTY CLAIM II

37. With regard to Paragraph 61, which only states incorporations, the Tucker Third-Party Defendants hereby incorporate every prior corresponding denial, admission, and/or averment as if restated here.

38. The Tucker Defendants deny the allegations contained in Paragraphs 62-69 and incorporate their Motion to Dismiss as if repeated here verbatim.

## THIRD-PARTY CLAIM III

39. With regard to Paragraph 70, which only states incorporations, the Tucker Third-Party Defendants hereby incorporate every prior corresponding denial, admission, and/or averment as if restated here.

40. The Tucker Defendants deny the allegations contained in Paragraphs 71-73 and incorporate their Motion to Dismiss as if repeated here verbatim.

---

[2] Third-Party Claims I-III are expressly addressed in the Motion to Dismiss filed this same date, and the denials of the allegations here shall not be read as a waiver of that request for dismissal. These denials are included in an abundance of caution.

## THIRD-PARTY CLAIM IV

41. With regard to Paragraph 74, which states incorporations, Third-Party Defendants hereby incorporate every prior corresponding denial, admission, and/or averment as if restated here.

42. With regard to Paragraph 75, Third-Party Defendants expressly deny the authorization or ratification of the acts committed by Defendant Holley.

43. With regard to Paragraphs 76-77, the allegations are aimed solely at acts taken by Third-Party Defendant Toby McBride, and these Third-Party Defendants deny the allegation only upon information and belief (and based upon McBride's prior sworn declaration(s).

44. Third-Party Defendants deny the allegations contained in Paragraph 78.

## AFFIRMATIVE DEFENSES

45. Any allegations that are not expressly admitted hereby shall be deemed denied in their entirety by the Third-Party Defendants.

46. Third-Party Defendants further affirmatively defend on (at least) the following grounds:

   a. Third-Party Claims I-III are subject to dismissal for lack of standing and failure to make proper derivative demand(s).

   b. All of the Third-Party Claims fail to state claims for which relief can be granted against the Third-Party Defendants as a matter of law.

   c. Third-Party Defendants hereby reserve all statutory defenses available under the Nevada Corporation Act.

   d. Any and all alleged damages to Holley were caused, in part or whole, by Defendant Holley's own negligence and/or misconduct and/or breach of duties, requiring a reduction in any liability by any of the Third-Party Defendants.

  e. Without admitting that Third-Party Defendants have any liability, to the extent that any payment(s) are due to Defendant Holley, those sums are subject to setoff or recoupment for sums owed by the Holley Defendants based on their own misconduct.

  f. The contract and/or quasi-contract Third-Party Claims are barred by Defendant Holley's first breach(es).

  g. At all times, the Third-Party Defendants took actions pursuant to the business judgment rule(s);

  h. Any and all actions taken by Third-Party Defendants were authorized, lawful and/or ratified in whole or part by the Board of Directors and/or Officers;

  i. Defendants Holley have failed to mitigate damages; and

  j. To the extent Defendants Holley seek equitable relief, the claims are barred by their unclean hands.

47. Third-Party Defendants expressly reserve the right to amend and/or to rely on additional affirmative defenses that may be discovered in the course of this litigation.

## **PRAYER FOR RELIEF**

WHEREFORE, Takeover having fully answered the Third-Party Claims asserted hereby respectfully requests judgment as follows:

  a. That the Third-Party Claims be dismissed, with prejudice, and that the Defendants Holley take nothing thereby;

  b. That Third-Party Defendants be granted damages in an amount to be proven at trial;

  c. That Third-Party Defendants be awarded their reasonable attorneys' fees and costs incurred herein; and

  d. That the Court award other such relief as it deems just and proper.

RESPECTFULLY SUBMITTED this 15th day of August, 2022.

**MANOLIO & FIRESTONE, PLC**

By: /s/ Veronica L. Manolio
Veronica L. Manolio
8686 E. San Alberto Dr., Suite 200
Scottsdale, Arizona 85258
*Attorneys for Takeover Industries, Inc.
and Third-Party Defendants
Pavlik and the Tuckers*