Paul M. Levine, Esq. (007202)
**PAUL M. LEVINE, P.C.**
8502 E. Via de Ventura, Suite 200
Scottsdale, Arizona 85258
Telephone:  (480) 302-4102
Facsimile:  (480) 300-4984
plevine@pmlevinepc.com
*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Labor Smart, Inc., | Case No. 2:22-cv-00357-PHX-JJT |
| Plaintiff, | |
| v. | **LABOR SMART, INC.'S RESPONSE TO MOTION TO DISMISS (PARTIAL)** |
| Jason and Melissa Tucker, | |
| Defendants. | (Before the Honorable J. Tuchi) |

Plaintiff, Labor Smart, Inc., through its counsel, submits its Response to Defendants

Motion to Dismiss (Partial). Defendants' Motion is untimely pursuant to Rule 12(b), Federal Rules

of Civil Procedure. For the additional reasons set forth below, the Motion should be denied. This

Response is supported by the attached Memorandum of Points and Authorities and the entire

record in their case.

### MEMORANDUM OF POINTS AND AUTHORITIES

### I.      LTNC's Original Complaint.

On May 20, 2022, LTNC filed its original Complaint against the Tuckers. (Doc. 38.)

1

On August 15, 2022, the Tuckers filed their Answer to the LTNC Complaint. (Doc. 58.)

**II.**     **LTNC's Amended Complaint.**

On September 19, 2022, LTNC filed its Amended Complaint. (Doc. 67.) The Amended Complaint identifies: **"Facts Common to All Counterclaims and Third-Party Claims"**. (Doc. 67, ¶ 16.) The Amended Complaint then makes specific allegations regarding: **"Takeover's Formation"** (¶s 10 – 16); **"LTNC's State of Incorporation"** (¶s 17 – 25); **"Takeover Becomes a WHolley-Owned Subsidiary of LTNC"** (¶s 26 – 39); **"Tucker, McBride and Pavlik Breached Their Fiduciary Duties by Unlawfully Freezing out Holley from the Company"** (¶s 40 – 52); and **"Demand Futility Allegations"** (¶s 53 – 54).

Third-Party Claim I, which is the subject of the pending Motion, is a claim under Wyoming law, or in the alternative Nevada law, against Tucker for breach of fiduciary duty. The claim incorporates paragraphs 1 – 44. LTNC alleged, *inter alia*: (**a**) Tucker accepted a position on Takeover's Board of Directors as President in November 2021. (Doc. 67, ¶ 36); (**b**) Tucker was appointed to LTNC's Board of Directors on September 13, 2021. (Doc. 67, ¶ 38); and (**c**) Tucker (and non-parties McBride and Pavlik) removed Holley from LTNC's management. (Doc. 67, ¶ 41).

In Claim I, LTNC alleged:

(**a**) "Tucker owe[d] fiduciary duties of care and loyalty to LTNC, which required [Tucker] to, amongst other things, follow the law, use the Company's resources for the benefit of the Company, refrain from initiating insider transactions, and share information with other officers and directors so that business decisions can be made with the benefit of relevant information."

(Doc. 67, ¶ 57.)

**(b)** "Tucker [has] breached [his] fiduciary duties to LTNC by taking actions on behalf of LTNC and Takeover (LTNC's wHolley-owned subsidiary) without properly convening a meeting of their respective boards of directors or shareholders and in violation of the Nevada and Wyoming acts."

(Doc. 67, ¶ 62.)

**(c)** "Tucker breached [his] fiduciary duties to LTNC by causing the Company to lose the benefit of Holley's decades of management experience in the beverage industry based on false pretenses and for the express purpose of obtaining his Series A Preferred Shares for [his] personal benefit at the expense of Company resources."

(Doc. 67, ¶ 66.)

**(c)** "Such acts by… Tucker were, upon information and belief, were [sic] done for the personal benefit of… Tucker at the expense of Company resources, including, without limitations, amounts paid for the so-called 'independent investigation,' and this lawsuit."

(Doc. 67, ¶ 69.)

### III.        Defendants' Motion Is Untimely. [1]

Rule 12(b), Federal Rules of Civil Procedure, states that a motion asserting failure to state a claim upon which relief can be granted "must be made before pleading if a responsive pleading is allowed." Here, Defendants have already filed a responsive pleading, i.e., their Answer filed on August 15, 2022. (Doc. 58.) Therefore, the pending Motion is untimely and should be denied. See, *Lewis v. Schafer*, 571 F. Supp. 2d 54, 57 (D. Columbia 2008), ("Because the Defendant had previously filed an answer, he is precluded from now filing a motion to dismiss pursuant to Fed. R. Civ. ¶ 12(b)(6). Therefore, his Motion to Dismiss pursuant to Rule 12(b)(6) is denied and none

---

[1] Defendants have not filed their Answer to Claims II and III.

3

of the arguments it raised are addressed on the merits."); *Pascal v. Concentra, Inc.*, 2020 WL 4923974 (N.D. Calif. 2020), holding that an amended complaint does not revive the right to file a post answer motion to dismiss, with the exception that new claims may be attacked. Here, the Amended Complaint does not add any new claims.

**IV**.      **Legal Standard Re: Motion to Dismiss.[2]**

In reviewing a motion to dismiss, the court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the nonmoving party. *McGinity v. Proctor & Gamble Co.*, 2023 WL 3911531 (9th Cir. 2023). When considering a motion to dismiss, the general rule is that a complaint should not be dismissed on the pleadings unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief. *Gillespie v. Civiletti*, 629 F. 2d 637 (9th Cir. 1980). In evaluating a complaint, any doubt should be construed in favor of the plaintiff. *In re LBJ Healthcare Partners, Inc.*, 2017 WL 8180603 (C.D. Calif. 2017).

**V.**      **Defendants' Motion.**

Defendants seek dismissal of Claim I based on their claim that "the outstanding allegations of this Claim have all been rendered moot and/or they are provably false at this early pleading phase." (Doc. 134, p. 1). To support their argument, Defendants narrowly construe the Amended Complaint and focus solely on three (3) allegations. *First*, "there is no claim for an improper meeting or for removing Holley"; (Doc. 134, p. 6). *Second*, "there is no claim for 'obtaining'

---

[2] LTNC submits its Response to the pending Motion without prejudice to or waiver of its argument that the Motion is untimely and should be summarily denied.

Holley's preferred shares"; (Doc. 134. p. 7). ***Third***, "there is no claim for 'failing to pay taxes' in Wyoming"; (Doc. 134, p. 7). Defendants and their counsel claim that Claim I "is frivolous and violates Rule 11(b) FRCP" and seek an award of attorneys' fees and costs. (Doc. 134, p. 2.)[3] Claim I is a tort claim and there is no authority, nor has counsel cited to any authority (other than a purported violation of Rule 11), for an award of attorney's fees.

Defendant's Motion focuses on a few very limited allegations in the Amended Complaint, i.e., paragraphs 62, 64, 65, 66 and 71. (Motion, ¶ 3.) Paragraphs 62, 64, 66 and 71 are ***not*** limited to any specific conduct. All of these allegations concern Tucker's breach of fiduciary duties because: (**i**) Tucker took actions on behalf of LTNC and Takeover without properly convening a meeting of the boards of directors or shareholders. (¶ 62.); (**ii**) Tucker froze Holley out from management and failed to give LTNC's shareholders an opportunity to vote. (¶ 64.); (**iii**) Tucker caused LTNC to lose the benefit of Holley's decades of management experience in the beverage industry based on false pretenses. (¶ 66.); and (**iv**) Tucker damaged LTNC by the expenditure of corporate resources. (¶ 71.) None of these allegations are as limiting as Defendants suggest.

### A.     "Improper Meeting or for Removing Holley" (Motion, p. 6).

Defendants argue that because Holley was reinstated to the Board of Directors of LTNC on *November 7, 2022*, the claim should fail because "Holley (and the others) resorted to self-help

---

[3] It is unclear whether Defendants' counsel is seeking sanctions pursuant to Rule 11(b). Without prejudice to any argument or claim, undersigned counsel denies any violation of Rule 11. It is more than ironic that this case started when Defendants' counsel filed a Complaint on behalf of Takeover Industries, Inc. After counsel's voluntary withdrawal due to a conflict of interest when counsel attempted to represent both Takeover and the Tuckers, the Complaint was dismissed because it lacked any factual support.

and can no longer maintain a cause of action when they rectified all of the items allegedly causing damages." (Motion, ¶ 7.) The Amended Complaint alleges LTNC was damaged when Holley was improperly removed from the LTNC Board of Directors on *December 28, 2021*. (Doc. 67, ¶ 47.) Defendants fail to explain why reinstatement of Holley to the Board of Directors more than 10 months after he was improperly removed somehow vitiates or cures the conduct. It does not. Holley's reinstatement no more cures the bad act than a kidnapper who returns a child to his family after keeping the child for months.

### B.       "Obtaining Holley's Preferred Shares" (Motion, p. 7).

Defendants cite only a limited portion of paragraph 66 of the Amended Complaint, i.e., "for the express purpose of obtaining [Holley's] Series a Preferred Shares." The full text of the allegation is as follows:

> 66. McBride, Pavlik and Tucker breached their fiduciary duties to LTNC by causing the Company to lose the benefit of Holley's decades of management experience in the beverage industry based on false pretenses *and* for the express purpose of obtaining his Series A Preferred Shares for their personal benefit at the expense of Company resources.

Defendants argue that because "Mr. Holley has publicly affirmed that he 'owned 17 shares' of the Company's Series A Preferred Stock,…", LTNC has not been damaged. However, this argument completely ignores the allegation that Tucker caused "the Company to lose the benefit of Holley's decades of management experience in the beverage industry based on false pretenses". (Doc. 67, ¶ 66.)

6

C.       **"Failing to Pay Taxes in Wyoming" (Motion,** p. **7).**

Defendants devote almost two pages of their Motion to this argument. However, even

assuming, *arguendo*, it is true that Defendant "had no involvement in causing registration in

Wyoming nor the alleged 'administrative action' in Wyoming", (Motion, p. 9), this is not

justification for dismissal of Claim I. As noted above, Claim I contains many factual allegations

that have nothing to do with "failing to pay taxes in Wyoming".

**VI.        Conclusion.**

Claim I of the Amended Complaint sets forth a claim upon which relief can be granted.

The allegations in Claim I more than satisfy the legal standard for pleading a claim upon which

relief can be granted. Defendants have not established beyond doubt that LTNC can prove no set

of facts in support of the claim which would entitle it to relief. The Motion should be denied.[4]

Respectfully submitted this 30th day of June, 2023.


**PAUL M. LEVINE, P.C.**

By:   /s/ Paul M. Levine
      Paul M. Levine
      8502 E. Via de Ventura, Suite 200
      Scottsdale, Arizona 85258
      *Attorneys for Plaintiff*

---

[4] LTNC intends to file a Motion to Supplement the Amended Complaint, pursuant to Rule 15(d), Federal Rules of Civil Procedure, based on facts that happened after filing the Amended Complaint.

CERTIFICATE OF SERVICE

       I hereby certify that on the 30th day of June, 2023, I caused my office to electronically transmit the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following counsel/parties in this matter:

Jennifer A. Reiter
Reiter Law, PLC
4500 N. 32nd St. Suite 201H
Phoenix, AZ 85018
jenreiter@reiterlawaz.com
*Attorneys for Third Party Defendant Toby McBride*

Matthew P. Canini
Sills Cummis & Gross PC
101 Park Avenue, 28th Fl.
New York, NY 10178
mcanini@sillscummis.com

Robert McKirgan
Papetti Samuels Weiss McKirgan LLP
Scottsdale Quarter
15169 North Scottsdale Road, Suite 205
Scottsdale, AZ 85254
rmckirgan@PSWMlaw.com

Bruce Samuels
Papetti Samuels Weiss McKirgan LLP
Scottsdale Quarter
15169 North Scottsdale Road, Suite 205
Scottsdale, AZ 85254
bsamuels@PSWMlaw.com

Attorneys for Defendant Holley

Veronica L. Manolio
8686 E. San Alberto Dr., Suite 200
Scottsdale, Arizona 85258
vmanolio@mf-firm.com
*Attorneys for Defendants Tucker*

*Dominika Dydo-Eyerman*