**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Labor Smart, Inc., | No. CV-22-00357-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Jason Tucker, *et al.*, | |
| Defendants. | |

At issue is Defendants Jason and Melissa Tucker's Motion to Dismiss (Partial) (Doc. 134), to which Plaintiff Labor Smart, Inc. ("LTNC") filed a Response (Doc. 138), and Defendants filed a Reply (Doc. 139). The Court has reviewed the parties' briefs and finds this matter appropriate for decision without oral argument, neither party having requested it in any event. *See* LRCiv 7.2(f). For the reasons set forth below, the Court grants Defendants' Motion and dismisses Claim I of the Amended Complaint (Doc. 67) with prejudice.

**I.    BACKGROUND**

For a case at the motion-to-dismiss stage, this one has a remarkably convoluted history. Here the Court will only briefly summarize the background of the case as relevant to the instant Motion. For a more fulsome summary, the Court refers the reader to its prior Orders, including the background section of its May 1, 2023 Order resolving the Joint Motion to Realign the Parties, Dismiss Parties, Amend the Third-Party Complaint, and Amend the Case Caption filed by LTNC and various former parties. (Doc. 129.)

Takeover Industries, Inc. ("Takeover") initiated this lawsuit in March 2022, asserting claims against Michael Holley and his wife, Chirene. (Doc. 1.[1]) In May 2022, Mr. Holley filed an Answer to Takeover's claims, along with counterclaims against Takeover and a Third-Party Complaint asserting claims "individually and derivatively on behalf of LTNC" against Jason and Melissa Tucker,[2] Toby McBride, and Joseph Pavlik. (Doc. 38.) LTNC is a publicly traded company originally formed under Nevada law and of which Takeover is a wholly owned subsidiary. The Tuckers filed a Motion to Dismiss the derivative third-party claims against them. (Doc. 60.) "[I]n abundance of caution," they also filed an Answer to the Third-Party Complaint. (*See* Doc. 58 at 6 n.2.) Mr. Holley subsequently amended the Third-Party Complaint. (Doc. 67.) The Tuckers then filed a Motion to Dismiss the amended Third-Party Complaint. (Doc. 75.) They did not, as they had with the original Third-Party Complaint, file an Answer to the amended Third-Party Complaint.

In February 2023, the claims and counterclaims among Takeover and the Holleys were dismissed with prejudice pursuant to a Stipulation by the parties. (Doc. 120.) Mr. Holley then voluntarily dismissed one of his third-party claims without prejudice as to all of the third-party defendants (Doc. 124) and moved to dismiss without prejudice each of his claims as against Messrs. Pavlik and McBride, which request the Court granted. (Doc. 129.) LTNC simultaneously moved to substitute in as Plaintiff in place of Mr. Holley in prosecuting the claims asserted against the Tuckers in the amended Third-Party Complaint, which were by then the only remaining claims in the case. (Doc. 124.) The Court granted this substitution and, for the sake of simplicity, directed that the amended Third-Party Complaint be referred to as the operative Amended Complaint going forward. In light of LTNC's substitution in Mr. Holley's place, the Court denied as moot the Tuckers' Motion to Dismiss and directed the Tuckers to file an Answer to the Amended Complaint.

---

[1] Ms. Holley was named in her capacity as part of the Holley marital community.

[2] Like Ms. Holley, Ms. Tucker was named as part of the Tucker marital community.

In lieu of answering, the Tuckers filed the instant Motion to Dismiss. They seek dismissal under Federal Rule of Civil Procedure 12(b)(6) of the first of the three remaining claims against them, to which the Court will refer as Claim I of the Amended Complaint. In this claim, LTNC alleges Jason Tucker[3] took various actions in breach of his fiduciary duties to LTNC. (Doc. 67 at 25–27.)

## II.  LEGAL STANDARD

Rule 12(b)(6) is designed to "test[] the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either: (1) the lack of a cognizable legal theory; or (2) the absence of sufficient factual allegations to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When analyzing a complaint for failure to state a claim, the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

"While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (cleaned up and citations omitted). Legal conclusions couched as factual allegations are not entitled to the assumption of truth and therefore are insufficient to defeat a motion to dismiss for failure to state a claim. *Iqbal*, 556 U.S. at 679-80. However, "a well-pleaded complaint may proceed even if it strikes a

---

[3] The Court will refer only to Jason Tucker, as Melissa Tucker was not involved in any of the actions alleged by LTNC.

savvy judge that actual proof of those facts is improbable, and that 'recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## III.   ANALYSIS

### A.   Timeliness

The first issue is timeliness. The Tuckers filed their Motion under Rule 12(b)(6), arguing that Claim I fails to state a claim upon which relief can be granted. The Motion responds to the Amended Complaint being prosecuted by LTNC. (Doc. 67.) LTNC argues the Motion is untimely because the Tuckers previously filed an Answer. (Doc. 58.) But, as the Tuckers note, they filed their Answer out of an "abundance of caution" and simultaneously with a prior Rule 12(b) motion. The Tuckers' Answer is no longer operative because it responded to a complaint that was subsequently amended, which the Tuckers have not since answered. Instead, they filed a Motion to Dismiss the Amended Complaint (Doc. 75), which was denied as moot upon LTNC's substitution as the plaintiff. Thus, there are really two potential timeliness issues: first, the propriety of filing a post-Answer Rule 12(b)(6) motion and second, the propriety of filing a successive Rule 12(b) motion.

These issues are immaterial. The Court has discretion to treat an untimely Rule 12(b)(6) motion as a motion under Rule 12(c). *See Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980); *In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 317–19 (9th Cir. 2017). A Rule 12(c) motion is considered "functionally identical" to a Rule 12(b)(6) motion and the same standard of review applies to motions under either rule. *Gregg v. Hawaii, Dep't of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017).

The Court may exercise such discretion with a possibly untimely motion when it does not appear to have been filed for any "strategically abusive purpose." *In re Apple*, 846 F.3d at 320. The Tuckers' current Motion to Dismiss was filed following the dismissal of their first Motion to Dismiss as moot. (Doc. 129.) The Tuckers do not appear to be acting with a strategically abusive purpose because the second Motion to Dismiss followed a dramatic realignment of the parties. As a result of this realignment, the merits of the first

1  Motion to Dismiss were not reached. Additionally, by reaching a decision on the merits of
2  the Tuckers' Motion, the Court will materially expedite the disposition of this already
3  lengthy litigation, which will benefit both parties. *See In re Apple*, 846 F.3d at 320. The
4  Court will elect to exercise its discretion and consider the merits of the motion.

### B. Governing Law

LTNC raises its claims for breach of fiduciary duty under Wyoming law, or in the alternative Nevada law. (Doc. 67 at 25–29.) Indeed, it has been disputed in this litigation whether LTNC remains a Nevada corporation or whether it is a Wyoming corporation. Yet the parties do not discuss this issue or provide citations to any Nevada or Wyoming caselaw in their briefing on the instant Motion. In any event, the Court need not resolve the question at this juncture because under Wyoming law or Nevada law, a claim for breach of fiduciary duty requires the same elements: (1) existence of a fiduciary duty, (2) breach of the duty, and (3) damages that result from the breach. *Guzman v. Johnson*, 438 P.3d 531, 538 (Nev. 2021); *In re J. Kent Kinniburgh Revocable Tr. Dated Jan. 27, 1992, as Amended and Restated*, 530 P.3d 579, 587 (Wyo. 2023). As courts in both jurisdictions treat these elements in a similar manner, the choice of law is not dispositive as to the resolution of this Motion.

Under Nevada law, directors and officers owe fiduciary duties of care and loyalty to the corporation. *Chur v. Eighth Jud. Dist. Ct. in and for Cnty. of Clark*, 458 P.3d 336, 340 (Nev. 2020). The duty of loyalty requires the board and its directors to maintain, in good faith, the corporation's and its shareholders' best interests over anyone else's interests. *In re Amerco Derivative Litig.*, 252 P.3d 681, 700–01, (Nev. 2011). A breach of fiduciary duty gives rise to liability for damages resulting from the breach. *Stalk v. Mushkin*, 199 P.3d 838, 843 (Nev. 2009). Suffering damages requires plaintiffs to be measurably worse off as a result of the defendant's actions. *See Brown v. Kinross Gold U.S.A., Inc.*, 531 F. Supp. 2d 1234, 1248 (D. Nev. 2008) (applying Nevada law).

Similarly, under Wyoming law, corporate officers have a fundamental duty of loyalty and fiduciary duty to their corporation. *Squaw Mountain Cattle Co. v. Bowen*, 804

P.2d 1292, 1296 (Wyo. 1991). Corporate directors have a duty to manage the affairs of the corporation in the best interests of the corporation and its shareholders. *Orthopaedics of Jackson Hole, P.C. v. Ford*, 250 P.3d 1092, 1104 (Wyo. 2011). Breach can occur when a party does not act in good faith or with fair dealings. *Gowdy v. Cook*, 455 P.3d 1201, 1208 (Wyo. 2020). Partial and imprudent decision making can be evidence of a breach of duty. *See Acorn v. Moncecchi*, 386 P.3d 739, 756 (Wyo. 2016). Like Nevada law, Wyoming law requires a measurable degree of damages resulting from the breach. *See Gowdy*, 455 P.3d at 1209. A plaintiff can be held liable for damages that resulted from the plaintiff's actions. *See Aimone v. Aimone*, 529 P.3d 35, 45 (Wyo. 2023).

As Nevada and Wyoming treat the elements of breach of fiduciary duty in a similar manner, the Court will conduct its analysis of the issue without further reference to the different state laws under which the claim arose.

**C.    Breach of Fiduciary Duty**

Even assuming LTNC has plausibly alleged the first two elements of its claim — that Mr. Tucker breached fiduciary duties owed to LTNC — the Court finds LTNC has not plausibly alleged the third element of damages. The plausibility of a claim derives from its well-pleaded factual allegations. *See Iqbal*, 566 U.S. at 664. LTNC has not alleged facts necessary to support a plausible finding of damages for Claim I.

LTNC first alleges that Mr. Tucker breached his fiduciary duty to it by taking actions to remove Mr. Holley from the LTNC board of directors without properly convening a meeting of the board as required by Nevada and Wyoming law. However, the Amended Complaint fails to allege LTNC suffered any measurable damages as a result of the alleged impropriety of Mr. Holley's removal beyond a vague reference to the expenditure of "corporate resources" on "unauthorized activities" — which circularly include the very act of removing Mr. Holley (who has since been reinstated) and an alleged transfer of Mr. Holley's shares (which, LTNC now implicitly concedes, he never actually lost). (*See* Doc. 138 at 5–6.) LTNC essentially asks the Court to speculate as to the harm that resulted from failing to follow proper board meeting procedures, but its allegation

1   "lacks the factual specificity required to raise a right to relief above the speculative level." *Rick-Mik Enters., Inc. v. Equilon Enters. LLC*, 532 F.3d 963, 973 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555). LTNC's claim that it was harmed through Mr. Tucker's improper convening of a board meeting fails to meet the plausibility standard.

LTNC next claims that Mr. Tucker breached his fiduciary duty by causing the company "to loose [sic] the benefit of Holley's decades of management experience in the beverage industry based on false pretenses." (Doc. 67 at 26.) This claim also fails to present a plausible allegation of measurable damages. LTNC again asks the Court to speculate as to what damages resulted from Mr. Holley's removal from the board of directors—to speculate about the concrete value of his "decades of management experience." However, the plausibility standard asks for "more than a sheer possibility" of harm. *See Iqbal*, 556 U.S. at 678. LTNC has done no more than ask the Court to accept the possibility the company was harmed by the loss of Mr. Holley's experience. It has provided no factual allegations that make this claim plausible rather than speculative. LTNC's claim that it was harmed by Mr. Holley's removal does not meet the plausibility standard.

LTNC's next claim is that Mr. Tucker removed Mr. Holley from the LTNC board "for the express purpose of obtaining his Series A Preferred Shares for [his] personal benefit." (Doc. 67 at 26.) However, LTNC never specifically alleges that Mr. Holley's Series A shares were actually taken from him. As noted, LTNC now implicitly concedes that a transfer of Mr. Holley's shares never in fact took place. (*See* Doc. 138 at 6.) LTNC has no plausible claim for damages when Mr. Holley has retained ownership of the shares. Nor does the Court understand, even if Mr. Tucker had taken Mr. Holley's shares, how that would result in harm to LTNC — the party Mr. Holley successfully sought to substitute in for him as operative Plaintiff.

LTNC's penultimate claim is that Mr. Tucker breached his fiduciary duty "by failing to pay LTNC's taxes to the State of Wyoming . . . which caused the State of Wyoming to take administrative action against LTNC." (Doc. 67 at 27.) The Court finds this claim again presents a conclusory allegation without a plausible claim for damages. LTNC states that

such information is "reflected in the public records." (Doc. 67 at 27.) However, as pointed out by the Tuckers, the Wyoming Secretary of State indicates that LTNC went into tax delinquency on January 2, 2021. (Doc. 134-1 at 3.) LTNC in its Amended Complaint alleges that Mr. Tucker was not appointed to the board of directors until September 13, 2021. (Doc. 67 at 21.) A court may consider "documents incorporated by reference in the complaint." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). LTNC's Amended Complaint incorporates and references the documents of the Secretary of State of Wyoming as part of the public record. Based on reference to those documents, and LTNC's allegation that Mr. Tucker was not appointed to its board until September 2021, it is simply not plausible that Mr. Tucker is liable for LTNC's failure to pay taxes in Wyoming when he was not part of the company when it went into tax delinquency. Tellingly, LTNC provides no meaningful defense of this claim in its Response. (*See* Doc. 138 at 7.)

Finally, LTNC argues that Mr. Tucker conducted all these actions for his "personal benefit." (Doc. 67 at 27.) However, the issue of damages looks at the impact of the actions on the allegedly injured party. Here, whether or not Mr. Tucker was made better off by his actions, LTNC still must allege specific factual allegations that show the company has been harmed by those same actions. LTNC has failed to present a plausible claim that Mr. Tucker is responsible for damages to LTNC. Therefore, the Court will dismiss Claim I of the Amended Complaint for failing to state a claim.

### D.    Leave to Amend

"[D]istrict courts are only required to grant leave to amend if a complaint can possibly be saved." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). The Court thus need not grant leave to amend if it determines that the pleading cannot be cured by the allegation of other facts. *See id.* at 1127.

The Court will not grant leave to amend in this case. It must be able to conceive of additional facts plausibly demonstrating damages that would support LTNC's claims of breach of fiduciary duty against Mr. Tucker. *See United States v. Corinthian Colls.*,

655 F.3d 984, 995 (9th Cir. 2011). It cannot do so here. As Claim I cannot be saved by the allegation of additional facts, the Court will not grant LTNC leave to amend.

**IT IS THEREFORE ORDERED** granting Defendants Jason and Melissa Tucker's Motion to Dismiss (Doc. 134). Claim I of Plaintiff Labor Smart, Inc.'s Amended Complaint (Doc. 67) is dismissed with prejudice.

Dated this 6th day of October, 2023.

Honorable John J. Tuchi
United States District Judge