LAW OFFICES
**MANOLIO & FIRESTONE, PLC**
8686 E. San Alberto Dr., Suite 200
Scottsdale, Arizona 85258
(480) 222-9100
vmanolio@mf-firm.com
Veronica L. Manolio, SBN 020230
*Attorneys for Defendants Tucker*

# IN THE UNITED STATES DISTRICT COURT
# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Labor Smart, Inc.<br><br>Plaintiff,<br><br>v.<br><br>Jason and Melissa Tucker,<br><br>Defendants. | Case No. 2:22-cv-00357-PHX-JJT<br><br>**DEFENDANT TUCKERS' MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT**<br><br>(Before the Honorable J. Tuchi) |

## I. INTRODUCTION

Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), Defendants Jason and Melissa Tucker respectfully ask this Court to set aside the Clerk's Entry of Default and allow the Tuckers to file a supplemental Answer to the amended third-party claims on file.

Good cause exists to set aside default because a comprehensive Answer to the claims is already on file. (Doc. 58). Although Plaintiff amended its pleadings, the claims asserted against the Tuckers are identical in Plaintiff's two filings. The Tuckers were mistaken in believing the earlier Answer was sufficient, and then undersigned counsel was out of town when the Court's Order on default was entered, making this the first opportunity counsel had to address this matter. Nonetheless, Plaintiff has been aware of the Tuckers' Answer/defenses, and no prejudice will result if default is set aside.

## II. RELEVANT FACTS

The third-party claims were originally lodged against the Tucker Defendants in May 2022 (Doc. 38). The Third-Party Complaint contained four (4) causes of action: Claim I for Breach of Fiduciary Duties, Claim II for Breach of Fiduciary Duties (against Mr. Tucker only), Claim III for Conversion, and Claim IV for Contribution. The Tuckers filed a comprehensive Answer on August 15, 2022 (Doc. 58). In conjunction with the Answer, the Tuckers also filed a partial motion to dismiss, but the Answer was filed "in an abundance of caution" to preserve the record.

In September 2022, the Third-Party Complaint was amended as part of an Amended Answer, Counterclaims and Third-Party pleading (Doc. 67). This time, the Tuckers filed a Motion to Dismiss (Docs. 74-75). Throughout Plaintiff's Response to the Motion to Dismiss, it continually complained that a motion was improper because an Answer had already been filed. (*See, e.g.*, Doc. 138). Plaintiff repeatedly told the Court that it should read the Tuckers' Answer (Doc. 58) as definitive and that Answer should be a basis to deny the Motion to Dismiss. *Id*.

Briefing on the Motion to Dismiss was completed in late 2022, but briefing on other/peripheral issues (like the Plaintiff realigning itself and dismissing various claims) occupied most of 2023. Finally, in October 2023, this Court ruled in favor of the Tuckers and dismissed Claim I of the Amended Third-Party Complaint (Doc. 140).

Since the ruling on dismissal, undersigned counsel has had multiple conversations with Plaintiff's counsel. *See*, Declaration of V. Manolio attached here as **Exhibit A**. Discussion centered on multiple work/inventory/housekeeping issues related to the business of Labor Smart (Takeover), potential settlement, and the Tuckers' impending Motion for Sanctions given that the Motion to Dismiss should not have been necessary. *Id*. Plaintiff's counsel **never** brought up an Answer, as it was clear that Plaintiff believed that the Tuckers had already formally answered by filing its prior Answer (Doc. 58).

On April 25, 2024, when this Court entered a *sua sponte* Order instructing Plaintiff to file for default or a status report, undersigned counsel was out of the country and unable to receive emails or electronic filing(s). *See*, **Exhibit A**. Similarly, when the Application for Default was filed on May 3, 2024, undersigned remained out of town. *Id*. Upon return, undersigned received the Order (Doc. 141), the Application (Doc. 142), and the Clerk's Entry of Default (Doc. 143) all simultaneously. *Id*. This is the first opportunity undersigned counsel has had to make this motion and/or request relief. *Id*.

### III. LAW AND ARGUMENT

Rule 55(c) Fed. R. Civ. P. permits this Court to set aside a clerk's entry of default in its discretion, by analyzing: (1) whether the party against whom default was entered "engaged in culpable conduct that led to the default"; (2) whether the defaulted party had a meritorious defense; or (3) whether reopening the default would prejudice the party in whose favor default was entered. *See, Franchise Holding, II, LLC v. Huntington Rest. Group, Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004). These factors are disjunctive, and the Court may set aside an entry of default based on any one of them. *Id*. at 926. Each one of these factors can easily be demonstrated as weighing in the Tuckers' favor, and this Court should find good cause to set aside the default accordingly.

***First***, the Tuckers did not engage in any conduct whatsoever that would make them culpable for the default. The Tuckers filed a full and comprehensive Answer to the claims against them as of August 2022 (Doc. 58). When Plaintiff wished to oppose the Tuckers' later-filed Motion to Dismiss, it repeatedly stressed that this Answer was definitive to the Third-Party Claims (Doc. 138). In fact, Plaintiff argued that its original Third-Party Claims were unchanged, and because the amended pleading did "not add any new claims," the Tuckers' prior Answer should stand. *Id*. at p. 4, ll. 3-4. The Tuckers agree that the original Third-Party claims and amended claims remain identical.

There is no doubt that the Court's Order on dismissal refused to let Plaintiff rely on the Answer to preclude analysis of the Motion to Dismiss (Doc. 140), and undersigned even acknowledges that a subsequent Answer should have been filed for clarity and completeness of the record. *See*, **Exhibit A**. However, the Tuckers did not fail to answer as a strategy or for any improper reason; Plaintiff turned its attention to settlement efforts after having lost the Motion to Dismiss and knowing that a Motion for Sanctions was forthcoming. *Id*. The Tuckers followed that lead and engaged in such discussions. *Id*. Throughout multiple discussions with the Tuckers and Plaintiff's representatives (personally) and between Plaintiff's counsel and undersigned, Plaintiff never even **suggested** that an Answer was necessary or that moving the litigation forward was its goal. *Id*. Any and all discussions from October of last year to date have centered on settlement (and/or Plaintiff's failure to pay bills it owes). *Id*.

When this Court sent out its Order on April 25th, Plaintiff had the perfect opportunity to provide a "status report" to the Court and inform that it had only been focused on settlement (not litigation). Plaintiff, instead, chose to take the low road and file for default. Plaintiff's choice did not make the Tuckers culpable of wrongdoing. Unfortunately, with undersigned being out of town/incapable of responding quickly, the Tuckers have been caught in this predicament <u>without any fault</u> of their own.[1]

---

[1] Because the Court makes the default assessment on a discretionary basis, and because *culpability* is an issue, this Court should also consider that Plaintiff is now attempting to thwart the Tuckers' separate businesses, Battleship Stance and Oak Creek Wellness, Inc., from removing a hold restriction that would allow those businesses to sell stock owned in Labor Smart/Plaintiff. *See*, **Exhibit A**. According to the fiduciary (Clear Trust, LLC), Plaintiff's counsel, Paul Levine, reported that entities owned by the Tuckers are in "litigation," referring to this lawsuit. *Id*. Plaintiff (and Mr. Levine) know full well that neither of these entities is a party to this lawsuit, and Plaintiff and its counsel mislead Clear Trust solely to thwart the Tuckers' entities from being able to sell their stock. *Id*. Nothing could be more indicative of **Plaintiff's** culpability and ongoing misdeeds. The Tuckers have done nothing wrong but continue to be harmed by Plaintiff.

***Second***, the Tuckers have meritorious defenses and significant evidence to submit. As this Court knows from the multitude of pleadings/proceedings that have already ensued in this matter, Jason Tucker was originally the President of Takeover and on the Board of Directors of Labor Smart and was ousted when Michael Holley, Toby McBride, and Jospeh Pavlik chose to "align" themselves against Mr. Tucker. (*See, e.g.*, Doc. 129, ruling on the "Joint Motion to Realign the Parties). Plaintiff made "false and misleading" representations to the District of Nevada Court about the status of this litigation, and this Court also noted that it had valid reason to "suspect gamesmanship" by the Plaintiff in seeking realignment and ousting Mr. Tucker (Doc. 129 at pp. 5-6, 9).

This Court was right to suspect gamesmanship early on, and that gamesmanship still continues to this day. Plaintiff knows full well that Mr. Tucker disputes the improper termination of his rights, that Mr. Tucker disputes having mismanaged Labor Smart funds, and that evidence exists to dispute allegations made against him. *See*, **Exhibit A**. Undersigned counsel provided significant evidence to Mr. Levine (for Plaintiff) when making a proper Rule 11 request, seeking that Plaintiff voluntarily dismiss the claims against the Tuckers. *Id*. Much of the financial data and proof that Mr. Tucker did not spend/take/convert any funds for his own personal benefit was also provided to the purported new "management" of Labor Smart, in direct settlement communications (which removed counsel from the equation, further trying to find resolution). *Id*.

Simply put, the Tuckers have meritorious defenses AND evidence to dispute the claims, and Plaintiff and its counsel knew this full well when filing the bad faith request for default. This, too, should be considered as a good cause reason to set aside default.

***Third***, Plaintiff cannot demonstrate any prejudice whatsoever if the court sets aside default. Plaintiff has done nothing to prosecute its claims and has never even suggested that the Tuckers are the reason Plaintiff has "sat on its hands." Plaintiff has only tried to strong-arm the Tuckers into settlement, knowing the Tuckers have a strong

- 5 -

1  and valid Motion for Sanctions (based on the Motion to Dismiss) and strong evidence to
2  disprove the allegations of theft/conversion by Mr. Tucker. *See*, **Exhibit A**. Moreover,
3  Plaintiff has known the Tuckers' affirmative defenses and responses to the allegations
4  since August **2022**, when the original Answer and Motion to Dismiss were filed. Plaintiff
5  learned more about the Tuckers' positions when undersigned sent a detailed, evidence-
6  laden Rule 11 letter to Paul Levine in May **2023**. *See*, **Exhibit A**. Plaintiff further
7  received additional information and evidence about the Tuckers' defenses when it sent
8  out its "representatives," Labor Smart Directors Luis Sequeira and Tom Fitzgerald, Sr.,
9  trying to get Mr. Tucker to settle this lawsuit. *Id*.

The reality here is that Plaintiff has had knowledge and evidence of the Tuckers' defenses for nearly 2 years now. Plaintiff has intentionally ignored the reality of this case while it plays games by changing ownership, re-pledging Labor Smart ownership and stock, and changing the Board of Directors multiple times without following corporate formalities or observing shareholders' rights.

Plaintiff will not suffer any prejudice if the default is set aside, but, conversely, the Tuckers will suffer greatly both in this case and if Plaintiff continues to play games by thwarting the Tuckers' business entities from selling Labor Smart stock.

### IV. CONCLUSION

Good cause exits to set aside the entry of default here because: the Tuckers did not engage in any (mis)conduct that would make them culpable for the default; the Tuckers have meritorious defenses and significant evidence to disprove the allegations against them; and, Plaintiff has been aware of the Tuckers' defenses and evidence for years. Nothing has been hidden or withheld from Plaintiff, and Plaintiff will not be prejudiced if default set aside.

Undersigned apologizes for the delay here and respectfully asks this Court to set

aside the default and allow the Tuckers to immediately file a supplemental/new Answer to specifically address the amended version of the Third-Party claims.

RESPECTFULLY SUBMITTED this 16th day of May, 2024.

**MANOLIO & FIRESTONE, PLC**

By: /s/ Veronica L. Manolio
Veronica L. Manolio
8686 E. San Alberto Dr., Suite 200
Scottsdale, Arizona 85258
*Attorneys for Defendants Tucker*