Paul M. Levine, Esq. (007202)
**PAUL M. LEVINE, P.C.**
8502 E. Via de Ventura, Suite 230
Scottsdale, Arizona 85258
Telephone: (480) 302.4102
Facsimile: (480) 300.4984
plevine@pmlevinepc.com

## UNTIED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Labor Smart, Inc, | Case No.  CV-22-00357 PHX-JJT |
| Plaintiff, | |
| v. | **PLAINTIFF'S RESPONSE TO TUCKERS' MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT** |
| Jason Tucker et al., | |
| Defendants. | |

Plaintiff, Labor Smart, Inc., through its counsel, submits its Response to Tuckers' Motion to Set Aside Clerk's Entry of Default. For the reasons set forth below, the Motion should be denied. This Response is supported by the attached Memorandum of Points and Authorities and the entire record in this case.

### MEMORANDUM OF POINTS AND AUTHORITIES

### I.      Procedural Background.

On March 8, 2022, Tuckers' counsel initiated this case by the filing of the Complaint on behalf of Takeover Industries, Inc. On November 22, 2022, counsel filed her Motion to Withdraw as Plaintiff's attorney. (Doc. 96.) In a Declaration in support of the Motion, counsel states: "I have never prioritized Mr. Tucker, individually, over the Company, and

I have always believed that the Company and the Tuckers' interests were aligned." (Doc. 96- 3.)[1] Obviously, that is no longer the case.

On **April 28, 2023**, this court entered its Order stating, among other things: "Defendants Jason and Melissa Tucker shall file an Answer to the Amended Complaint (Doc. 67) within the time provided under the Federal Rules of Civil Procedure." Defendants failed to comply with the Order. An Answer to the Amended Complaint has never been filed.

On **October 6, 2023**, this court entered another Order which states, in pertinent part, as follows:

> [A]s the Tuckers note, they filed their Answer out of an 'abundance of caution' and simultaneously with a prior Rule 12(b) motion. The *Tuckers' Answer is no longer operative because it responded to a complaint that was subsequently amended, which the Tuckers have not since answered.*

(Doc. 140, p. 4.)

Since April 28, 2023, the Tuckers have failed to comply with the Order directing them to file an Answer to the Amended Complaint. Then, on October 6, 2023, the court specifically stated that the "Tuckers' Answer is no longer operative". The Tuckers ignored the court's warning that a prior Answer was "no longer operative". As this court noted in its April 25, 2024 Order (Doc. 141): "It has been almost 12 months since the Tucker Defendants were ordered to file an Answer to the Amended Complaint." Now, 13 months having passed since the court's April 28, 2023 Order, the Tuckers feel they should be excused from failing to file their Answer for 13 months.

---

[1] On November 11, 2022, Ms. Manolio also filed a Motion to Withdraw as attorney for Third-Party Defendant Joseph Pavlik. (Doc. 81.)

## II.     The Tucker Defendants Cannot Establish Good Cause Pursuant to Rule 55(c).

Defendants' counsel admits: "a subsequent Answer should have been filed for clarity and completeness of the record." (Doc. 144, p. 4.) "[I]t would be my mistake for not having seen the Court's Order or addressing this more timely." (Doc. 144-1, p. 3; Manolio Declaration.) Counsel gives no explanation why she did not comply with the April 28, 2023 Order (Doc. 67) or heed the warning from the October 6, 2023 Order (Doc. 140.) The failure to see the April 25, 2024 Order (Doc. 41) is no excuse for inaction over the past 13 months.

Defendants bear the burden to establish good cause to set aside the default. *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922 (9th Cir. 2004). In order to establish good cause, the court considers: (**a**) whether the defaulting party engaged in culpable conduct that led to the default; (**b**) whether the defaulting party has a meritorious defense; or (**c**) whether setting aside the default would prejudice the party who obtained it. *Benny v. Pipes*, 799 F. 2d 489, 494 (9th Cir. 1986). These factors are disjunctive. The court may deny a Rule 55(c) motion if it finds any of the foregoing factors. *Siemens Medical Solutions USA, Inc. v. Sequoia Technologies*, 2006 WL 8441197 (D. Ariz. 2006), citing *Benny, supra.*

### (a)     Defendants Engaged in "Culpable Conduct" That Led to the Default.

The question of whether the defaulting party's conduct was culpable and led to the default judgment turns on whether or not it received actual or constructive notice of the filing of the action. *Peña v. Seguros La Comercial, S.A.*, 770 F. 2d 811 (9th Cir. 1985). Here, there is no question that the Tuckers had notice of the action. In fact, the court specifically ordered them to file their Answer.

Since April 28, 2023, Defendants failed to file their Answer despite being ordered to do so. That conduct is culpable. In *Franchise Holding*, the court held that defendant's

failure to seek an extension of time for filing a responsive pleading was culpable conduct. "If a defendant 'has received actual or constructive notice of the filing of the action and failed to answer,' its conduct is culpable." *Id*., p. 926. This standard applies particularly here, because the Tuckers were represented by sophisticated and experienced counsel. Culpable conduct "applies when the defaulting party is legally sophisticated or represented by counsel because '[w]hen considering a legally sophisticated party's culpability in a default, an understanding of the consequences of its actions may be assumed, and with it, intentionality.'" *Lowery v. Barcklay*, 2014 WL 47349 (D. Ariz.) What could be more culpable than ignoring a direct court order?

"If the Court finds that default was entered as a result of defendant's culpable conduct, it need not consider whether a meritorious defense exists or whether plaintiffs would be prejudiced if the default were set aside." *Siemens Medical*, \*9, citing *Benny, supra*.

### (b)  Defendants Have *Not* Shown a "Meritorious Defense".

Without prejudice to Plaintiff's argument above, Plaintiff addresses the issue of whether the Tuckers have shown a meritorious defense. Defendants have not shown specific facts to suggest they have a meritorious defense. A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. U.*S. v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F. 3d 1085 (9th Cir. 2010).

Rather than showing specific facts to support a meritorious defense, Defendants argue: "Plaintiff knows full well that Mr. Tucker disputes the improper termination of his rights, that Mr. Tucker disputes having mismanaged Labor Smart funds, and that evidence exists to dispute allegations made against him." (Motion, p. 5.) Defendants also refer to Exhibit A (Declaration of Veronica L. Manolio). However, disputing allegations is not what is required to show a "meritorious defense". Defendants must show "specific facts".

"The showing of a meritorious defense that is necessary to set aside a default requires more than the bare legal conclusions set forth in defendants' proposed answer." *Howarth v. Patterson*, 2020 WL 888292 (D. Ariz.), citing *Breuer Elec. Mtg. Co. v. Toronado Systems of America, Inc*., 687 F. 2d 182 (7th Cir. 1982).

Defendants refer to the Answer to Third Party Claims filed by Third-Party Defendants Jason Pavlik and the Tuckers (Doc. 58). However, that Answer is nothing more than a general denial of allegations and it is not verified. "A 'mere general denial without facts to support it' is not enough to justify vacating a default or default judgment." *Franchise Holding*, p. 926, citing *Madsen v. Bumb*, 419 F. 2d 4 (9th Cir. 1969).

Counsel's Declaration is also unavailing and insufficient to support a claim of a meritorious defense. The Declaration merely states: "The Tuckers have meritorious defenses to the claims asserted against them." (Doc. 144-1, p. 3, ¶ 17, l: 20-21.) The Declaration does not make any reference to ***specific facts*** that would constitute a potentially meritorious defense.

The Third Party Claims against the Tuckers are: Breach of Fiduciary Duty Under Wyoming Law (Claim I), Breach of Fiduciary Duty under Wyoming Law (Claim II), Conversion (Claim III) and Contribution (Claim IV). (Doc. 38.) All of these allegations are contained in paragraphs 45 – 78. As to these allegations, Defendants made a general denial and failed to state any specific facts to support a meritorious defense to any of these claims. (See Doc. 58, ¶'s 34 – 44.)

### (c) Setting Aside the Default Would Prejudice Plaintiff.

While Defendants argue that Plaintiff cannot demonstrate any prejudice if the court sets aside the default, Defendants ignore that this case was filed by the Tuckers' current counsel. Having to continue to litigate a case that the current management team never initiated or approved is prejudicial to Plaintiff.

### III.   Conclusion.

Defendants have failed to show good cause to set aside the default. Defendants have engaged in culpable conduct because they failed to file an Answer for more than one year after being ordered to do so. Further, Defendants have not alleged any specific facts to support a meritorious defense. The court should deny Defendants' Motion.

Respectfully submitted this 30th day of May, 2024.

**PAUL M. LEVINE, P.C.**

By  */s/ Paul M. Levine*
Paul M. Levine
Attorney for Labor Smart, Inc.

**ELECTRONICALLY FILED**
this 30th day of May, 2024.

**EMAILED** this 30th day of May, 2024

Veronica L. Manolio
8686 E. San Alberto Dr., Suite 200
Scottsdale, Arizona 85258
vmanolio@mf-firm.com
*Attorneys for Defendants Tucker*

 */s/ Libby Dwyer*