

8686 E. San Alberto Drive, Suite 200
Scottsdale, Arizona  85258
T 480.222.9100 / F 480.222.9106

Veronica L. Manolio
vmanolio@mf-firm.com

May 10, 2023

Mr. Paul Levine
Paul M. Levine, P.C.
8502 E. Via de Ventura, Suite 200
Scottsdale, Arizona  85258

***Sent Via Email Only to:***
plevine@pmlevinepc.com

**Re:**   ***Labor Smart, Inc. v. Jason Tucker*, 22-cv-00357-JJT**

Dear Paul,

Thank you very much for your email yesterday and for broaching the topic of global resolution of claims.  I note that your email talks about resolution between "[y]our clients" and Mr. Tucker and Mr. Pavlik.  While you identify Labor Smart, Takeover Industries, and Mr. Pavlik giving you "authority" for the proposal, I have no idea if that is intended to include Messrs. Holley and McBride, individually.  Likewise, I do not know ***who*** you mean when you claim you have been given authority from Labor Smart and Takeover Industries. There are now multiple sources of information about who has authority to speak for/control these two entities.  Corporate registration documentation continues to show Toby McBride, Jason Tucker, and Joseph Pavlik as the Directors of Labor Smart, with Michael Costello remaining as the CEO, and it still shows Messrs. McBride, Holley and Pavlik as the Directors of Takeover Industries, Inc.  On the other hand, documents from the Florida federal litigation (23-cv-60023-RS) show Messrs. McBride, Holley and Pavlik agreeing to "step down" from Officer positions of both Labor Smart and Takeover Industries, with Luis A. Sequeria, Manny Pacquiao, and Tom Zarro all being "added to the board of directors of Labor Smart and Takeover…."

As Judge Tuchi noted in the May 1st ruling (Doc. 129), nobody on your side has produced evidence of any "actual authority to sue on [Labor Smart's] behalf."  *Id*. at p. 7. While that was sufficient to withstand a Motion to Dismiss, at some point Labor Smart will need to demonstrate who is running this litigation and/or approving the vast expense of multiple lawyers.  For now, as Judge Tuchi recognized, your (collective) clients' actions are suspect of "gamesmanship," leaving everyone to see the "bizarre history" of the parties and positions at issue.  *Id*. at p. 8.

Mr. Paul Levine
May 10, 2023
Page 2

Suffice it to say, my clients are not comfortable relying on any offers/proposals for settlement without knowing **precisely** who is included in your "authority."  Any type of global settlement would require inclusion of **all** the alleged officers/directors of both Takeover and Labor Smart to avoid future litigation about authority to settle claims.

Even if we were comfortable with **who** is making the current settlement offer, this letter is intended to address a more substantial issue – the implications of Rule 11 FRCP and 28 U.S. §1927 – on the existing/remaining claims in this lawsuit.[1]  While I may be in touch to make a counteroffer, contingent upon **everyone** being included in the documents, the significant Rule 11/investigation issues need to be addressed independently now.

**Background of this Request**

As you know, Rule 11(b) requires attorneys to conduct "an inquiry reasonable under the circumstances" of a matter.  Even an attorney like yourself, who did not originally file the Third Party Complaint (Doc. 67), which Judge Tuchi has now ruled is the operative "Amended Complaint" against the Tuckers (*see*, Doc. 129 at p. 12), has an ongoing duty to refrain from "later advocating" positions without making reasonable inquiry.  Such an inquiry requires attorneys to assess the "evidentiary support" for factual contentions.

When you came aboard in January of this year as counsel for Takeover Industries, I immediately raised an issue with you that Takeover had "taken over [the Tuckers'] email accounts" at takeoverind.com,  and that Toby McBride was using the Tuckers' accounts to conduct business.  We then spoke by phone, and I advised you of my fear that you were personally being used "as a pawn" to pursue pleadings filed before your involvement. While I did not mean to insult you, I implored you to review the Takeover accounting documents because you told me you did not have a clear understanding of the allegations in this suit.  I offered for you to come to my office and retrieve "the FULL Takeover file" from me, but I then proceeded to send you everything I had by Dropbox per your request. On January 17th, you verified for me that you would download all the documents I provided and would "be in touch."   I explained how Takeover used an outside accounting/ bookkeeping firm who maintained the financial records, and I provided you with contact information for Takeover's outside General Counsel and Accountant.

---

[1] I will not repeat the contents of your email here, since I recognize that you sent the offer subject to Rule 408, FRE.  On the other hand, this letter is sent pursuant to Rule 11 and U.S. §1927, and I specifically intend to rely on its contents if I need to file further pleadings/Motion(s) for Sanctions.  Pursuant to Rule 11(c)(1) ARCP, this letter should be considered as the Tuckers' "notice" that Rule 11(b) has been violated.

Mr. Paul Levine
May 10, 2023
Page 3

Since that time, you have represented to the Court that Takeover engaged in a "diligent" investigation into records of Labor Smart and Takeover. (Doc. 123 at pp. 8-9, Doc. 127 at pp. 8, 10). You represented repeatedly that your attempts to move forward as current counsel for Takeover and Labor Smart were based on the "diligent" investigations that had been conducted in the first few months of this year. *Id.*; *see also*, Doc. 123-1. Given those representations and the current stage of proceedings, I am specifically asking that you dismiss Claims I-III of the Amended Complaint, as any diligent investigation would have revealed that the fact allegations are undermined by the evidentiary support in your hands/at your disposal. To continue advocating these positions violates Rule 11(b)(2).

**Specific Allegations/Claims at Issue**

Again, please recognize that Judge Tuchi has now determined that Doc. 67 is proceeding as the operative/Amended Complaint against the Tuckers. Therefore, it is incumbent upon you (personally) to recognize the multiple allegations in that pleading that are demonstrably untrue. Because Messrs. McBride and Pavlik have now been voluntarily dismissed from the Amended Complaint, I ask you to assess Doc. 67 as if only asserted against Mr. Tucker.

**_Claim I_**

Boiled down to its simplest terms, "Claim I" asserts that Mr. Tucker caused:

1. Labor Smart to lose out on the benefits of Mr. Holley's experience "for the express purpose of obtaining [Holley's] Series A Preferred Shares" for his own benefit. Doc. 67 at ¶¶66.

2. Labor Smart's failure to pay taxes in Wyoming, which caused Wyoming to administratively dissolve Labor Smart's good standing in that state. *Id.* at ¶67.

3. Labor Smart to spend "Company resources" on the "independent investigation" that led to the lawsuit. *Id.* at ¶69.

4. Labor Smart to spend "corporate resources" on the "Ultra Virus Acts" of removing Mr. Holley as a Director of Labor Smart. *Id.* at ¶70.

As a result, Labor Smart seeks damages for the corporate resources that it expended on these activities. *Id.* at ¶71.

Mr. Paul Levine
May 10, 2023
Page 4

As counsel for Labor Smart, you are undoubtedly aware that Labor Smart has never been registered to do business in Wyoming under Mr. Tucker's time/involvement in the Company. *See,* **Exhibit 1** – Wyoming Secretary of State documentation for Labor Smart. Labor Smart was a Wyoming entity **before** Takeover "purchased" that entity, and well before Mr. Tucker was involved. The Amended Complaint explains that Messrs. Holley, McBride and Pavlik had acquired Labor Smart "on July 14, 2021," prior to the time that Mr. Tucker was a shareholder or director. Doc. 67 at ¶¶26-33. On July 14, 2021, Holley, McBride and Pavlik accepted $500,000 from "Labor Smart's former CEO" leaving Labor Smart with no other business operations (besides running Takeover). *Id*. at ¶38. At the time of that purchase, the Wyoming Labor Smart entity was already on notice of a "Delinquency" for 2021 Taxes that were unpaid as of January 2021. *See*, **Exhibit 1**. The initial filings in Wyoming list Mr. Pavlik as Labor Smart's President/Director, since my client was not even involved with Labor Smart at that time. *Id*.

On September 27, 2021, Labor Smart "reinstated" itself as a Nevada entity, listing a Cave Creek, Arizona address for the entity. *See*, **Exhibit 2**. As of that date, Labor Smart made it clear to the world its intent was to "REINSTATE" itself as a Nevada entity. *Id*. By the time Mr. Tucker was appointed to the Board of Directors of Labor Smart, he properly filed the 2022 Nevada registration (and paid the significant registration fees) for the Nevada entity. *Id*.

By every pleading/allegation/account of evidence, **Mr. Tucker was not involved in the transfer of Takeover acquiring Labor Smart.** *Id*. (Doc. 67) at ¶¶26-38. Anything and everything to do with Labor Smart prior to September 2021 was before Mr. Tucker's involvement with the Company, and he cannot be blamed for the Wyoming registration and/or alleged tax deficiency that occurred before his knowledge/involvement.[2]

Moreover, you/Labor Smart now know that nobody ever transferred any of the "Series A Preferred Shares" in Labor Smart, as was alleged. Mr. Holley still maintains those shares as of today. You also understand that Mr. Holley has been "reinstated" as a Director of Labor Smart, so the Company can no longer argue damages from losing his "decades of management experience in the beverage industry."

---

[2] It is also worth noting that the "Delinquency" is a mere $50 Tax Fee due to Wyoming. While the Amended Complaint suggests some damage based on the "administrative action" taken by Wyoming, please know this is not a true issue. Paperwork and a few hundred dollars could cure the administrative dissolution by Wyoming.

Mr. Paul Levine
May 10, 2023
Page 5

Regardless what Mr. Canini believed in September 2022 when he filed Doc. 67 on behalf of Michael Holley, you now have information and documentation to know more than he did.  By this time, you have **<u>definitive</u>** proof in-hand that:  a) Mr. Tucker was not an Officer of Labor Smart who failed to pay Wyoming taxes (nor has that caused any actual damage to Labor Smart); b) Labor Smart (in its current iteration) has always been registered as a <u>Nevada</u> entity, and Mr. Tucker properly maintained the Nevada registration; c) nobody transferred Mr. Holley's "Series A Preferred Shares" in Labor Smart to anyone else and/or took these shares from Mr. Holley; and, d) Mr. Holley remains a current Director of Labor Smart.  Therefore, the allegations in Claim I are either false and/or they fail to state any cause of action against Mr. Tucker for which relief could be granted.

### _Claims II-III_

Claims II and III are based on identical factual allegations, though one claim asserts a Breach of Fiduciary Duty and the other asserts Conversion.  These allegations are that Mr. Tucker sold shares of Labor Smart to Luis Sequeria (and/or his affiliates) in late 2021 and: a) he directed that Mr. Sequeria pay him, personally, rather than pay Labor Smart; and b) he "withheld" $75,000 of the purchase price.  Doc. 67 at ¶¶73-75, 79-80, 83-84.

Contrary to these allegations, accounting evidence **in your possession** proves that:

1.      Mr. Tucker directed Luis Sequeria to pay the "Private Placement" funds to CFP, Mr. Tucker's separate/consultant entity that was working to assist Takeover while "Holley became severely ill with COVID-19 and was hospitalized for a prolonged period." Doc. 67 at ¶40-42.  At that time, only Mr. Holley had access to Takeover's banking, but outstanding liabilities were due, and Mr. Tucker stepped in to assist.  _See, e.g.,_ Doc. 2-1.

2.      The $75,000 is properly accounted for/listed in the books of Takeover:

     a.      The original amount was paid to CFP on 11/2/21.

     b.      On 11/5/21, CFP transferred $25,000 into Takeover's account to ensure payment of any liabilities that would be automatically debited from Takeover;

     c.      On 11/18/21, CFP paid $10,000 to VGC Capital to investigate/provide an Accounting of the funds of Takeover;

     d.      On 11/22/21, CFP paid $25,000 to Nappy Boy Entertainment (T-Pain) for the contractual obligation owed by Takeover; and

     e.      On 11/24/21, CFP transferred the remaining $15,000 back into Takeover's primary account.  _See_ **Exhibit 3.**

Mr. Paul Levine
May 10, 2023
Page 6

Although I provide you with Mr. Tucker's copies of documentation (Exhibit 3), Takeover already possesses the banking records and bookkeeping and has had access to these same findings for **months** now.  More importantly, Mr. Tucker has personally discussed this claim of "conversion" with both Tom Zarro and Luis Sequeria (recently) and has personally walked them through the documentation to prove where the $75,000 was provided to Takeover/for Takeover.  Mr. Sequeria has repeatedly confirmed that he knew his original "placement" fee was being paid into CFP/Mr. Tucker's Company rather than into Takeover.  Mr. Sequeria agreed to make this transfer to CFP to assist Mr. Tucker while Mr. Tucker was trying to keep Takeover running/operational during Mr. Holley's illness and eventual hospitalization.  Mr. Sequeria offered to provide a Declaration to this effect, confirming that there was nothing nefarious nor clandestine about where Private Placement funds were sent.  So, in addition to reviewing the attached documents and verifying these payments against Takeover's own accounting/financial documents, I urge you to speak with Messrs. Sequeria and Zarro, who appear to be part of Labor Smart's Board.

I recognize that your Amended Complaint alleged $75,000 was withheld, but your PAC suggested that Mr. Tucker only "failed to deliver $55,000" to Takeover.  Regardless which version you intend to pursue, undisputed evidence in Takeover's possession proves that Mr. Tucker turned over **all** funds that were for Takeover's benefit.

On the other hand, evidence in Takeover's possession also demonstrates that Takeover **owes** Mr. Tucker/his entity more than $150,000 for unpaid invoices during the time he performed work as Takeover's President.  You have undisputed testimony from your own clients/client representatives demonstrating that Mr. Tucker was to be paid $20,000 per month during his tenure as President.  By the end of 2021, Takeover had fallen in arrears, and Takeover's auditors confirmed that there was $60,000 outstanding/ unpaid to Mr. Tucker as of December 31, 2021.  *See*, **Exhibit 4**.  (Please also note this audit of the financial statements was requested by Toby McBride, not by Mr. Tucker.)  In 2022, the unpaid invoices grew by an additional $100,500.  *See*, **Exhibit 5**.  Even when the current "Board" – Messrs. Holley, McBride and Pavlik – held their Board Meeting in November of last year and voted to put themselves back in power and "suspend" Mr. Tucker, they agreed he would continue to be paid.  *See*, **Exhibit 6**.  They extended the paid suspension through December 2022.  *See*, **Exhibit 7**.  Of course, Mr. Tucker was never paid an additional penny from Takeover.  (*See*, **Exhibit 5** – the last payment was made in September 2022.)

Mr. Paul Levine
May 10, 2023
Page 7

Although Claims II and III may be sufficiently stated to survive a Rule 12(b)(6) motion, you have enough information in-hand now to know that advancing these claims would be on false allegations.  If I am forced to file an Answer on these Claims II and III, I will also seek offset/recoupment of the $160,500 that is still owed to Mr. Tucker. (Likewise, there are unpaid fees/monies for services rendered by *Mrs*. Tucker, which I am still evaluating as part of an Answer or Counterclaim).  However, I would still seek sanctions for advancing Claims II and III for the failure to have investigated/cured the false pleadings at this early stage.

**<u>Conclusion</u>**

Paul, please know that I do not write this letter lightly.  In 20+ years of litigating, this is one of a **<u>very</u>** few requests I have under Rule 11.  I realize you came into this litigation after the stage had been set and parties were aligned (and then re-aligned), and I respect that you are in a difficult position.  However, it is now incumbent upon you to do your own **personal** inquiry into the facts/allegations/evidence before advocating any positions that pre-date your involvement.  I trust you will take such an inquiry to heart and will find that Claims I-III of the Amended Complaint should be dismissed voluntarily.

I want to give you an appropriate opportunity to consider this matter and discuss with your clients, but I also know that my responsive pleading is due next week.  If you would like to stipulate to additional time, let me know.  If you prefer I just file my responsive pleading, please let me know by Friday so I have time to complete the filing.

I remain open to any discussions you want to have, whether substantive or procedural.  Please feel free to call me or email me any time.

Very sincerely,

*Veronica L. Manolio*

Veronica L. Manolio

# EXHIBIT 1

## STATE OF WYOMING ∗ SECRETARY OF STATE
## BUSINESS DIVISION

Herschler Bldg East, Ste.100 & 101, Cheyenne, WY 82002-0020
Phone: 307-777-7311 · Website: https://sos.wyo.gov · Email: business@wyo.gov

## Filing Information

 **Please note that this form CANNOT be submitted in place of your Annual Report.**

| | | | |
|---|---|---|---|
| Name | **LABOR SMART INC** | | |
| Filing ID | **2020-000897752** | | |
| Type | Profit Corporation | Status | Inactive - Administratively Dissolved (Tax) |

### General Information

| | | | |
|---|---|---|---|
| Old Name | | Sub Status | Current |
| Fictitious Name | | Standing - Tax | Delinquent |
| | | Standing - RA | Delinquent |
| Sub Type | | Standing - Other | Good |
| Formed in | Wyoming | Filing Date | 01/30/2020 8:34 AM |
| Term of Duration | Perpetual | Delayed Effective Date | |
| | | Inactive Date | 03/11/2022 |

### Share Information

| | | | | | |
|---|---|---|---|---|---|
| Common Shares | 14,800,000,000 | Preferred Shares | | Additional Stock | N |
| Par Value | 0.0000 | Par Value | 0.0000 | | |

### Principal Address

3830 Price Rd
Gainesville, GA 30506

### Mailing Address

3830 Price Rd
Gainesville, GA 30506

### Registered Agent Address

No Agent
No Office
Cheyenne, WY 82001

### Parties

| Type | Name / Organization / Address |
|---|---|

### Notes

| Date | Recorded By | Note |
|---|---|---|
| 1/30/2020 8:39 AM | JORDYN.GRAY | Formed in Nevada on 05/31/2011, continued in Wyoming on 01/30/2020. |

# Filing Information

 **Please note that this form CANNOT be submitted in place of your Annual Report.**

| Name | **LABOR SMART INC** | | |
|------|---------------------|--|--|
| **Filing ID** | **2020-000897752** | | |
| Type | Profit Corporation | Status | Inactive - Administratively Dissolved (Tax) |

## Most Recent Annual Report Information

| | | | |
|--|--|--|--|
| Type | Amendment | AR Year | 2021 |
| License Tax | $50.00 | AR Exempt | N | AR ID | 06181179 |
| AR Date | 4/8/2021 4:03 PM | | |
| Web Filed | N | | |

**Officers / Directors**

| Type | Name / Organization / Address |
|------|-------------------------------|
| President / Director | Joe Pavlik  1712 Pioneer Ave Ste 500 Cheyenne WY 82001 |

| **Principal Address** | **Mailing Address** |
|-----------------------|---------------------|
| 1712 Pioneer Ave Ste 500 | 1712 Pioneer Ave Ste 500 |
| Cheyenne | Cheyenne, WY 82001 |
| Cheyenne, WY 82001 | |

## Annual Report History

| Num | Status | Date | Year | Tax |
|-----|--------|------|------|-----|
| 06124102 | Original | 03/02/2021 | 2021 | $50.00 |

    Principal Address 1 Changed  From: 3830 Price Rd  To: 1712 Pioneer Ave Ste 500

    Principal Address 3 Changed  From: No value  To: Cheyenne

    Principal City Changed  From: Gainesvile  To: Cheyenne

    Principal State Changed  From: GA  To: WY

    Principal Postal Code Changed  From: 30506  To: 82001

| | | | | |
|--|--|--|--|--|
| 06181179 | Amendment | 04/08/2021 | 2021 | $50.00 |

## Amendment History

| ID | Description | Date |
|----|-------------|------|
| 2022-003599395 | Dissolution / Revocation - Tax | 03/11/2022 |

    Filing Status Changed  From: Active  To: Inactive - Administratively Dissolved (Tax)

    Inactive Date Changed  From: No Value  To: 03/11/2022

| | | |
|--|--|--|
| 2022-003569948 | RA Resignation | 02/16/2022 |
| 2022-003569946 | Address Update | 02/16/2022 |

    Principal Address 1 Changed  From: 1712 Pioneer Ave Ste 500  To: 3830 Price Rd

    Principal Address 3 Changed  From: Cheyenne  To: No value

# Filing Information

 **Please note that this form CANNOT be submitted in place of your Annual Report.**

| Name | **LABOR SMART INC** | | |
|---|---|---|---|
| **Filing ID** | **2020-000897752** | | |
| Type | Profit Corporation | Status | Inactive - Administratively Dissolved (Tax) |

---

Principal City Changed  From: Cheyenne  To: Gainesville
Principal State Changed  From: WY  To: GA
Principal Postal Code Changed  From: 82001  To: 30506

2022-003523546   Delinquency Notice - Tax                                01/02/2022

2021-003155850   Common Amendment                                        03/23/2021

2021-003151270   Change of Agent                                         03/12/2021
    Registered Agent # Changed  From: No Value  To: 0196923
    Registered Agent Organization Name Changed  From: No Agent  To: Capital Administrations LLC
    Registered Agent Physical Address 1 Changed  From: No Office  To: 1712 Pioneer Ave Ste 115
    Registered Agent Physical City Changed  From: No Value  To: Cheyenne
    Registered Agent Physical Postal Code Changed  From: No Value  To: 82001

2021-003134231   RA Resignation                                          02/27/2021

2021-003134206   Address Update                                          02/27/2021
    Principal Address 1 Changed  From: 1712 Pioneer Ave Ste 500  To: 3830 Price Rd
    Principal City Changed  From: Cheyenne  To: Gainesville
    Principal State Changed  From: WY  To: GA
    Principal Postal Code Changed  From: 82001  To: 30506

2021-003096415   Delinquency Notice - Tax                                01/02/2021

See Filing ID       Initial Filing                                       01/30/2020
    Continued From Changed  From: No Value  To: Nevada
    Formation Date Changed  From: No Value  To: 05/31/2011

# EXHIBIT 2

## FILING HISTORY

### ENTITY INFORMATION

**Entity Name:**

LABOR SMART INC

**Entity Number:**

E0308252011-7

**Entity Type:**

Domestic Corporation (78)

**Entity Status:**

Active

**Formation Date:**

05/31/2011

**NV Business ID:**

NV20111363274

**Termination Date:**

Perpetual

**Annual Report Due Date:**

5/31/2023

### FILING HISTORY DETAILS

| File Date | Effective Date | Filing Number | Document Type | Amendment Type | Source | View |
|---|---|---|---|---|---|---|
| 05/31/2022 | 05/31/2022 | 20222356412 | Annual List | | External | 📷 |
| 09/27/2021 | 09/27/2021 | 20211777621 | Certificate of Reinstatement | | External | 📷 |
| 05/31/2016 | 05/31/2016 | 20160243797-11 | Annual List | | External | 📷 |
| 02/29/2016 | 02/29/2016 | 20160094351-61 | Amendment | | Internal | 📷 |
| 05/31/2015 | 05/31/2015 | 20150246044-58 | Annual List | | External | 📷 |

| File Date | Effective Date | Filing Number | Document Type | Amendment Type | Source | View |
|---|---|---|---|---|---|---|
| 02/17/2015 | 02/17/2015 | 20150070812-26 | Amendment | | Internal | 📷 |
| 12/12/2014 | 12/12/2014 | 20140805143-98 | Amendment | | Internal | 📷 |
| 10/06/2014 | 10/06/2014 | 20140703182-08 | Certificate of Designation | | Internal | 📷 |
| 07/08/2014 | 07/08/2014 | 20140492812-43 | Amendment | | Internal | 📷 |
| 03/03/2014 | 03/03/2014 | 20140156391-22 | Annual List | | External | 📷 |

**Page 1 of 1, records 1 to 10 of 10**

---

**FILING DATE SNAPSHOT AS OF: 05/31/2022**

| Business Details | Name Changes | Principal Office | Registered Agent | Officer Information |
|---|---|---|---|---|

| Shares |
|---|

| Date | Title | Name | Attention | Address1/Address2/City/State/Zip/Country |
|---|---|---|---|---|
| 09/27/2021 | Officer | Michael Costello | | 29455 N Cave Creek Road, Suite 118-525, Cave Creek, AZ, 85331, USA |

**Page 1 of 1, records 1 to 1 of 1**

Back          Return to Search          Return to Results

**STATE OF NEVADA**

*BARBARA K. CEGAVSKE*
*Secretary of State*



*Commercial Recordings & Notary Division*
*202 N. Carson Street*
*Carson City, NV 89701*
*Telephone (775) 684-5708*
*Fax (775) 684-7138*

*North Las Vegas City Hall*
*2250 Las Vegas Blvd North, Suite 400*
*North Las Vegas, NV 89030*
*Telephone (702) 486-2880*
*Fax (702) 486-2888*

*KIMBERLEY PERONDI*
*Deputy Secretary for*
*Commercial Recordings*

**OFFICE OF THE**
**SECRETARY OF STATE**

jason tucker
401 Ryland Street Suite 200-A
Reno, NV 89502, USA

**Work Order #:** W2022053101062
May 31, 2022
Receipt Version: 1

**Special Handling Instructions:**

**Submitter ID:** 524909

**Charges**

| Description | Fee Description | Filing Number | Filing Date/Time | Filing Status | Qty | Price | Amount |
|---|---|---|---|---|---|---|---|
| Annual List | Fees | 20222356412 | 5/31/2022 10:15:51 AM | Approved | 1 | $7000.00 | $7000.00 |
| Annual List | Business License Fee | 20222356412 | 5/31/2022 10:15:51 AM | Approved | 1 | $500.00 | $500.00 |
| Total | | | | | | | $7500.00 |

**Payments**

| Type | Description | Payment Status | Amount |
|---|---|---|---|
| Credit Card | 6540173391926748503290 | Success | $7500.00 |
| Total | | | $7500.00 |

**Credit Balance:** $0.00

jason tucker
401 Ryland Street Suite 200-A
Reno, NV 89502, USA

**STATE OF NEVADA**

*BARBARA K. CEGAVSKE*
*Secretary of State*

*KIMBERLEY PERONDI*
*Deputy Secretary for*
*Commercial Recordings*



**OFFICE OF THE**
**SECRETARY OF STATE**

*Commercial Recordings Division*
*202 N. Carson Street*
*Carson City, NV 89701*
*Telephone (775) 684-5708*
*Fax (775) 684-7138*

*North Las Vegas City Hall*
*2250 Las Vegas Blvd North, Suite 400*
*North Las Vegas, NV 89030*
*Telephone (702) 486-2880*
*Fax (702) 486-2888*

## Business Entity - Filing Acknowledgement

05/31/2022

| | |
|---|---|
| **Work Order Item Number:** | W2022053101062 - 2158404 |
| **Filing Number:** | 20222356412 |
| **Filing Type:** | Annual List |
| **Filing Date/Time:** | 05/31/2022 10:15:51 AM |
| **Filing Page(s):** | 2 |

**Indexed Entity Information:**

**Entity ID:** E0308252011-7          **Entity Name:** LABOR SMART INC

**Entity Status:** Active          **Expiration Date:** None

Non-Commercial Registered Agent

JAY SMITH

4790 CAUGHLIN PARKWAY #387, RENO, NV 89509, USA

The attached document(s) were filed with the Nevada Secretary of State, Commercial Recording Division. The filing date and time have been affixed to each document, indicating the date and time of filing. A filing number is also affixed and can be used to reference this document in the future.

Respectfully,

*Barbara K. Cegavske*

BARBARA K. CEGAVSKE
Secretary of State

Page 1 of 1

**Commercial Recording Division**
202 N. Carson Street



**BARBARA K. CEGAVSKE**
**Secretary of State**
**202 North Carson Street**
**Carson City, Nevada 89701-4201**
**(775) 684-5708**
**Website:  www.nvsos.gov**
**          www.nvsilverflume.gov**

# Annual or Amended List and State Business License Application

□✓ **ANNUAL**   □ **AMENDED** (check one)

## List of Officers, Managers, Members, General Partners, Managing Partners, Trustees or Subscribers:

| | |
|---|---|
| **LABOR SMART INC** | **NV20111363274** |
| NAME OF ENTITY | Entity or Nevada Business Identification Number (NVID) |

## TYPE OR PRINT ONLY - USE DARK INK ONLY - DO NOT HIGHLIGHT

**IMPORTANT:** *Read instructions before completing and returning this form.*

Please indicate the entity type (check only one):

☑ Corporation

  ☑ This corporation is publicly traded, the Central Index Key number is:

  **0001522469**

| | |
|---|---|
| Filed in the Office of | Business Number **E0308252011-7** |
| *Barbara K. Cegavske* | Filing Number **20222356412** |
| Secretary of State State Of Nevada | Filed On **05/31/2022 10:15:51 AM** |
| | Number of Pages **2** |

□ Nonprofit Corporation (see nonprofit sections below)

□ Limited-Liability Company

□ Limited Partnership

□ Limited-Liability Partnership

□ Limited-Liability Limited Partnership

□ Business Trust

□ Corporation Sole

Additional Officers, Managers, Members, General Partners, Managing Partners, Trustees or Subscribers, may be listed on a supplemental page.

---

**CHECK ONLY IF APPLICABLE**

Pursuant to NRS Chapter 76, this entity is exempt from the business license fee.

□ 001 - Governmental Entity

□ 006 - NRS 680B.020 Insurance Co, provide license or certificate of authority number _____

**For nonprofit entities formed under NRS chapter 80:** entities without 501(c) nonprofit designation are required to maintain a state business license, the fee is $200.00. Those  claiming an exemption under 501(c) designation must indicate by checking box below.

□ Pursuant to NRS Chapter 76, this entity is a 501(c) nonprofit entity and is exempt from the business license fee.
Exemption Code 002

**For nonprofit entities formed under NRS Chapter 81:** entities which are Unit-owners' association or Religious, Charitable, fraternal or other organization that qualifies as a  tax-exempt organization pursuant to 26 U.S.C $ 501(c) are excluded from the  requirement to obtain a state business license.  Please indicate below if this entity falls under one of these categories by marking the appropriate box.  If the entity does not fall under either of these categories please submit $200.00 for the state business license.

□ Unit-owners' Association    □ Religious, charitable, fraternal or other organization that qualifies as a tax-exempt organization pursuant to 26 U.S.C. $501(c)

**For nonprofit entities formed under NRS Chapter 82 and 80:** **Charitable Solicitation Information - check applicable box**

Does the Organization intend to solicit charitable or tax deductible contributions?

□ No - no additional form is required

□ Yes - the "Charitable Solicitation Registration Statement" is required.

□ The Organization claims exemption pursuant to NRS 82A 210 - the "Exemption From Charitable Solicitation Registration Statement" is required

**\*\*Failure to include the required statement form will result in rejection of the filing and could result in late fees.\*\***

---



**BARBARA K. CEGAVSKE**
Secretary of State
202 North Carson Street
Carson City, Nevada 89701-4201
(775) 684-5708
Website: www.nvsos.gov
www.nvsilverflume.gov

## Annual or Amended List and State Business License Application - Continued

**Officers, Managers, Members, General Partners, Managing Partners, Trustees or Subscribers:**

CORPORATION, INDICATE THE <u>CEO</u>:

| Michael Costello | USA |
|---|---|
| Name | Country |

| c/o Karish & Bjorgum 119 E. Union St., Suite B | Pasadena | CA | 91103 |
|---|---|---|---|
| Address | City | State | Zip/Postal Code |

CORPORATION, INDICATE THE <u>DIRECTOR</u>:

| Toby McBride | USA |
|---|---|
| Name | Country |

| c/o Karish & Bjorgum 119 E. Union St., Suite B | Pasadena | CA | 91103 |
|---|---|---|---|
| Address | City | State | Zip/Postal Code |

CORPORATION, INDICATE THE <u>DIRECTOR</u>:

| Jason Tucker | USA |
|---|---|
| Name | Country |

| c/o Karish & Bjorgum 119 E. Union St., Suite B | Pasadena | CA | 91103 |
|---|---|---|---|
| Address | City | State | Zip/Postal Code |

CORPORATION, INDICATE THE <u>DIRECTOR</u>:

| Joseph Pavlik | USA |
|---|---|
| Name | Country |

| c/o Karish & Bjorgum 119 E. Union St., Suite B | Pasadena | CA | 91103 |
|---|---|---|---|
| Address | City | State | Zip/Postal Code |

None of the officers and directors identified in the list of officers has been identified with the fraudulent intent of concealing the identity of any person or persons exercising the power or authority of an officer or director in furtherance of any unlawful conduct.

I declare, to the best of my knowledge under penalty of perjury, that the information contained herein is correct and acknowledge that pursuant to NRS 239.330, it is a category C felony to knowingly offer any false or forged instrument for filing in the Office of the Secretary of State.

| X   Jason Tucker | Director | 05/31/2022 |
|---|---|---|
| **Signature of Officer, Manager, Managing Member, General Partner, Managing Partner, Trustee, Subscriber, Member, Owner of Business, Partner or Authorized Signer** *FORM WILL BE RETURNED IF UNSIGNED* | Title | Date |



# NEVADA STATE BUSINESS LICENSE

## LABOR SMART INC

**Nevada Business Identification # NV20111363274**
**Expiration Date: 05/31/2023**

In  accordance with Title 7 of Nevada Revised Statutes, pursuant to proper  application duly filed and payment of appropriate prescribed  fees, the above named is hereby granted a Nevada State Business License  for business activities conducted within the State of Nevada.

Valid until the expiration date listed unless suspended, revoked or cancelled in accordance with the provisions in Nevada Revised Statutes.  License is not transferable and is not in lieu of any local business license, permit or registration.

**License must be cancelled on or before its expiration date if business activity ceases. Failure to do so will result in late fees or penalties which, by law, cannot be waived**.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the Great Seal of State, at my office on 05/31/2022.

Certificate Number: B202205312706113
You may verify this certificate
online at http://www.nvsos.gov

BARBARA K. CEGAVSKE
Secretary of State

# EXHIBIT 3


## WELLS FARGO

BUSINESS CHECKING
Account
...6827
Routing numbers

### Activity Summary

| | |
|---|---|
| **Ending collected balance as of 05/04/23** | |
| **Current posted balance** | |
| **Pending withdrawals/debits** | |
| **Pending deposits/credits** | |
| **Available balance** | |
| **Monthly Service Fee Summary** | |
| Routing numbers | |

## Activity

First
Previous
Next

| Date | Description | Deposits/Credits | Withdrawals/Debits |
|---|---|---|---|
| **ending Transactions** | | | |
| No pending transactions meet your search criteria. Please try again. | | | |
| **osted Transactions** | | | |
| 11/24/21 | WT 211124-122376 BANK OF AMERICA, NE /BNF=Takeover Industries Inc SRF# OW00001784660638 TRN#211124122376 RFB# OW00001784660638 | | $15,000.00 |
| 11/05/21 | WT 211105-023739 BANK OF AMERICA, NE /BNF=Takeover Industries Inc SRF# OW00001739614791 TRN#211105023739 RFB# OW00001739614791 | | $25,000.00 |
| **Totals** | | **$0.00** | **$40,000.00** |

Back to top

First
Previous
Next

---

*Account Disclosures

Deposit products offered by Wells Fargo Bank, N.A. Member FDIC.

⌂ Equal Housing Lender

## Confirmation



| | |
|---|---|
| ✓ You successfully submitted your wire on 11/18/2021 at 08:06 am Pacific Time. | |

**To**

VGC Legal
🇺🇸 United States

| | |
|---|---|
| **From** | BUSINESS CHECKING<br>...6827 (Available balance ████ |
| **Amount** | $10,000.00 |
| **Fees** | $30.00 |
| **Taxes** | Local taxes may apply |
| **Total from account** | $10,030.00 |
| **Send on** ? | 11/18/2021 |
| **Deliver by** ? | 11/18/2021 |
| **Memo** | Takeover Industries Inc |
| **Status** | Pending |
| **Confirmation number** | OW00001770798847 |

Go to Account Summary    Send Another Wire

# RECEIPT

Date: November 22, 2021
INVOICE # 253849
Takeover Industries, Inc.
401 Ryland Street, Suite 200-A
Reno, Nevada, 89502
DB ID: Takeover

To

| DESCRIPTION | AMOUNT DUE |
|---|---|
| Payment to Nappy Boy Gaming for Takeover Industries, Inc. obligations. | $25,000 |
| | |
| Pursuant to terms and conditions in September 9, 2021 Agreement between Takeover Industries, Inc. and Nappy Boy Entertainment, LLC f/s/o Faheem Rasheed Najm aka T-Pain | |
| | |
| **TOTAL PAID** | $25,000 |

Note: See Attached Wire Confirmation. Paid from CFP Account on behalf of Takeover Industries. CFO did not make payment. $25,000 remains outstanding and past due since October 9.

# Confirmation

✔  You successfully submitted your wire on 11/22/2021 at 07:03 am Pacific Time.

To

**Nappy Boy Gaming**
 United States

| | |
|---|---|
| **From** | BUSINESS CHECKING |
| | ▇▇▇▇▇▇▇▇ |
| **Amount** | $25,000.00 |
| **Fees** | $30.00 |
| **Taxes** | Local taxes may apply |
| **Total from account** | $25,030.00 |
| **Send on** ? | 11/22/2021 |
| **Deliver by** ? | 11/22/2021 |
| **Memo** | Takeover Industries Inc |
| **Status** | Pending |
| **Confirmation number** | OW00001778988047 |

[ Go to Account Summary ]   [ Send Another Wire ]

1/1

# EXHIBIT 4

DocuSign Envelope ID: 29019750-30A4-4DE5-B33B-8D16CF2A23C2

## RELATED PARTY PAYABLE CONFIRMATION

**March 23, 2022**

Name: **CFP**
Email: jason@battleshipstance.com

Our auditors, **BF Borgers CPA PC**, are engaged in an audit of our financial statements.  In connection therewith, they desire that you furnish directly to them, in the space provided below, the amount of our liability to you (if any) as of **December 31, 2021** and a statement of our account as of that date.

After signing your reply, please mail it directly to BF Borgers CPA PC, 5400 W. Cedar Avenue, Lakewood, CO 80226 or email Nikita Sikarwar at **nikita.sikarwar@bfbcpa.us**

Thank you for your cooperation.

Sincerely,



**Signature**
**Toby Mcbride (CEO)**
**Takeover Industries Inc.**

**To be filled by the Respondent:**

**Takeover Industries Inc.** owed us **$ 60,000 ** as of **December 31, 2021 respectively.**

Name and Title   Jason Tucker        President

Signature



Date   3/28/2022

================================================================

DocuSign Envelope ID: 29019750-30A4-4DE5-B33B-8D16CF2A23C2

# EXHIBIT 5



# INVOICE

Date: January 3, 2022
INVOICE # 253854

To

Takeover Industries, Inc.
401 Ryland Street, Suite 200-A
Reno, Nevada, 89502
DB ID: Takeover

| DESCRIPTION | AMOUNT DUE |
|---|---|
| Day to Day Management Services – Monthly Fee - January 2022 | $20,000.00 |
| | |
| To be made in two payments of 10,000 each. | |
| Cash portion only. Does not include stock and option guarantees. | |
| | |
| | |
| **TOTAL DUE** | $20,000.00 |

Bank Name: Wells Fargo Bank

Address: 420 Montgomery Street, San Francisco, CA 94104

Beneficiary Name: CFP VENTURES, LLC

████████████

██████████

█████████████

ACH:

████████████████

██████████████

██████████████

Due in full upon receipt.

Thank you for your business!

*TEL:* ████████████



# INVOICE

Date: February 2, 2022
INVOICE # 253859

To Takeover Industries, Inc.
119 E. Union St., Suite B
Pasadena, CA 91103
DB ID: Takeover

| DESCRIPTION | AMOUNT DUE |
|---|---|
| Day to Day Management Services – Monthly Fee - FEBRUARY 2022 | $20,000.00 |
| | |
| Payments ok. | |
| Cash portion only. Does not include stock and option guarantees. | |
| | |
| | |
| **TOTAL DUE** | $20,000.00 |

Bank Name: Wells Fargo Bank

Address: 420 Montgomery Street, San Francisco, CA 94104

Beneficiary Name: CFP VENTURES, LLC

████████████████
████████████
██████████████████

ACH:

████████████████████
████████████████
██████████████

Due in full upon receipt.

Thank you for your business!

*TEL:* ████████████



# INVOICE

Date: March 1, 2022
INVOICE # 253860

To

Takeover Industries, Inc.
119 E. Union St., Suite B
Pasadena, CA 91103
DB ID: Takeovver

| DESCRIPTION | AMOUNT DUE |
|---|---|
| Day to Day Management Services – Monthly Fee - MARCH 2022 | $20,000.00 |
| | |
| Payments ok. | |
| Cash portion only. Does not include stock and option guarantees. | |
| | |
| | |
| **TOTAL DUE** | $20,000.00 |

Bank Name: Wells Fargo Bank

Address: 420 Montgomery Street, San Francisco, CA 94104

Beneficiary Name: CFP VENTURES, LLC

███████████

███████████

███████████

ACH:

███████████

███████████

███████████

Due in full upon receipt.

Thank you for your business!

*TEL:*███████████



# INVOICE

Date: March 31, 2022
INVOICE # 253865

To

Takeover Industries, Inc.
119 E. Union St., Suite B
Pasadena, CA 91103
DB ID: Takeovver

| DESCRIPTION | AMOUNT DUE |
|---|---|
| Day to Day Management Services – Monthly Fee - APRIL 2022 | $20,000.00 |
| | |
| Payments ok. | |
| Cash portion only. Does not include stock and option guarantees. | |
| | |
| | |
| **TOTAL DUE** | $20,000.00 |

Bank Name: Wells Fargo Bank

Address: 420 Montgomery Street, San Francisco, CA 94104

Beneficiary Name: CFP VENTURES, LLC

███████████

███████

███████████

ACH:

████████████

██████████

██████████

Due in full upon receipt.

Thank you for your business!

*TEL:* ████████████



# INVOICE

Date: April 20, 2022
INVOICE # 253868A
To  Takeover Industries, Inc.
119 E. Union St., Suite B
Pasadena, CA 91103
DB ID: Takeovver

| DESCRIPTION | AMOUNT DUE |
|---|---|
| Day to Day Management Services – Monthly Fee - MAY 2022 | $20,000.00 |
|  |  |
| Payments ok. |  |
| Cash portion only. Does not include stock and option guarantees. |  |
|  |  |
|  |  |
| **TOTAL DUE** | $20,000.00 |

Bank Name: Wells Fargo Bank

Address: 420 Montgomery Street, San Francisco, CA 94104

Beneficiary Name: CFP VENTURES, LLC

███████████████

█████████████

████████████████

ACH:

██████████████████

████████████████

████████████████

Due in full upon receipt.

Thank you for your business!

*TEL:* ████████████████



# INVOICE

Date: May 11, 2022
INVOICE # 253872

To

Takeover Industries, Inc.
119 E. Union St., Suite B
Pasadena, CA 91103
DB ID: Takeovver

| DESCRIPTION | AMOUNT DUE |
|---|---|
| Day to Day Management Services – Monthly Fee - JUNE 2022 | $20,000.00 |
| | |
| Payments ok. | |
| Cash portion only. Does not include stock and option guarantees. | |
| | |
| | |
| **TOTAL DUE** | $20,000.00 |

Bank Name: Wells Fargo Bank

Address: 420 Montgomery Street, San Francisco, CA 94104

Beneficiary Name: CFP VENTURES, LLC

███████████████

██████████

████████████████

ACH:

██████████████████

███████████████

███████████████

Due in full upon receipt.

Thank you for your business!

*TEL:* +████████████



# INVOICE

Date: June 17, 2022
INVOICE # 253877

To

Takeover Industries, Inc.
119 E. Union St., Suite B
Pasadena, CA 91103
DB ID: Takeovver

| DESCRIPTION | AMOUNT DUE |
|---|---|
| Day to Day Management Services – Monthly Fee - JULY 2022 | $20,000.00 |
| | |
| Payments ok. | |
| Cash portion only. Does not include stock and option guarantees. | |
| | |
| | |
| **TOTAL DUE** | $20,000.00 |

Bank Name: Wells Fargo Bank

Address: 420 Montgomery Street, San Francisco, CA 94104

Beneficiary Name: CFP VENTURES, LLC

███████████████

███████████

█████████████

ACH:

███████████████

████████████

███████████

Due in full upon receipt.

Thank you for your business!

*TEL:* ████████████



# INVOICE

Date: July 18, 2022
INVOICE # 253882

To   Takeover Industries, Inc.
119 E. Union St., Suite B
Pasadena, CA 91103
DB ID: Takeovver

| DESCRIPTION | AMOUNT DUE |
|---|---|
| Day to Day Management Services – Monthly Fee - AUGUST 2022 | $20,000.00 |
|  |  |
| Payments ok. |  |
| Cash portion only. Does not include stock and option guarantees. |  |
|  |  |
|  |  |
| **TOTAL DUE** | $20,000.00 |

Bank Name: Wells Fargo Bank

Address: 420 Montgomery Street, San Francisco, CA 94104

Beneficiary Name: CFP VENTURES, LLC

███████████████
█████████████
███████████████

ACH:

███████████████████
█████████████
███████████████

Due in full upon receipt.

Thank you for your business!

*TEL:* ██████████



# INVOICE

Date: August 16, 2022
INVOICE # 253887
Takeover Industries, Inc.
119 E. Union St., Suite B
Pasadena, CA 91103
DB ID: Takeover

To

| DESCRIPTION | AMOUNT DUE |
|---|---|
| Day to Day Management Services – Monthly Fee - SEPTEMBER 2022 | $20,000.00 |
| | |
| Payments ok. | |
| Cash portion only. Does not include stock and option guarantees. | |
| | |
| | |
| **TOTAL DUE** | $20,000.00 |

Bank Name: Wells Fargo Bank

Address: 420 Montgomery Street, San Francisco, CA 94104

Beneficiary Name: CFP VENTURES, LLC

████████████

██████████

█████████████

ACH:

███████████████

██████████████

█████████████

Due in full upon receipt.

Thank you for your business!

*TEL:* ████████████



# INVOICE

Date: September 12, 2022
INVOICE # 253892

To   Takeover Industries, Inc.
119 E. Union St., Suite B
Pasadena, CA 91103
DB ID: Takeover

| DESCRIPTION | AMOUNT DUE |
|---|---|
| Day to Day Management Services – Monthly Fee - OCTOBER 2022 | $20,000.00 |
|  |  |
| Payments ok. |  |
| Cash portion only. Does not include stock and option guarantees. |  |
|  |  |
|  |  |
| **TOTAL DUE** | $20,000.00 |

Bank Name: Wells Fargo Bank

Address: 420 Montgomery Street, San Francisco, CA 94104

Beneficiary Name: CFP VENTURES, LLC

███████████

███████

████████

ACH:

██████████████

████████

████████

Due in full upon receipt.

Thank you for your business!

*TEL:* ████████



# INVOICE

Date: November 18, 2022
INVOICE # 253903

To   Takeover Industries, Inc.
119 E. Union St., Suite B
Pasadena, CA 91103
DB ID: Takeover

| DESCRIPTION | AMOUNT DUE |
|---|---|
| Day to Day Management Services – Monthly Fee – ~~DECEMBER 2022~~   NOVEMBER 2022 | $20,000.00 |
| | |
| Payments ok. | |
| Cash portion only. Does not include stock and option guarantees. | |
| | |
| | |
| **TOTAL DUE** | $20,000.00 |

Bank Name: Wells Fargo Bank

Address: 420 Montgomery Street, San Francisco, CA 94104

Beneficiary Name: CFP VENTURES, LLC

███████████████
███████████
█████████████████

ACH:

███████████████████
██████████████
█████████████████

Due in full upon receipt.

Thank you for your business!

*TEL:* ████████████



# INVOICE

Date: December 15, 2022
INVOICE # 253909

To

Takeover Industries, Inc.
119 E. Union St., Suite B
Pasadena, CA 91103
DB ID: Takeover

| DESCRIPTION | AMOUNT DUE |
|---|---|
| Day to Day Management Services – Monthly Fee – ~~JANUARY 2023~~  DECEMBER 2022 | $20,000.00 |
|  |  |
| Payments ok. |  |
| Cash portion only. Does not include stock and option guarantees. |  |
|  |  |
|  |  |
| **TOTAL DUE** | $20,000.00 |

Bank Name: Wells Fargo Bank

Address: 420 Montgomery Street, San Francisco, CA 94104

Beneficiary Name: CFP VENTURES, LLC

███████████████

████████████

████████████████

ACH:

██████████████████

████████████████

███████████████

Due in full upon receipt.

Thank you for your business!

*TEL:* ████████████

# WELLS FARGO

**BUSINESS CHECKING**
Account
...6827
Routing numbers



### Activity Summary

| | |
|---|---|
| Ending collected balance as of 05/05/23 | |
| Current posted balance | |
| Pending withdrawals/debits | |
| Pending deposits/credits | |
| Available balance | |
| Monthly Service Fee Summary | |

Routing numbers

## Activity

First
Previous
Next

| Date | Description | Deposits/Credits | Withdrawals/Debits |
|---|---|---|---|
| **ending Transactions** | | | |
| No pending transactions meet your search criteria. Please try again. | | | |
| **osted Transactions** | | | |
| 08/29/22 | WT FED#07896 BANK OF AMERICA, N /ORG=TAKEOVER INDUSTRIES INC SRF# 2022082900369442 TRN#220829086639 RFB# 402226064 | $5,000.00 | |
| 08/25/22 | PAYPAL INST XFER 220825 TAKEOVERIND JASON TUCKER | | $42.00 |
| 08/22/22 | TAKEOVER INDUSTR SENDER 220822 XXXXX1894 0000CFP VENTURES, LL | $2,931.19 | |
| 08/16/22 | PAYPAL INST XFER 220816 TAKEOVERIND JASON TUCKER | | $61.72 |
| 07/18/22 | WT FED#03001 BANK OF AMERICA, N /ORG=TAKEOVER INDUSTRIES INC SRF# 2022071800463703 TRN#220718149370 RFB# 396532936 | $20,000.00 | |
| 06/28/22 | TAKEOVER INDUSTR SENDER 220628 XXXXX8830 0000CFP VENTURES, LL | $2,752.85 | |
| 05/27/22 | WT FED#00050 BANK OF AMERICA, N /ORG=TAKEOVER INDUSTRIES INC SRF# 2022052700355248 TRN#220527096514 RFB# 389534502 | $20,000.00 | |
| 03/31/22 | WT FED#01944 BANK OF AMERICA, N /ORG=TAKEOVER INDUSTRIES INC SRF# 2022033100589091 TRN#220331222349 RFB# 381559920 | $20,000.00 | |
| 03/14/22 | WT FED#02268 BANK OF AMERICA, N /ORG=TAKEOVER INDUSTRIES INC SRF# 2022031400439415 TRN#220314134195 RFB# 379248510 | $10,000.00 | |
| 03/03/22 | TAKEOVER INDUSTR SENDER 220303 XXXXX1840 0000CFP VENTURES, LL | $10,000.00 | |
| 02/25/22 | TAKEOVER INDUSTR SENDER 220225 XXXXX7356 0000CFP VENTURES, LL | $11,500.00 | |
| 02/24/22 | TAKEOVER INDUSTR SENDER 220224 XXXXX5928 0000CFP VENTURES, LL | $250.00 | |
| 02/23/22 | PAYPAL INST XFER 220223 TAKEOVERIND JASON TUCKER | | $110.29 |
| 02/03/22 | WT FED#08903 BANK OF AMERICA, N /ORG=TAKEOVER INDUSTRIES INC SRF# 2022020300313915 TRN#220203086252 RFB# 374030388 | $8,500.00 | |
| 01/11/22 | TAKEOVER INDUSTR SENDER 220111 XXXXX9236 0000CFP VENTURES, LL | $10,000.00 | |
| 01/03/22 | WT FED#09132 BANK OF AMERICA, N /ORG=TAKEOVER INDUSTRIES INC SRF# 2022010300362649 TRN#220103108519 RFB# 369867966 | $10,000.00 | |
| **Totals** | | **$130,934.04** | **$214.01** |

Back to top

First
Previous
Next

*Account Disclosures

# EXHIBIT 6

_____

**WRITTEN CONSENT**
**BOARD OF DIRECTORS OF TAKEOVER INDUSTRIES, INC**

_____

The undersigned, constituting the Board of Directors of Takeover Industries, Inc., a Nevada Corporation ("Takeover"), does in lieu of convening a meeting hereby waive notice and approve and consent to the adoption of the following resolutions pursuant to N.R.S., 78.010 *et seq.*

**WHEREAS**, a special meeting of the Board of Directors of Labor Smart, Inc. ("LTNC"), Takeover's parent corporation, was held on November 7, 2022.

**WHEREAS**, the Board of Directors of Takeover (the "Board") was instructed by Resolution of the Board of Directors of LTNC to "meet immediately for the purpose of taking corrective action regarding the matters discussed at the November 7, 2022." See Exhibit A.

**WHEREAS**, the Board has determined Jason Tucker has been untruthful to other Officers and Directors of Takeover concerning material information regarding investors, products, and sales, which is not in the best interests of Takeover;

**WHEREAS,** the Board has determined that Jason Tucker has acted in breach of corporate formalities and in breach of his fiduciary duties;

**WHEREAS**, the Board has determined Jason Tucker has instructed others at Takeover not to communicate with other Takeover Officers and Directors, which is not in the best interests of Takeover; and

**WHEREAS**, the Board has determined Jason Tucker has caused Takeover to fail to honor its contractual obligations, leading to potential, threatened, and/or actual claims and/or litigation against Takeover, which is not in the best interests of Takeover.

1

**NOT THEREFORE**, it is

1. **RESOLVED**, Jason Tucker is suspended from all position he holds at Takeover, including President for a period of thirty days, with pay, and his authority to act on behalf of Takeover is in all aspects revoked during this period;

2. **RESOLVED**, Melissa Tucker is suspended from all her positions at Takeover for a period of thirty days, with pay, and her authority to act on behalf of Takeover is in all aspects revoked during this period;

3. **RESOLVED**, Jason and Melissa Tucker shall turn over to the Board all accounts, documents, passwords or other material belonging to Takeover;

4. **RESOLVED,** the Board shall conduct a review of Jason Tucker's actions from the period September 1, 2021 to the date hereof;

5. **RESOLVED,** the Board shall reconvene in thirty-days to discuss Jason Tucker's continuing with Takeover in any capacity;

6. **RESOLVED,** Joseph Pavlik is appointed interim President of the Company until the Board makes a determination with respect Jason Tucker;

7. **RESOLVED**, Toby McBride is reappointed as CEO of Takeover, and any leave of absence or revocation of his authority to act on Takeover's behalf his hereby terminated; and

8. **RESOLVED**, Veronica Manolio, counsel for Takeover, shall immediately turn over to the President and CEO, all contracts, documents, information, communications, passwords and financial accounts of Takeover.

**IN WITNESS WHEREOF**, the undersigned, being all of the Directors of the Company **Agreed, Approve and Adopt** the foregoing resolutions as of November 7, 2022.

_____
Joseph Pavlik, Director

_____
Michael Holley, Director, as to Resolutions 1-7, and abstaining from Resolution 8.

_____
Toby McBride, Director, as to Resolutions 1-6, and 8, and abstaining from Resolution 7.

# EXHIBIT 7

## Resolution of the Board of Directors
## of
## Takeover Industries, Inc.

**WHEREAS**, a special meeting of the Board of Directors of Takeover Industries, Inc. (the "Company") was held on December 6, 2022, and the following Directors appeared by conference call: Toby McBride, Michael Holley, and Joseph Pavlik.  All Directors waived notice requirements for this meeting.

**WHEREAS**, the Board having previously been instructed on November 7, 2022, to "meet immediately for the purpose of taking corrective action regarding the matters discussed at the November 7, 2022" Board Meeting of Labor Smart Inc.;

**WHEREAS**, the Board met on November 7, 2022 and discussed corrective action, which included, among other things, misconduct of Jason Tucker as President of the Company;

**WHEREAS,** upon the Board's resolution, Jason Tucker was suspended from his position as President of the Company for a period of thirty days, with pay, starting on November 7, 2022, and his authority to act on behalf of the Company was in all aspects revoked during this period;

**WHEREAS,** Jason Tucker was therefore requested on November 7, 2022 to turn over to the Board of Directors of the Company all accounts, documents, passwords or other material belonging to the Company, but only partially complied with this directive by turning over certain limited account information, and otherwise failed to comply;

**WHEREAS,** Jason Tucker's non-compliance with the Board during this suspension period is interfering with Company operations;

**WHEREAS,** the Board of Directors has been conducting a review of Jason Tucker's actions from the period September 1, 2021 to the date hereof;

**WHEREAS,** the Board of Directors requires additional time to complete its review of Jason Tucker's actions from the period September 1, 2021 to the date hereof;

After discussion, the following resolutions were adopted.

1

9295956

**RESOLVED**, Jason Tucker's suspension from his position as President of the Company with pay, is hereby extended for an additional thirty days, and his authority to act on behalf of the Company remains revoked during this period;

**RESOLVED**, Jason Tucker <u>must</u>, to the extent he has not already done so, turn over to the Board of Directors of the Company **<u>all</u>** accounts, documents, passwords or other material belonging to the Company;

**RESOLVED,** the Board of Directors shall continue its review of Jason Tucker's actions from the period September 1, 2021 to the date hereof;

**RESOLVED,** the Board of Directors shall reconvene in thirty-days to discuss Jason Tucker's continuing as the Company's President;

**IN WITNESS WHEREOF**, the undersigned, being all of the Directors of the Company **Agreed, Approve and Adopt** the foregoing resolutions as of December 6, 2022.


_____
Joseph Pavlik, Director

_____
Michael Holley, Director

_____
Toby McBride, Director

9295956