**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Labor Smart Inc., | No. CV-22-00357-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Jason Tucker, *et al.*, | |
| Defendants. | |

At issue is Defendants Jason and Melissa Tucker's Motion to Set Aside Clerk's Entry of Default (Doc. 144, "Mot."), to which Plaintiff Labor Smart Inc. filed a Response (Doc. 145, "Resp."), and Defendants filed a Reply (Doc. 146).

**I.    BACKGROUND**

In May 2022, former Defendant Michael Holley filed a third-party complaint on behalf of Labor Smart Inc., which included four claims against the Tuckers. (Doc. 38 at 18–22.) In August 2022, the Tuckers filed a Partial Motion to Dismiss and an Answer with denials as to all four claims. (Docs. 60, 58.)  In September 2022, Holley filed an Amended Complaint (Doc. 67) alleging the same four claims against the Tuckers. (Doc. 67 at 25–30.) The Tuckers then filed a Motion to Dismiss (Docs. 74, 75). After months of convoluted motion practice and procedure, the Court substituted Labor Smart in place of Holley, stated that the September 2022 Amended Complaint (Doc. 67) shall be the operative complaint, denied as moot the Tuckers' Motion to Dismiss (Docs. 74, 75), and ordered the Tuckers to

"file an Answer to the Amended Complaint (Doc. 67) within the time provided under the Federal Rules of Civil Procedure."[1] (Doc. 129 at 11–12.)

The Tuckers instead filed a Partial Motion to Dismiss the first claim, which the Court granted on October 6, 2023. (Doc. 134, 140.) In the Court's Order, the Court again acknowledged that the Tuckers' previous Answer was "no longer operative." (Doc. 140 at 4.) Thus, under Federal Rule of Civil Procedure 12(a)(4)(A), the Tuckers had fourteen days to answer the two remaining claims.

For nearly the next seven months, neither party filed anything on the docket. On April 25, 2024, the Court ordered that Labor Smart either apply for entry of default or file a status report. (Doc. 141.) Labor Smart elected to apply for default, which the Clerk entered. (Docs. 142, 143.) The Tuckers admit that they should have filed an Answer to the Amended Complaint as ordered by the Court, but they nevertheless move the Court to set aside the entry of default for good cause. (Mot. at 4.)

**II.   ANALYSIS**

Federal Rule of Civil Procedure 55(a) states that the Clerk of Court must enter default when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Rule 55(c) allows the Court to set aside any entry of default for "good cause." *See O'Connor v. Nevada*, 27 F.3d 357, 364 (9th Cir. 1994) (noting that a district court's discretion is especially broad when considering whether to set aside entry of default). In deciding whether to exercise its discretion and set aside an entry of default, the Court must consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether the party seeking to set aside the default has no meritorious defense; and (3) whether setting aside the default would prejudice the other party. *United States v. Signed Personal Check No. 730 of Yubran S. Mesle* ("*Mesle*"), 615 F.3d 1085, 1091 (9th Cir. 2010) (citing *Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 925–26 (9th Cir. 2004)) (citations omitted). A finding that any one of these factors is true is sufficient reason for the Court to refuse to

---

[1] Holley also voluntarily dismissed the fourth claim (Doc. 124), leaving only three claims remaining against the Tuckers.

set aside the default, but the Ninth Circuit also cautions that "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Id.* (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).

### A. The Tuckers' Conduct

In evaluating the first factor, the Court must determine whether the Tuckers' conduct was culpable. *See TCI Grp. Life Ins. Plan v. Knobber*, 244 F.3d 691, 697 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001). "[A] defendant's conduct is culpable if [the defendant] has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *Id.* (quoting *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988)). The Ninth Circuit has held that conduct can be intentional only where "there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Mesle*, 615 F.3d at 1092 (9th Cir. 2010) (quoting *TCI*, 244 F.3d at 697)).

The Tuckers argue that they did not engage in any culpable conduct that led to the default. (Mot. at 3.) They avow that they did not fail to answer for a strategic or improper reason, but rather because Labor Smart turned its attention toward settlement efforts and the Tuckers followed suit. (Mot. at 4.) The Tuckers add that, throughout their discussions, Labor Smart "never even suggested" that the Tuckers file an Answer. (Mot. at 4.) Labor Smart responds by arguing that the Tuckers must be culpable because the Court's Order provided actual notice that they were required to answer. (Resp. at 3–4.)

But notice is only half the test. The Ninth Circuit has explained that the applicable standard requires a court to determine whether the defendants had notice *and* intentionally failed to answer. *Mesle*, 615 F.3d at 1093. And "in this context, the term 'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure as culpable, the movant must have acted with bad faith." *Id.* at 1092. The Tuckers have adequately explained that their failure to answer was not the product of devious strategy or bad faith but rather a mere mistake as they turned

their focus toward settlement efforts. The Court thus concludes that the Tuckers were not culpable.

### B. Meritorious Defenses

The Tuckers next argue that they have meritorious defenses. (Mot. at 5.) The burden to satisfy the "meritorious defense" requirement is not heavy, and the movant need only allege sufficient facts that, if true, would constitute a defense. *Mesle*, 615 F.3d at 1094. Nonetheless, it is important that the movant present the Court with specific facts. *Franchise Holding II*, 375 F.3d at 926. "A 'mere general denial without facts to support it' is not enough to justify vacating a default or default judgment." *Id.* (quoting *Madsen v. Bumb*, 419 F.2d 4, 6 (9th Cir. 1969)).

Labor Smart's remaining claims are for breach of fiduciary duty and conversion, and the operative Amended Complaint lays out the alleged facts giving rise to each claim. (Doc. 67 at 27–29.) The Tuckers state that they have meritorious defenses, alleging in their Motion that "Mr. Tucker disputes the improper termination of his rights," "Mr. Tucker disputes having mismanaged Labor Smart funds," and there is "financial data and proof that Mr. Tucker did not spend/take/convert any funds for his own personal benefit." (Mot. at 5.) The Tuckers also reference their previous, inoperative Answer. And although the Court ordered the Tuckers to file a new Answer, the Court recognizes that the previous Answer responded to claims identical to the two claims remaining in the Amended Complaint. (Docs. 38, 58, 67.)

The previous Answer denied each allegation set forth in the breach of fiduciary duty and conversion claims. (Doc. 58 ¶¶ 37–40.) Labor Smart thus argues that the previous Answer is nothing more than a general denial without facts to support it, which cannot justify vacating a default under *Franchise Holding*. (Resp. at 5.) And Labor Smart is correct that such a general denial is insufficient to show a meritorious defense at this stage.

However, it does not follow that the Court must deny the Tuckers relief. *See Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1112 (9th Cir. 2011) ("A district court may exercise its discretion to deny relief to a defaulting defendant based solely upon a finding

of [one of the three factors], but need not."). The Court declines to deny the Tuckers' Motion on that ground here. When the Court ordered the Tuckers to file a new Answer, it sought to create a clean record after a substantial realignment of the parties. While this rendered the Tuckers' previous Answer inoperative, the Court acknowledges that the Answer provided the Tuckers' response to the factual allegations against them. The Court thus finds that it would be inequitable to deny relief based solely on the Tuckers' inability to show a meritorious defense at this stage, as the previous Answer was, at the time, adequate to set forth the Tuckers' defenses and notify Labor Smart of them.

### C.    Prejudice to Labor Smart

Finally, the Court must evaluate whether setting aside the default would prejudice Plaintiff. "To be prejudicial, the setting aside of a [default] must result in greater harm than simply delaying resolution of the case." *TCI*, 244 F.3d at 701. The standard the Court applies is whether Plaintiff's ability to pursue its claim would be hindered if the default were set aside. *Id.* For a delay to be prejudicial, it must result in tangible harm, such as the loss of evidence, increased difficulties of discovery, or greater opportunities for fraud or collusion. *Id.* (citing *Thompson v. Am. Home Assurance Co.*, 95 F.3d 429, 433–34 (6th Cir. 1996)).

The Court finds that Labor Smart would not be prejudiced here. First, as mentioned, Labor Smart has known the substance of the Tuckers' defenses since August 2022. Moreover, neither party has done anything to advance this litigation for more than half a year. Although the Tuckers did not file an Answer as ordered by the Court, Labor Smart could have applied for entry of default since October 2023 but did not do so until the Court's recent Order. Labor Smart cannot now claim to be prejudiced by the Court setting aside a default that it did not pursue for over seven months. Finally, Labor Smart contends that it would be prejudiced for having to continue litigating a case that its current management team never initiated or approved. (Resp. at 5.) But this argument rings hollow, because if Labor Smart's current management team truly wished to cease this litigation, it

could simply dismiss the matter. Regardless, prejudice in this context must be more than only delaying resolution of the case. *See TCI*, 244 F.3d at 701.

### III. CONCLUSION

The Tuckers have shown that they did not engage in culpable conduct leading to the default, and Labor Smart would not be prejudiced by the Court setting the default aside. And although the Tuckers' briefing has not shown a meritorious defense so as to satisfy the second factor, the Court finds that the Tuckers' previous Answer sufficed to put Labor Smart on notice of the Tuckers' response to its allegations, and it would thus be inequitable to deny the Tuckers' Motion on that ground. In its discretion, the Court will grant the Tuckers' Motion.

**IT IS THEREFORE ORDERED** granting Defendants Jason and Melissa Tucker's Motion to Set Aside Clerk's Entry of Default (Doc. 144). The Clerk of Court is directed to set aside the Clerk's Entry of Default (Doc. 143).

**IT IS FURTHER ORDERED** that Defendants Jason and Melissa Tucker shall file an Answer to the operative Amended Complaint within fourteen days of the date of this Order.

Dated this 24th day of June, 2024.

Honorable John J. Tuchi
United States District Judge