# EXHIBIT D

# Paul Levine

| | |
|---|---|
| **From:** | Jennifer Reiter <jenreiter@reiterlawaz.com> |
| **Sent:** | Friday, July 19, 2024 10:20 AM |
| **To:** | Paul Levine; Tom Zarro; Mike Holley |
| **Subject:** | FW: Board Meeting Notice |

**Scroll down to the bottom**

Jennifer A. Reiter
**Reiter Law, PLC**
4500 N. 32nd St. Suite 201H
Phoenix, Arizona 85018
602-840-3567
jenreiter@reiterlawaz.com
www.reiterlawaz.com

CAUTION:   THE INFORMATION CONTAINED IN THIS E-MAIL COMMUNICATION MAY BE CONFIDENTIAL AND IS INTENDED SOLELY FOR THE USE OF THE RECIPIENT NAME(S) ABOVE.  IF YOU ARE NOT THE INTENDED RECIPIENT, ANY READING, DISSEMINATION, DISTRIBUTION, COPYING OR OTHER USE OF THIS COMMUNICATION FOR ANY PURPOSE IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY THE SENDER IMMEDIATELY.  THANK YOU.

**From:** Matthew Canini <mcanini@sillscummis.com>
**Sent:** Monday, November 7, 2022 9:19 AM
**To:** Veronica L. Manolio <vmanolio@mf-firm.com>; Jennifer Reiter <jenreiter@reiterlawaz.com>
**Cc:** Robert McKirgan <rmckirgan@pswmlaw.com>
**Subject:** RE: Board Meeting Notice

Veronica:

You have no legal basis to stop a vote pending a Court order, and your panic indicates you understand such a vote would be valid.

You client has apparently unilaterally put the company into default.  Please circulate these documents immediately.

Regards,

**Matthew P. Canini**
Of Counsel



website | bio | vCard | newsroom | email

101 Park Avenue, 28th Floor, New York, NY 10178
p (212) 500-1582 | f (212) 643-6500   map

**From:** Veronica L. Manolio <vmanolio@mf-firm.com>
**Sent:** Monday, November 7, 2022 10:58 AM
**To:** Matthew Canini <mcanini@sillscummis.com>; Jennifer Reiter <jenreiter@reiterlawaz.com>
**Cc:** Robert McKirgan <rmckirgan@pswmlaw.com>
**Subject:** RE: Board Meeting Notice

1

\*\*\* External Email \*\*\*

Please read my latest email and include Mr. Deppoleto's counsel in your meeting.

Please understand, again, that no "votes" will be implemented without Court order. We believe this is an improper move and will certainly need the Court to get involved.

*Veronica*



8686 E. San Alberto Drive, Suite 200
Scottsdale, Arizona 85258
(480) 222-9100

---

**From:** Matthew Canini <mcanini@sillscummis.com>
**Sent:** Monday, November 7, 2022 8:55 AM
**To:** Veronica L. Manolio <vmanolio@mf-firm.com>; Jennifer Reiter <jenreiter@reiterlawaz.com>
**Cc:** Robert McKirgan <rmckirgan@pswmlaw.com>
**Subject:** RE: Board Meeting Notice

Veronica:

The meeting is proceeding, it is properly noticed and valid. Your desire not engage in "email battle" notwithstanding, you have raised no non-conclusory assertion that the meeting is invalid.

Evidently your client Mr. Pavlik will be attending and you are choosing not to represent him with respect to the meeting despite the fact that notice indicates it will discuss a litigation in which he is a party. I **STRONGLY** suggest consistent with his communication to you last night that you attend, in fact, as his attorney I do not see how you can refuse?

The meeting is convening in eight minutes. There were no plans to record it, there is now no time to set up recording and my understanding is that the parties are not consenting to a recording.

A record of the vote will be transmitted after, and we expect your client to comply.

Regards,

**Matthew P. Canini**
Of Counsel



website | bio | vCard | newsroom | email

101 Park Avenue, 28th Floor, New York, NY 10178
p (212) 500-1582 | f (212) 643-6500  map

**From:** Veronica L. Manolio <vmanolio@mf-firm.com>
**Sent:** Monday, November 7, 2022 10:43 AM
**To:** Jennifer Reiter <jenreiter@reiterlawaz.com>; Matthew Canini <mcanini@sillscummis.com>
**Cc:** Robert McKirgan <rmckirgan@pswmlaw.com>
**Subject:** RE: Board Meeting Notice
**Importance:** High

**\*\*\* External Email \*\*\***

Counsel:

I will not waste time in an email battle.

If you choose to proceed with whatever "meeting" you think is appropriate, feel free. It is not a proper meeting, and any votes will not be enacted without further court intervention.

Mr. Tucker will not participate; I will not participate; and, I am instructing Mr. Pavlik not to participate (though I cannot control if he chooses to do so).

**Please record the meeting** so there is a good record of the discussion and any alleged voting.

*Veronica*



8686 E. San Alberto Drive, Suite 200
Scottsdale, Arizona 85258
(480) 222-9100

**From:** Jennifer Reiter <jenreiter@reiterlawaz.com>
**Sent:** Sunday, November 6, 2022 7:38 PM
**To:** Matthew Canini <mcanini@sillscummis.com>; Veronica L. Manolio <vmanolio@mf-firm.com>
**Cc:** Robert McKirgan <rmckirgan@pswmlaw.com>
**Subject:** Re: Board Meeting Notice

Veronica,

3

I'll respond to your e-mail as well.

Regarding your comment of "improper notice issues," I looked at the notice requirements and it appears that notice was proper. Two days/48 hours' notice is sufficient, and this was more notice than that, sent by proper means to all persons required to be noticed. On the other hand, you/your client have, recently, held Special Meetings with far less notice than this and without compliance with other requirements for meeting notice.

Second, I concur with Matt Canini's analysis of the actions purportedly undertaken in December 2021 and the fact that legally, Mike Holley could **not** have been removed as a director of LTNC, and as such, he is still currently a director of LTNC. As you know, I have not been made aware of significant and material company information in connection with the lawsuit that was relevant to my representation of Toby. Toby, too, has been shut out of communications, and material information has been withheld from him by Jason Tucker, that Toby was entitled to receive, as CEO and Director of Takeover and a Director of Labor Smart. Only recently has new information come to light that has revealed the above, including wrongdoing by your client, Jason Tucker. Toby is acting in the best interests of Takeover, LTNC and its shareholders, as am I as his counsel.

Regarding your position that Toby cannot call a meeting or speak about the companies due to his "leave of absence," Toby is still a Director and can still take these actions. The "leave of absence" with its purported "gag rule" comes from minutes from a meeting which I was expressly forbidden to attend, at which Toby was coerced/threatened into signing the minutes after being given incorrect, incomplete information and/or misrepresentations, and with no consideration. I see no way that these minutes would be found to be a binding agreement requiring Toby to abstain from taking part in an important meeting being held in the best interests of Takeover, LTNC, and its shareholders. And, of course, the "leave" was from Takeover, not LTNC. In any event, Toby's can alter/revoke his agreed leave under these circumstances and especially because Jason Tucker has also not abided by the terms of it. Jason Tucker has called Toby several times about company matters during the "leave" period. (Finally, if there somehow was a claim by Tucker or the company against McBride for breach of his "leave" as a contract, there are no damages.)

Regarding your comment about paying counsel fees, this meeting has nothing to do with anything like that. Same as to the idea of getting early discovery outside of the litigation process. As the CEO and a Director, Toby is entitled to all relevant and material company information. Unfortunately, we have learned that a great deal of material information has been kept from Toby. This has nothing to do with the litigation. Further, neither the company nor Mr. Tucker **have ever stated any claims against Toby in the lawsuit**, and the pleadings are closed. Your comments are concerning in that they confirm that you/Mr. Tucker believe that there has been a basis to withhold material information from myself and Toby.

I'll talk to you at the meeting.

Jennifer

Jennifer A. Reiter
**Reiter Law, PLC**
4500 N. 32nd St. Suite 201H
Phoenix, Arizona 85018
602-840-3567
jenreiter@reiterlawaz.com
www.reiterlawaz.com

4

CAUTION:   THE INFORMATION CONTAINED IN THIS E-MAIL COMMUNICATION MAY BE CONFIDENTIAL AND IS INTENDED SOLELY FOR THE USE OF THE RECIPIENT NAME(S) ABOVE.  IF YOU ARE NOT THE INTENDED RECIPIENT, ANY READING, DISSEMINATION, DISTRIBUTION, COPYING OR OTHER USE OF THIS COMMUNICATION FOR ANY PURPOSE IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY THE SENDER IMMEDIATELY.  THANK YOU.

**From:** Matthew Canini <mcanini@sillscummis.com>
**Sent:** Sunday, November 6, 2022 4:31 PM
**To:** Veronica L. Manolio <vmanolio@mf-firm.com>
**Cc:** Robert McKirgan <rmckirgan@pswmlaw.com>; Jennifer Reiter <jenreiter@reiterlawaz.com>
**Subject:** RE: Board Meeting Notice

Veronica:

Your email does not require a response, particularly as all of these issues have been addressed before and numerous times.  Regardless, we would like to give your clients an opportunity to appear at Monday's meeting and do not want them to be under the misimpression that their appearance is not required by virtue of some technical defect.

First, regarding the notice, I see no notice issues.  Nevada law only requires reasonable notice, and Wyoming law requires two days' notice.  The Bylaws require two days' notice by telex or "other similar means." We don't use telex anymore as a society, but as both email and telex are essentially an electronic means of transmitting writing I think it is fair to say an email is an "other similar means."  The notice was sent to all board members, Toby, Mike and Jason and included the alleged board member Joseph Pavlik.  Therefore, the notice is sufficient and, in any event, your email indicates Jason received actual notice and knows of the meeting.  While you do not appear to write you email on behalf of Mr. Pavlik, I trust that as his counsel you have confirmed he received the notice.

Second, Mike is a board member of LTNC.
- On September 13, 2021 the shareholders filled LTNC's vacant board positions with Jason, Mike and Toby by exercise of the 51 series A preferred shares, and presumably their common.  Taking into account the enhanced voting rights of the Series A, the vote was 19,283,582,170 out of a total 29,282,150,656 available votes (66%).  Therefore, the Board of Directors of LTNC consists of Toby, Mike and Jason.
- Pursuant to N.R.S. 78.335 a director can, in most circumstances, only be removed by a two-thirds vote of the shareholders.
- Pursuant to Wyoming Stat. 17-16-808(d) a director may be removed by the shareholders only at a shareholder meeting called for that purpose.
- LTNC never called a shareholder meeting.
- On December 21, 2021, Toby, Jason and Joseph (**a non-board members**) held an alleged Board of Directors Meeting without notice to Mike to remove Mike as a Board member, **which cannot be done under the law.  Board members cannot remove other board members.**

- Even had Toby, Jason and Joseph voted all their shares at that meeting, they did not, it still would have only been 12,445,721,447 of the 29,282,150,656 available votes (42.54%), which is not enough to remove a director under either Nevada or Wyoming law by written consent.
- Therefore, Mike is a Board member of LTNC.

Third, I will let Jennifer speak as to whatever agreement you claim Toby entered into with Jason or Takeover. I have not seen it, but I fail to see how an agreement at the Takeover level would affect its parent company, particularly Board of Director activities because, as noted, only shareholders can remove board members and a leave of absence is not a resignation.

Fourth, there are indisputably adverse interest among the individual board members; however that does not alleviate their responsibilities to act as LTNC's Board or to manage the company. Toby and Mike seem to want to do that, Jason appears to want to use the lawsuit as pretext for a freeze out to benefit himself. The lawsuit does not give Jason the right not to conduct Board meetings and he has conducted several during the lead up to the lawsuit and its pendency. He cannot claim a meeting is improper because he disagrees only with this one, or it does not further his scheme. Nevertheless, in light of the adverse interests all counsel will attend the meeting.

Fifth, whatever the parties' discovery obligations are, those are separate from an officer's obligation to provide information to other officers and directors, or the company's obligation to provide information to its shareholders. The discovery process is not an excuse for Jason to breach his fiduciary duty by withholding information from other officers and directors.

Sixth, the notice does not mention legal fees, so I am not sure what prompted this. Even so, while we are on the topic, I have previously asked you to confirm whether Mr. Tucker would be taking advancement. My understanding is that he has been, and I would like you to produce evidence of the undertaking? <u>See</u> bylaws.

In terms of next steps for LTNC, they are as set forth in the notice. A meeting will be held on Monday at 9:00 a.m. I will speak with you then. In terms of next steps in the litigation the Court is well overdue to schedule a 16(f) conference, but by the same account we are well overdue to do our 26(f). I am available next Tuesday all day. I can circulate a dial in.

Finally, I note your email is just on behalf of Mr. Tucker. What of your other client Mr. Pavlik?

Talk to you Monday, and hopefully Tuesday.


Matthew P. Canini
Of Counsel



website | bio | vCard | newsroom | email

101 Park Avenue, 28th Floor, New York, NY 10178
p (212) 500-1582 | f (212) 643-6500  map

---

**From:** Veronica L. Manolio <vmanolio@mf-firm.com>
**Sent:** Friday, November 4, 2022 8:32 PM
**To:** Matthew Canini <mcanini@sillscummis.com>; Jennifer Reiter <jenreiter@reiterlawaz.com>
**Cc:** Robert McKirgan <rmckirgan@pswmlaw.com>; Jason Tucker <jason@takeoverind.com>; 'Joe Pavlik' <jpavlik@flexusinc.com>
**Subject:** Board Meeting Notice
**Importance:** High

*** External Email ***

Counsel:

Mr. Tucker just received and forwarded me a "Notice of Meeting" sent by Toby McBride, attempting to conduct a LTNC Board of Directors Meeting on Monday morning at 9:00am. I am hopeful that neither of you saw this Notice and that it was done without your input or blessing.

Putting aside the improper notice issues, we all need to be on the same page here, or I need to know if court intervention is necessary.

1. Michael Holley is not on the Board of Directors of LTNC, as he was removed by vote on December 21, 2022 and has been out of that Director position for nearly a year. This is part of the fight in ongoing litigation.
   Mr. Holley has neither an ability to make a "motion" for a Special Meeting nor an ability to participate in a Board of Directors meeting.

2. Mr. McBride has been placed on a Leave of Absence and actually **agreed** to take that leave of absence while investigation was conducted. He is strictly prohibited from engaging in discussions or interactions regarding the business of Takeover <u>or its parent</u> (LTNC) while he remains on leave.

3. Each of the gentlemen listed in the Notice are personally named Defendants in the lawsuit, and there are clearly adverse interests among them.

4. We are in the initial pleading phase of litigation, yet this "Board Meeting" is being used to seek discovery of Takeover's financial records, status, and corporate and financial controls.

Messrs. Holley and McBride cannot force a meeting to discuss ongoing litigation and to attempt to get their personal attorneys' fees paid.

Please confirm for me that we (counsel) all understand this Board Meeting is not proper and will not go forward as noticed. I am more than happy to discuss next steps with each of you (counsel), but we all need to be directing our clients that they cannot circumvent litigation protections and procedures.

*Veronica*

Veronica L. Manolio
*Attorney at Law*
**MANOLIO & FIRESTONE, PLC**
8686 E. San Alberto Drive, Suite 200
Scottsdale, Arizona 85258
(480) 222-9100
(480) 222-9106 - Fax
www.mf-firm.com

**NOTICE:** The information contained in this e-mail message is attorney privileged and confidential information, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone at (480) 222-9100 or reply by e-mail and delete and/or discard the message.

Although this e-mail and any attachments are believed to be free of any virus or other defect that may affect any computer or computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus-free and no responsibility is accepted by MANOLIO & FIRESTONE, PLC for any loss or damage arising in any way from this communication. Thank you.

NOTICE: The contents of this email and any attachments to it contain confidential and/or legally privileged information from the law firm of Sills Cummis & Gross P.C. This information is only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of the contained information is strictly prohibited and that the documents should be returned to this firm immediately. In this regard, if you have received this email in error, please notify us by email immediately.

**Although this email and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Sills Cummis & Gross P.C. for any loss or damage arising in any way from its use.

This email message has been scanned for viruses by Mimecast.