# EXHIBIT E

## Resolution of the Board of Directors
## of
## Labor Smart Inc.

**WHEREAS**, a special meeting of the Board of Directors of Labor Smart Inc. (the "Company") was noticed to Toby McBride, Michael Holley, Jason Tucker and Joseph Pavlik on November 4, 2022 via email;

**WHEREAS**, on November 7, 2022 at 9:00 a.m. MST, Michael Holley, Toby McBride, and Joseph Pavlik appeared by conference call;

**WHEREAS**, Several minutes before the time of the call, Veronica Manolio, Esq., had communicated by e-mail to Matthew P. Canini, Esq., counsel for Mike Holley, and Jennifer Reiter, Esq., counsel for Toby McBride, that neither she nor her client Jason Tucker would be appearing at the meeting;

**WHEREAS**, Veronica Manolio also represents Joseph Pavlik and, as such, Mr. Canini and Ms. Reiter immediately departed the call before the meeting commenced and did not participate in any portion of the meeting;

**WHEREAS**, On September 13, 2021, pursuant to Section 10 of the Company's bylaws and by unanimous exercise of all 51 shares of the Company's Series A Preferred Stock of which Michael Holley owns 17 shares, Jason Tucker owns 17 shares, and Joseph Pavlik owns 17 shares, the Shareholders of the Company by a vote of 19,283,582,170 out of a total 29,282,150,656 available votes (66%) filled the Company's vacant director positions by appointing Toby McBride, Jason Tucker and Michael Holley as directors of the Company;

**WHEREAS**, on December 21, 2021, by motion of Jason Tucker the Board of Directors of the Company convened and by a vote of Toby McBride, Jason Tucker, and Joseph Pavlik resolved and did attempt to remove Michael Holley as a Director of the Company, and as a director and officer of the Company's wholly owned subsidiary Takeover Industries, Inc. ("TI") (the "December 2021 Meeting");

**WHEREAS**, Michael Holley was hospitalized with COVID-19 at the time of the December 2021 Meeting, and was known by Jason Tucker, Toby McBride and Joseph Pavlik to have been hospitalized, and he did not receive notice of the December 2021 Meeting, attend the Meeting, vote on the issues raised thereat, or subsequently ratify any actions taken at that Meeting;

1

**WHEREAS**, Joseph Pavlik was not a Director of the Company at the time of the December 2021 Meeting, but voted at the December 2021 Meeting;

**WHEREAS**, pursuant to N.R.S. 78.335 titled "Directors: Removal; filling vacancies," a director can, in most circumstances, only be removed by a two-thirds vote of the shareholders;

**WHEREAS**, pursuant to Wyoming Stat. 17-16-808(d) titled "Removal of Directors" a director may be removed by the shareholders only at a shareholder meeting called for that purpose;

**WHEREAS**, the Company never convened a shareholder meeting for the purpose of removing directors of the Company under either Nevada or Wyoming law;

**WHEREAS**, even had Jason Tucker, Joseph Pavlik and Toby McBride voted their Common and Series A Preferred shares at the December 21, 2021 Meeting, which they did not, their votes, including their exercise of 34 of the Company's Series A Preferred shares, would only have represented 12,445,721,447 of the 29,282,150,656 available votes (42.54%), which is not enough to remove a director under either Nevada or Wyoming law;

**WHEREAS**, based on the foregoing the actions taken at the December 2021 Meeting were unauthorized and not in conformity with the law or Company Bylaws;

**WHEREAS**, by virtue of Holley being unlawfully frozen out from the Board of Directors actions taken by the Board of Directors subsequent to the December 2021 Meeting are ultra-vires;

**WHEREAS**, during the December 2021 Meeting, Jason Tucker claimed Michael Holley had committed various improprieties, including theft and embezzlement;

**WHEREAS**, during the December 2021 meeting Jason Tucker attempted to cause the Company to transfer Holley's shares in the Company to other individuals, including himself;

**WHEREAS**, at the direction of Jason Tucker, TI commenced a lawsuit against Michael Holley in the Central District of California and later in the District of Arizona (the "Lawsuit");

**WHEREAS**, during the course and time frame of the Lawsuit information was made available to Jason Tucker, Toby McBride, and Joseph Pavlik based on which Toby McBride and Joseph Pavlik now understand that that their actions at the December 2021 Meeting were a nullity and not in conformity with the law and Company Bylaws;

**WHEREAS**, based on information on information obtained during the lawsuit, Toby McBride and Joseph Pavlik now understand that Jason Tucker's allegations against Michael Holley were wrong and for the purpose of attempting to personally enrich Jason Tucker;

2

**WHEREAS**, since Michael Holley was frozen out of the Company and TI, Tucker has engaged in wrongful conduct, and failed to meet his fiduciary duties, as President and Director of TI and a Director of the Company, including withholding information from undisputed officers and directors, subverting the directions of TI's CEO, hiring vendors without approval that only answer to Jason Tucker, and keeping secret TI's financial situation, which is not in the best interest of TI's shareholders;

**WHEREAS**, Jason Tucker has been untruthful to other Officers and Directors of the Company and TI concerning material information regarding investors, products, and sales, which is not in the best interests of TI and Company shareholders;

**WHEREAS**, Jason Tucker has instructed others at TI not to communicate with other TI Officers and Directors, which is not in the best interests of TI and Company shareholders;

**WHEREAS**, Jason Tucker has caused TI to fail to honor its contractual obligations, leading to potential, threatened, and/or actual claims and/or litigation against TI, which is not in the best interests of TI and Company shareholders;

**WHEREAS,** Eric Bjorgum has previously been retained to the do legal work for the Company;

**WHEREAS**, at the November 7, 2022 Meeting a quorum was present;

**WHEREAS**, at the November 7, 2022 Meeting the foregoing matters were discussed and all directors had a full and fair opportunity to ask questions and be heard;

**WHEREAS**, given the dispute in the Lawsuit and Joseph Pavlik's vote at the December 2021 Meeting, he was invited to attend and participate in the November 7, 2022 meeting and, although not a director of the Company, indicate what his vote would be were he a Director;

**THEREFORE, IT IS**:

**RESOLVED**, all actions Taken at the December 21, 2021 meeting to the extent they were ever effective are voided;

**RESOLVED**, Michael Costello is suspended from his position as CEO of the Company for a period of thirty days, with pay, and his authority to act on behalf of the Company is in all aspects revoked during this period;

**RESOLVED**, Michael Costello shall turn over to the Board of Directors of the Company all accounts, documents, passwords or other material belonging to the Company;

**RESOLVED,** the Board of Directors shall conduct a review of Michael Costello's actions from the period September 1, 2021 to the date hereof;

**RESOLVED,** the Board of Directors shall reconvene in thirty-days to discuss Michael Costello's position at LTNC;

**RESOLVED,** Michael Holley is appointed interim CEO of the Company until the Board Directors makes a determination with respect Michael Costello;

**RESOLVED**, Jason Tucker shall immediately turn over to the Board of Directors all contracts, documents, information, communications, passwords and financial accounts of the Company;

**RESOLVED**, Eric Bjorgum shall immediately turn over to the Board of Directors all contracts, documents, information, communications, passwords and financial accounts of the Company;

**REVOLVED**, the Board of Director will conduct a review of all actions taken by the Company since September 21, 2021 to the present;

**RESOLVED**, the Board of Directors shall conduct a review of all actions taken by Jason Tucker from September 21, 2021 to the present;

**RESOLVED,** Eric Bjorgum is terminated as the Company's counsel;

**RESOLVED,** the Board of Directors will conduct a review of the Lawsuit;

**RESOLVED**, the planned spinoff of Takeover is suspended for ninety days, while the Company undertakes a review of documents and information concerning the transaction, which have been withheld by Jason Tucker;

**RESOLVED**, effective immediately, by exercise of a vote of the shares of TI owned by the Company, which is between 97.345% and 100% of all issued and outstanding shares of TI, the Company hereby removes Jason Tucker from TI's board of directors and appoints Michael Holley to replace him.

**RESOLVED**, Joseph Pavlik and Toby McBride shall remain on TI's board of directors; and

**RESOLVED**, TI's board of directors is to meet immediately for the purpose of taking corrective action regarding the matters discussed at the November 7, 2022 meeting.

**IN WITNESS WHEREOF**, the undersigned, being two of the three Directors of the Company **Agree, Approve and Adopt** the foregoing resolutions as of November 7, 2022 following the duly noticed meeting of the Board of Directors held on this date.

_____
Joseph Pavlik, Observer

_____  _____
Toby McBride, Director            Michael Holley, Director