Paul M. Levine, Esq. (007202)
**PAUL M. LEVINE, P.C.**
8502 E. Via de Ventura, Suite 230
Scottsdale, Arizona 85258
Telephone: (480) 302.4102
Facsimile: (480) 300.4984
plevine@pmlevinepc.com
*Attorney for Third Party Defendants*
*Takeover Industries, Inc.,*
*Next Gen Beverages, LLC,*
*Michael Holley and Chirine Holley,*
*Joseph Pavlik, Thomas Zarro and*
*Kimberly Zarro, Toby McBride*

**IN THE UNITED STATES DISTRICT COURT**

**IN AND FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Labor Smart, Inc, <br><br> Plaintiff, <br><br> v. <br><br> Jason Tucker et al., <br><br> Defendants. | Case No.  CV-22-00357 PHX-JJT <br><br> **TAKEOVER INDUSTRIES, INC., NEXT GEN BEVERAGES, LLC, HOLLEYS, PAVLIK, ZARRO AND MCBRIDE'S ANSWER TO THIRD PARTY COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Third-Party Defendants Takeover Industries, Inc. ("Takeover"), Next Gen Beverages, LLC ("NGB"), Michael Holley and Chirine Holley ("Holley"), Joseph Pavlik ("Pavlik"), Thomas Zarro and Kimberly Zarro ("Zarro"), and Toby McBride ("McBride"), collectively the "Third-Party Defendants", for their Answer to the Third-Party Complaint hereby admit, deny and allege as follows:

///

///

1

## THE PARTIES

1. Third-Party Defendants deny each and every allegation of the Third-Party Complaint not specifically admitted herein.

2. Answering paragraph 1, upon information and belief, Third-Party Defendants admit the allegations contained therein.

3. Answering paragraph 2, Third-Party Defendants deny the first sentence, with the exception that Labor Smart is a Wyoming corporation. Third Party Defendants admit the second sentence.

4. Answering paragraphs 3, 4, 5, 6, 7 and 8, Third Party Defendants admit the allegations contained therein.

5. Answering paragraph 9, the allegations are legal conclusions. Third Party Defendants are without sufficient information or knowledge with which to form a belief as to the truth of the allegations contained therein and therefore Denies same.

6. Answering paragraph 10, the allegations are legal conclusions. Third Party Defendants deny the allegations contained therein.

## JURISDICTION AND VENUE

7. Answering paragraph 11, Third Party Defendants admit the allegations contained therein.

8. Answering paragraph 12, Third Party Defendants admit that Takeover, Holley, McBride and Pavlik have appeared in this case. Third Party Defendants are without sufficient

information or knowledge with which to admit or deny the remaining allegations and therefore deny same.

9. Answering paragraph 13, Third Party Defendants deny the allegations contained therein.

**GENERAL AND FACTUAL ALLEGATIONS**

*History of Takeover and Labor Smart*

10. Answering paragraph 14, Third Party Defendants deny the allegations contained therein, with the exception that Third Party Defendants admit Holley has experience as an owner, manager and officer of beverage companies.

11. Answering paragraph 15, Third Party Defendants deny the allegations contained therein, with the exception that Third Party Defendants admit that Holly and Toby McBride formed Takeover in 2021, and that Takeover sold a product branded NXT LVL.

12. Answering paragraph 16, Third Party Defendants deny the allegations contained therein, with the exception that Third Party Defendants admit that Takeover is a Nevada corporation, and that Takeover is a wholly-owned subsidiary of Labor Smart.

13. Answering paragraph 17, Third Party Defendants deny the allegations contained therein, with the exception that Third Party Defendants admit Holley was a Director of Labor Smart.

14. Answering paragraph 18, Third Party Defendants deny the allegations contained therein, with the exception that Third Party Defendants admit that Pavlik was a Director and Officer of Takeover and Labor Smart.

15. Answering paragraph 19, Third Party Defendants deny the allegations contained therein, with the exception that Third Party Defendants admit that Takeover sold a product branded as NXT LVL.

16. Answering paragraph 20, Third Party Defendants deny the allegations contained in the first sentence, with the exception that Third Party Defendants admit that Jason Tucker worked for Takeover as a consultant. Third Party Defendants are without sufficient information or knowledge with which to form a belief as to the truth of the allegation contained in the second sentence and therefore deny same.

17. Answering paragraph 21, Third Party Defendants are without sufficient information or knowledge with which to form a belief as to the truth of the allegations contained therein and therefore deny same.

18. Answering paragraph 22, Third Party Defendants deny the allegations contained therein and specifically incorporate herein the Takeover Resolution and Minutes of Special Meeting.

19. Answering paragraph 23, Third Party Defendants deny the allegations contained therein, with the exception that Takeover admits it entered into various endorsement deals, including with Manny Pacquiao and/or his affiliated entities.

20. Answering paragraph 24, Third Party Defendants are without sufficient information or knowledge with which to form a belief as to the truth of the allegations contained in the first two sentences and therefore denies same. Third Party Defendants deny the remaining allegations.

21. Answering paragraph 25, upon information and belief, Third Party Defendants deny the allegations contained therein.

22. Answering paragraph 26, Third Party Defendants are without sufficient information or knowledge with which to form a belief as to the truth of the allegations contained therein and therefore deny same.

23. Answering paragraphs 27 and 28, Third Party Defendants deny the allegations contained therein.

24. Answering paragraph 29, Third Party Defendants allege the document speaks for itself. Notwithstanding the foregoing, Third-Party Defendants admit subparagraphs a, b, c, d, h and i.

25. Answering paragraphs 30 and 31, Third Party Defendants deny the allegations contained therein.

26. Answering paragraph 32, Third Party Defendants deny the allegations contained therein, with the exception that Third Party Defendants admit that Holley, Tucker and McBride attended the tradeshow and that Takeover's NXT LVL Hydrogen Water was awarded the CSP Best New Beverage Product.

27. Answering paragraphs 33 and 34, Third Party Defendants are without sufficient information or knowledge with which to form a belief as to the truth of the allegations contained therein and therefore deny same.

28. Answering paragraph 35, Third Party Defendants deny the allegations contained therein.

29. Answering paragraph 36, Third Party Defendants are without sufficient information or knowledge with which to form a belief as to the truth of the allegations contained therein and therefore deny same.

30. Answering paragraph 37, Third Party Defendants admit the allegations contained therein.

31. Answering paragraph 38, Third Party Defendants deny the allegations contained therein.

32. Answering paragraph 39, Third Party Defendants deny the allegations contained therein, with the exception that Takeover properly authorized Holley to control Takeover's funds as its COO and CFO, in accordance with good corporate governance standards and practice.

33. Answering paragraph 40, Third Party Defendants deny the allegations contained therein.

34. Answering paragraphs 41 and 42, Third Party Defendants deny the allegations contained therein. Third Party Defendants affirmatively alleged Sequeira was not the purchaser, and the amount paid was $95,000.

35. Answering paragraph 43, Third Party Defendants deny the allegations contained therein, with the exception that they admit $25,000 was transferred to Takeover's bank account.

36. Answering paragraph 44, upon information and belief, Third Party Defendants deny the allegations contained therein.

37. Answering paragraph 45, Third Party Defendants admit the allegations contained therein, with the exception that the date is unknown.

38. Answering paragraph 46, Third Party Defendants admit $15,000 was paid to Takeover's bank account. Third Party Defendants deny the remaining allegations.

39. Answering paragraph 47, Third Party Defendants are without sufficient information or knowledge with which to form a belief as to the truth of the allegations contained therein and therefore deny same, with the exception that Third Party Defendants allege that all payments made to Holley were duly authorized by Takeover, as was the hiring of Courtney Holley to assist Holley while he was ill with COVID 19 and hospitalized.

40. Answering paragraph 48, Third Party Defendants deny the allegations contained therein.

41. Answering paragraph 49, Third Party Defendants deny the allegations contained therein, with the exception that Takeover's counsel sent a letter, which Third Party Defendants incorporate by this reference.

42. Answering paragraphs 50 and 51, Third Party Defendants deny the allegations contained therein.

### *History of This Lawsuit and Current Stance(s)*

43. Answering paragraph 52, Third Party Defendants admit this case originated by the filing of a Complaint by Takeover Industries, Inc., through its attorney, Veronica L. Manolio. The Complaint speaks for itself. Third Party Defendants deny the last sentence.

44. Answering paragraphs 53 – 58, Third Party Defendants are without sufficient information or knowledge with which to form a belief as to the truth of the allegations contained therein and therefore deny same.

45. Answering paragraph 59, Third Party Defendants deny the allegations contained therein.

46. Answering paragraph 60, Third Party Defendants are without sufficient information or knowledge with which to form a belief as to the truth of the allegations contained therein and therefore deny same.

47. Answering paragraphs 61 and 62, Third Party Defendants deny the allegations contained therein.

48. Answering paragraph 63, Third Party Defendants admit in November 2022 there was a special meeting of the Board of Directors of Labor Smart which discussed this case and other matters. Third Party Defendants deny the remaining allegations of paragraph 63.

49. Answering paragraphs 64 and 65, upon information and belief, Third Party Defendants admit the allegations contained therein. Third Party Defendants affirmatively alleges that Tucker and his counsel (Ms. Manolio) were given notice of the Meeting and refused to attend.

50. Answering paragraphs 66, 67 and 68, Third Party Defendants are without sufficient information or knowledge with which to form a belief as to the truth of the allegations contained therein and therefore deny same.

51. Answering paragraph 69, Third Party Defendants deny the allegations contained therein.

52. Answering paragraphs 70, 71 and 72, Third Party Defendants admit the allegations contained therein, with the exception of the characterization that Deppoleto was an 'investor', which is denied.

53. Answering paragraph 73, 74 and 75, Third Party Defendants deny the allegations contained therein.

54. Answering paragraph 76, Third Party Defendants deny the allegations contained therein.

55. Answering paragraph 77, Third Party Defendants deny the allegations contained therein.

56. Answering paragraph 78, Third Party Defendants deny the allegations contained therein.

57. Answering paragraph 79, Third Party Defendants deny the allegations contained therein.

## COUNTERCLAIMS

58. None of the allegations in the Counterclaims (paragraphs 80 – 96) make any allegations or claims against Third Party Defendants. Therefore, Third Party Defendants request that the Tuckers not be awarded any relief against Third Party Defendants on any of these claims.

### THIRD PARTY CLAIM I
**Breach of Fiduciary Duties**
**Against Third Party Defendants, McBride, and Pavlik**

59. Answering paragraph 97, Third Party Defendants incorporate and reallege the allegations of paragraphs 1 – 58 above, as if fully set forth herein.

60. Answering paragraph 98, Third Party Defendants are without sufficient information or knowledge with which to form a belief as to the truth of the allegations contained therein and therefore deny same.

61. Answering paragraphs 99 and 100, Third Party Defendants deny the allegations contained therein.

62. As and for their affirmative defenses, Third Party Defendants allege estoppel, unclean hands, laches and waiver. Third Party Defendants reserve the right to allege any other affirmative defense which may be discovered, and which may be relevant to this matter.

Wherefore, Third Party Defendants pray that Third Party Claim I be dismissed with prejudice and that the Tuckers take nothing thereby, for their attorney's fees and costs, including post-judgment attorney's fees and costs, as permitted by law, and for such other and further relief as the court deems just and proper.

## THIRD PARTY CLAIM II
### Aiding and Abetting Tortious Conduct
### Against Holley, McBride, and Pavlik

63. Answering paragraph 101, Third Party Defendants incorporate and reallege the allegations of paragraphs 1 – 62 above, as if fully set forth herein.

64. Answering paragraphs 102, 103, 104 and 105, Third Party Defendants deny the allegations contained therein.

65. As and for their affirmative defenses, Third Party Defendants allege estoppel, unclean hands, laches and waiver. Third Party Defendants reserve the right to allege any other affirmative defense which may be discovered, and which may be relevant to this matter.

Wherefore, Third Party Defendants pray that Third Party Claim II be dismissed with prejudice and that the Tuckers take nothing thereby, for their attorney's fees and costs, including post-judgment attorney's fees and costs, as permitted by law, and for such other and further relief as the court deems just and proper.

### THIRD PARTY CLAIM III
### Breach of Contract
### Against Holley, McBride, and Pavlik

66. Answering paragraph 106, Third Party Defendants incorporate and reallege the allegations of paragraphs 1 – 65 above, as if fully set forth herein.

67. Answering paragraph 107, Third Party Defendants allege the July 2021 Agreement speaks for itself.

68. Answering paragraph 108, Third Party Defendants deny the allegations contained therein.

69. Answering paragraph 109, Third Party Defendants allege the July 2021 Agreement speaks for itself.

70. Answering paragraphs 110 and 111, Third Party Defendants deny the allegations contained therein.

71. As and for his affirmative defenses, Third Party Defendants allege estoppel, unclean hands, laches and waiver. Third Party Defendants reserve the right to allege any other affirmative defense which may be discovered, and which may be relevant to this matter.

Wherefore, Third Party Defendants pray that Third Party Claim III be dismissed with prejudice and that the Tuckers take nothing thereby, for their attorney's fees and costs,

including post-judgment attorney's fees and costs, as permitted by law, and for such other and further relief as the court deems just and proper.

### THIRD PARTY CLAIM IV
### Breach of Covenant of Good Faith and Fair Dealing
### Against Holley, McBride, and Pavlik

72. Answering paragraph 112, Third Party Defendants incorporate and reallege the allegations of paragraphs 1 – 71 above, as if fully set forth herein.

70. Answering paragraph 113, Third Party Defendants admit the Agreement is governed by Arizona Law.

71. Answering paragraph 114, upon information and belief, Third Party Defendants admit the allegations contained therein.

72. Answering paragraphs 115, 116 and 117, Third Party Defendants deny the allegations contained therein.

73. As and for their affirmative defenses, Third Party Defendants allege estoppel, unclean hands, laches and waiver. Third Party Defendants reserve the right to allege any other affirmative defense which may be discovered, and which may be relevant to this matter.

Wherefore, Third Party Defendants pray that Third Party Claim IV be dismissed with prejudice and that the Tuckers take nothing thereby, for their attorney's fees and costs, including post-judgment attorney's fees and costs, as permitted by law, and for such other and further relief as the court deems just and proper.

///

///

## THIRD PARTY CLAIM V
### Conspiracy to Commit Fraudulent Transfer
### Against LTNC, Holley, McBride, Pavlik, Zarro, Takeover, and Next Gen

74. Answering paragraph 118, Third Party Defendants incorporate and reallege the allegations of paragraphs 1 – 73 above, as if fully set forth herein.

75. Answering paragraphs 119, 120, 121 and 122, Third Party Defendants deny the allegations contained therein.

76. As and for their affirmative defenses, Third Party Defendants allege estoppel, unclean hands, laches and waiver. Third Party Defendants reserve the right to allege any other affirmative defense which may be discovered, and which may be relevant to this matter.

Wherefore, Third Party Defendants pray that Third Party Claim V be dismissed with prejudice and that the Tuckers take nothing thereby, for their attorney's fees and costs, including post-judgment attorney's fees and costs, as permitted by law, and for such other and further relief as the court deems just and proper.

## THIRD PARTY CLAIM VI
### (Actual) Fraudulent Transfer under A.R.S. 44 – 1004
### Against Takeover and Next Gen

77. Answering paragraph 123, Takeover and Next Gen incorporate and reallege the allegations of paragraphs 1 – 76 above, as if fully set forth herein.

78. Answering paragraphs 124, 125, 126 and 127, Takeover and Next Gen deny the allegations contained therein.

79. As and for their affirmative defenses, Takeover and Next Gen allege estoppel, unclean hands, laches and waiver. Takeover and Next Gen reserve the right to allege any other affirmative defense which may be discovered, and which may be relevant to this matter.

Wherefore, Takeover and Next Gen pray that Third Party Claim VI be dismissed with prejudice and that the Tuckers take nothing thereby, for their attorney's fees and costs, including post-judgment attorney's fees and costs, as permitted by law, and for such other and further relief as the court deems just and proper.

## THIRD PARTY CLAIM VII
### (Constructive) Fraudulent Transfer under A.R.S. 44 – 1004
### Against Takeover and Next Gen

80. Answering paragraph 128, Takeover and Next Gen incorporate and reallege the allegations of paragraphs 1 – 79 above, as if fully set forth herein.

81. Answering paragraphs 129, 130, 131 and 132, Takeover and Next Gen deny the allegations contained therein.

82. As and for their affirmative defenses, Takeover and Next Gen allege estoppel, unclean hands, laches and waiver. Takeover and Next Gen reserve the right to allege any other affirmative defense which may be discovered, and which may be relevant to this matter.

Wherefore, Takeover and Next Gen pray that Third Party Claim VII be dismissed with prejudice and that the Tuckers take nothing thereby, for their attorney's fees and costs, including post-judgment attorney's fees and costs, as permitted by law, and for such other and further relief as the court deems just and proper.

///

## THIRD PARTY CLAIM VIII
### Aiding and Abetting Tortious Misconduct
### Against Zarro

83. Answering paragraph 133, Zarro incorporates and realleges the allegations of paragraphs 1 – 82 above, as if fully set forth herein.

84. Answering paragraphs 134, 135, 136, 137 and 138, Zarro denies the allegations contained therein.

85. As and for his affirmative defenses, Zarro alleges estoppel, unclean hands, laches and waiver. Zarro reserves the right to allege any other affirmative defense which may be discovered, and which may be relevant to this matter.

Wherefore, Zarro prays that Third Party Claim VIII be dismissed with prejudice and that the Tuckers take nothing thereby, for his attorney's fees and costs, including post-judgment attorney's fees and costs, as permitted by law, and for such other and further relief as the court deems just and proper.

## THIRD PARTY CLAIM IX
### Defamation *Per Se*
### Against McBride

86. Answering paragraph 139, McBride incorporates and realleges the allegations of paragraphs 1 – 85 above, as if fully set forth herein.

87. Answering paragraphs 140, 141, 142, 143 and 144, McBride denies the allegations contained therein.

88. As and for his affirmative defenses, McBride alleges estoppel, unclean hands, laches and waiver, and that Claim IX fails to state a claim upon which relief can be granted.

McBride reserves the right to allege any other affirmative defense which may be discovered, and which may be relevant to this matter.

Wherefore, McBride prays that Third Party Claim IX be dismissed with prejudice and that the Tuckers take nothing thereby, for his attorney's fees and costs, including post-judgment attorney's fees and costs, as permitted by law, and for such other and further relief as the court deems just and proper.

**RESPECTFULLY SUBMITTED** this 25th day of October, 2024.

**PAUL M. LEVINE, P.C.**

By /s/ Paul M. Levine
Paul M. Levine, Esq.
8502 E. Via de Ventura, Suite 203
Scottsdale, Arizona 85258
*Attorney for Third Party Defendants*

**ELECTRONICALLY FILED**
this 25th day of October, 2024.

**EMAILED** this 25th day of October, 2024 to:

Veronica L. Manolio
8686 E. San Alberto Dr., Suite 200
Scottsdale, Arizona 85258
vmanolio@mf-firm.com
*Attorney for Defendants/ Counterclaimants/ Third-Party Plaintiffs*

/s/ Sasha Bever