Paul M. Levine, Esq. (007202)
**PAUL M. LEVINE, P.C.**
8502 E. Via de Ventura, Suite 230
Scottsdale, Arizona 85258
Telephone: (480) 302.4102
Facsimile: (480) 300.4984
plevine@pmlevinepc.com
*Attorney for Labor Smart, Inc.*

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| Labor Smart, Inc, | Case No.  2:22-cv-00357-PHX-JJT |
|---|---|
| Plaintiff, | |
| v. | **LABOR SMART INC.'S REPLY IN SUPPORT OF RULE 12(b)(6) AND RULE 13(a) MOTION TO DISMISS** |
| Jason Tucker et al., | |
| Defendants. | |

Plaintiff/Counterdefendant Labor Smart, Inc., through its counsel, submits its Reply in support of its Rule 12(B)(6) and Rule 13(A) Motion to Dismiss. Counterclaimants' Response fails to set forth any valid reason why the Motion should not be granted. This Reply is supported by the attached Memorandum of Points and Authorities and the entire record in this case.

### MEMORANDUM OF POINTS AND AUTHORITIES

**I.      Preliminary Statement.**

Counterclaimants devote pages 2-10 of their Response to repeating allegations from the Counterclaim. However, most of the referenced allegations do not overcome the deficiencies in their claims. The allegations are broken down into 4 categories: (**i**) "'Special

1

Meeting' Labor Smart's Bylaws" (pp. 2-4); (**ii**) "the July 21, 2021 Agreement" (pp. 4-6); (**iii**) "Abuse of Process" (pp. 6-7); and (**iv**) "Aiding and Abetting " (pp. 7-10).

### (i) The "Improper 'Special Meeting'".

Counterclaimants do not respond to the issue of whether the procedural requirements of the Bylaws were satisfied. (Doc. 180, pp. 4-5.) Instead, Counterclaimants allege the Board took improper actions at the Special Meeting, and those actions give rise to a claim for breach of the Bylaws. However, even assuming, *arguendo*, the allegations are true, they do not give rise to a claim that the Bylaws were breached. Bylaws do not address what action can or cannot be taken a properly held meeting of either the Shareholders, Directors or Officers. Counterclaimants fail to draw any connection between the Bylaws and the actions taken at the Special Meeting

The elements of a breach of contract claim are: (**i**) the existence of a contract; (**ii**) breach; and (**iii**) resulting damages. *First American Title Insurance Company v. Johnson Bank*, 239 Ariz. 348, 372 3d 292 (Sup. Ct. 2016). Counterclaimants fail to identify any term of the Bylaws that was allegedly breached or how any of the allegations support a claim that the Bylaws were breached.

### (ii) The July 21, 2021 Agreement.

In their Response, Counterclaimants argue there was an August 6, 2021 Resolution that approved the July 2021 Agreement. (Doc. 187, p. 5.) However, the allegation (Doc. 179, ¶ 28) does ***not*** state whether the Resolution was executed by Takeover or Labor Smart. The allegation is as follows:

28. On August 6, 2021, Holley, McBride, Pavlik and Tucker held their Second Board of Directors Meeting and executed a Resolution that approved the July 2021 Agreement in its entirety, explicitly making it retroactive to July 1, 2021, and a fully executed copy of the July 2021 Agreement was attached to the resolution for clarity. The Resolution further specified that the decisions made were unanimous.

The Resolution was adopted by Takeover, ***not*** Labor Smart.[1]

### (iii) Abuse of Process.

Counterclaimants reference "a slew of actions by Labor Smart that constitute (mis)using legal processes in improper ways." (Doc. 180, p. 6.) Specifically, Counterclaimants repeat 8 items in the Counterclaim to support the Abuse of Process claim (Doc. 187, pp. 6-7). However, none of the factual allegations are within the definition of the term "process". In fact, Counterclaimants do not reference any allegation that specifically includes a "process", as defined by Arizona law. That is, Counterclaimants must allege the defendant committed a willful act, not proper in the regular conduct of the proceedings, to support a claim for abuse of process. Evidence of defendant's mere persistence in litigation, even if based on an improper motive, does not sustain the tort. (Doc. 180, pp. 7-8.) Even assuming the truthfulness of the allegations, they do ***not*** constitute conduct in the regular course of the proceedings.

### (iv) Aiding and Abetting.

Counterclaimants do not address Labor Smart's argument that the aiding and abetting claim does not apply to the third-party contract claims. Therefore, this court should dismiss

---

[1] A copy of the "Takeover Industries, Inc. Minutes of Special Meeting of Directors" is attached as **Exhibit "A"**.

3

the aiding and abetting Third-Party Claims for Breach of Contract (Claim III) and Breach of Covenant of Good Faith and Fair Dealing (Claim IV).

Additionally, Counterclaimants do not address Labor Smart's argument that there is a failure to allege any conduct by Labor Smart that is distinct, or separate and apart, from the alleged conduct of Holley, McBride or Pavlik. (Doc. 180, pp. 8-11.)

## II.     The Breach of Contract Counterclaim Should Be Dismissed.

For the reasons discussed above, the claim for breach of the *Bylaws* should be dismissed. Counterclaimants have failed to identify any specific term of the Bylaws that was allegedly breached. The actions taken at the "Special Meeting" (even if taken as true) are not violations of the Bylaws.

With respect to the claim based on the *July 2021 Agreement*, Counterclaimants argue Labor Smart ignored "the allegations that Holley, McBride, and Pavlik all signed the Agreement **intending** to bind Labor Smart." (Doc 187, p. 12.) However, there is no such allegation.[2] In short, there is no allegation that the July 2021 Agreement was ever signed by, or intended to bind, Labor Smart. The August 6, 2021 Resolution was a Takeover Resolution, *not* a Labor Smart Resolution. (See **Exhibit "A"**.)

## III.    The Abuse of Process Claim Should Be Dismissed.

Counterclaimants argue: "Labor Smart confuses the level of **proof** needed to avoid judgment from the level of allegations needed to set forth a viable cause of action sufficient to withstand Rule 12(b)(6) scrutiny." (Doc. 187, p. 12.) Labor Smart respectfully submits it

---

[2] In their Response, Counterclaimants recite the allegations supporting the alleged breach of the July 21, 2021 Agreement. (Doc. 187, pp. 4-6, referencing Doc. 179 at ¶'s 22-23, 26-29, 83-84.) A review of those allegations shows there is **no allegation that Holley, McBride or Pavlik "signed the Agreement intending to bind Labor Smart"**.

is Counterclaimants who are confusing the difference between proof and allegations. Labor Smart is arguing the **allegations** are insufficient to support a claim for abuse of process.

As Labor Smart argues in its Motion, none of the allegations to allegedly support the abuse of process claim concern the actual legal process. Instead, the allegations cited by Counterclaimants relate to items such as: (**i**) a "takeover" of Takeover and Labor Smart, (**ii**) "discuss[ing] this pending litigation", (**iii**) deciding to "terminate McBride's leave of absence", (**iv**) seeking to "'realign' the parties in this lawsuit", (**v**) using the lawsuit to cover the fact that "Holley and McBride had sold, conveyed, offered, and/or committed 210% of Takeover's interest", (**vi**) Labor Smart "continued conducting Labor Smart business while ignoring that Jason Tucker owned 17 Preferred Shares, (**vii**) Labor Smart being involved in a lawsuit in the Southern District of Florida, and (**viii**) Labor Smart using this lawsuit to threaten the Tuckers, trying to restrict the sale of Labor Smart stock, or Labor Smart trying to "settle" this lawsuit by removing stock restrictions Labor Smart fabricated. (Doc 187, pp. 6-7.) None of these allegations, even if true, constitute an abuse of legal process.

**IV.    The Aiding and Abetting Claim Should Be Dismissed.**

Counterclaimants argue Labor Smart's officers and directors are comprised of more than just Holley, McBride and Pavlik. (Doc. 187, pp. 13-15.) At least to the extent the aiding and abetting claim concerns allegations against Holley, McBride and Pavlik, Counterclaimants do not cite any authority that Labor Smart, acting by and through Holley, McBride and Pavlik, can be separately liable for aiding and abetting. With respect to aiding and abetting Zarro, the claim could only exist as of the date Zarro allegedly became involved. According to the Counterclaim, Zarro was not involved until sometime after the Florida

5

Lawsuit was filed, i.e., after January 2023. (Doc. 179, ¶'s 72-73.) The same is true with respect to Next Gen.

## V. Leave to Amend Should Be Denied.

Counterclaimants filed their first Counterclaim and Third-Party Claims on July 8, 2024 (Doc. 148). Then, after Labor Smart filed a Motion to Dismiss (Doc. 158), Counterclaimants filed their First Amended Counterclaims and Third-Party Claims (Doc. 179). Now, more than 32 months after the case was originally filed, Counterclaimants seek leave to amend. This court should deny the request.

There is nothing that can be alleged that would cure the deficiencies with respect to the breach of contract or abuse of process claims. Counterclaimants have already had ample opportunity to cure their deficiencies and have not done so. There is no reason to believe that a further amendment would cure any of the deficiencies.

## VI. Allegations in the Counterclaim.

Counterclaimants argue "they complained about misconduct of Labor Smart starting in November 2022." (Doc. 187, p. 17.) But this argument ignores paragraphs 14-60 in the Counterclaim, all of which are allegations of conduct *prior* to November 2022. The alleged improper "Special Meeting" occurred in November 2022. (Doc. 179, ¶ 62.) With respect to the July 2021 Agreement, according to Counterclaimants, they were to receive, among other things, (**i**) 25% of the shares in Takeover, (**ii**) 12 Preferred Shares in Labor Smart when Labor Smart received a "current" status from OTC Markets, and (**iii**) 750M common shares (presumably of Labor Smart) valued at the same rate as McBride. Counterclaimants allege none of these items were delivered and Labor Smart breached the Agreement.

6

Counterclaimants do not give any reason why they waited 3 years to assert the breach of contract claim.

### VII. Conclusion.

For all the reasons set forth above, as well as in the Motion, the court should dismiss the Counterclaim because it fails to set forth a claim upon which relief can be granted and because it is not timely pursuant to Rule 13(a)(1).

**RESPECTFULLY SUBMITTED** this 20th day of November, 2024.

                                **PAUL M. LEVINE, P.C.**

                                By */s/ Paul M. Levine*
                                   Paul M. Levine, Esq.
                                   8502 E. Via de Ventura, Suite 230
                                   Scottsdale, Arizona 85258
                                   *Attorney for Third Party Defendants*

**ELECTRONICALLY FILED**
this 20th day of November, 2024.

**EMAILED** this 20th day of November, 2024 to:

Veronica L. Manolio
8686 E. San Alberto Dr., Suite 200
Scottsdale, Arizona 85258
vmanolio@mf-firm.com
*Attorney for Defendants/ Counterclaimants/ Third-Party Plaintiffs*

*/s/ Sasha Bever*