Paul M. Levine, Esq. (007202)
**PAUL M. LEVINE, P.C.**
8502 E. Via de Ventura, Suite 230
Scottsdale, Arizona 85258
Telephone: (480) 302.4102
Facsimile: (480) 300.4984
plevine@pmlevinepc.com
*Attorney for Plaintiff/Counterclaimant*
*Labor Smart, Inc.*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Labor Smart, Inc,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Jason Tucker et al.,<br><br>　　　　Defendants. | Case No. CV-22-00357 PHX-JJT<br><br>**LABOR SMART'S REPLY TO COUNTERCLAIM**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff/Counterclaimant Labor Smart, Inc., through its counsel, for its Reply to the Counterclaim, hereby admits, denies and alleges as follows:

**THE PARTIES**

1.　Labor Smart denies each and every allegation of the Counterclaim not specifically admitted herein.

2.　Answering paragraph 1, upon information and belief, Labor Smart admits the allegations contained therein.

3.　Answering paragraph 2, Labor Smart denies the first sentence, with the exception that Labor Smart is a Wyoming corporation. Labor Smart admits the second sentence.

1

4.  Answering paragraphs 3, 4, 5, 6, 7 and 8, Labor Smart admits the allegations contained therein.

5.  Answering paragraph 9, the allegations are legal conclusions. Labor Smart is without sufficient information or knowledge with which to form a belief as to the truth of the allegations contained therein and therefore denies same.

6.  Answering paragraph 10, the allegations are legal conclusions. Labor Smart denies the allegations contained therein.

## JURISDICTION AND VENUE

7.  Answering paragraph 11, Labor Smart admits the allegations contained therein.

8.  Answering paragraph 12, Labor Smart admits that Takeover, Holley, McBride and Pavlik have appeared in this case. Labor Smart is without sufficient information or knowledge with which to admit or deny the remaining allegations and therefore denies same.

9.  Answering paragraph 13, Labor Smart denies the allegations contained therein.

## GENERAL AND FACTUAL ALLEGATIONS
### *History of Takeover and Labor Smart*

10.  Answering paragraph 14, Labor Smart denies the allegations contained therein, with the exception that Labor Smart admits Holley has experience as an owner, manager and officer of beverage companies.

11.  Answering paragraph 15, Labor Smart denies the allegations contained therein, with the exception that Labor Smart admits that Holley and Toby McBride formed Takeover in 2021, and that Takeover sold a product branded NXT LVL.

12. Answering paragraph 16, Labor Smart denies the allegations contained therein, with the exception that Labor Smart admits that Takeover is a Nevada corporation, and that Takeover is a wholly-owned subsidiary of Labor Smart.

13. Answering paragraph 17, Labor Smart denies the allegations contained therein, with the exception that Labor Smart admits Holley was a Director of Labor Smart.

14. Answering paragraph 18, Labor Smart denies the allegations contained therein, with the exception that Labor Smart admits that Pavlik was a Director and Officer of Takeover and Labor Smart.

15. Answering paragraph 19, Labor Smart denies the allegations contained therein, with the exception that Labor Smart admits that Takeover sold a product branded as NXT LVL.

16. Answering paragraph 20, Labor Smart denies the allegations contained in the first sentence, with the exception that Labor Smart admits that Jason Tucker worked for Takeover as a consultant. Labor Smart is without sufficient information or knowledge with which to form a belief as to the truth of the allegation contained in the second sentence and therefore denies same.

17. Answering paragraph 21, Labor Smart is without sufficient information or knowledge with which to form a belief as to the truth of the allegations contained therein and therefore denies same.

18. Answering paragraph 22, Labor Smart denies the allegations contained therein and specifically incorporates herein the Takeover Resolution and Minutes of Special Meeting.

19. Answering paragraph 23, Labor Smart denies the allegations contained therein, with the exception that it admits Takeover entered into various endorsement deals, including with Manny Pacquiao and/or his affiliated entities.

20. Answering paragraph 24, Labor Smart is without sufficient information or knowledge with which to form a belief as to the truth of the allegations contained in the first two sentences and therefore denies same. Labor Smart denies the remaining allegations.

21. Answering paragraph 25, upon information and belief, Labor Smart denies the allegations contained therein.

22. Answering paragraph 26, Labor Smart is without sufficient information or knowledge with which to form a belief as to the truth of the allegations contained therein and therefore denies same.

23. Answering paragraphs 27 and 28, Labor Smart denies the allegations contained therein.

24. Answering paragraph 29, Labor Smart alleges the document speaks for itself. Notwithstanding the foregoing, Labor Smart admits subparagraphs a, b, c, d, h and i.

25. Answering paragraphs 30 and 31, Labor Smart denies the allegations contained therein.

26. Answering paragraph 32, Labor Smart denies the allegations contained therein, with the exception that Labor Smart admits that Holley, Tucker and McBride attended the tradeshow and that Takeover's NXT LVL Hydrogen Water was awarded the CSP Best New Beverage Product.

27. Answering paragraphs 33 and 34, Labor Smart is without sufficient information or knowledge with which to form a belief as to the truth of the allegations contained therein and therefore denies same.

28. Answering paragraph 35, Labor Smart denies the allegations contained therein.

29. Answering paragraph 36, Labor Smart is without sufficient information or knowledge with which to form a belief as to the truth of the allegations contained therein and therefore denies same.

30. Answering paragraph 37, Labor Smart admits the allegations contained therein.

31. Answering paragraph 38, Labor Smart denies the allegations contained therein.

32. Answering paragraph 39, Labor Smart denies the allegations contained therein, with the exception that Takeover properly authorized Holley to control Takeover's funds as its COO and CFO, in accordance with good corporate governance standards and practice.

33. Answering paragraph 40, Labor Smart denies the allegations contained therein.

34. Answering paragraphs 41 and 42, Labor Smart denies the allegations contained therein. Labor Smart affirmatively alleges Sequeira was not the purchaser, and the amount paid was $95,000.

35. Answering paragraph 43, Labor Smart denies the allegations contained therein, with the exception that it admits $25,000 was transferred to Takeover's bank account.

36. Answering paragraph 44, upon information and belief, Labor Smart denies the allegations contained therein.

37. Answering paragraph 45, Labor Smart admits the allegations contained therein, with the exception that the date is unknown.

38. Answering paragraph 46, Labor Smart admits $15,000 was paid to Takeover's bank account. Labor Smart denies the remaining allegations.

39. Answering paragraph 47, Labor Smart is without sufficient information or knowledge with which to form a belief as to the truth of the allegations contained therein and therefore denies same, with the exception that Labor Smart alleges that all payments made to Holley were duly authorized by Takeover, as was the hiring of Courtney Holley to assist Holley while he was ill with COVID 19 and hospitalized.

40. Answering paragraph 48, Labor Smart denies the allegations contained therein.

41. Answering paragraph 49, Labor Smart denies the allegations contained therein, with the exception that Takeover's counsel sent a letter, which Labor Smart incorporates by this reference.

42. Answering paragraphs 50 and 51, Labor Smart denies the allegations contained therein.

### *History of This Lawsuit and Current Stance(s)*

43. Answering paragraph 52, Labor Smart admits this case originated by the filing of a Complaint by Takeover Industries, Inc., through its attorney, Veronica L. Manolio. The Complaint speaks for itself. Labor Smart denies the last sentence.

44. Answering paragraphs 53, 54, 55, 56, 57 and 58, Labor Smart is without sufficient information or knowledge with which to form a belief as to the truth of the allegations contained therein and therefore denies same.

45. Answering paragraph 59, Labor Smart denies the allegations contained therein.

46. Answering paragraph 60, Labor Smart is without sufficient information or

knowledge with which to form a belief as to the truth of the allegations contained therein and therefore denies same.

47. Answering paragraphs 61 and 62, Labor Smart denies the allegations contained therein.

48. Answering paragraph 63, Labor Smart admits in November 2022 there was a special meeting of the Board of Directors of Labor Smart which discussed this case and other matters. Labor Smart denies the remaining allegations of paragraph 63.

49. Answering paragraphs 64 and 65, upon information and belief, Labor Smart admits the allegations contained therein. Labor Smart affirmatively alleges that Tucker and his counsel (Ms. Manolio) were given notice of the Meeting and refused to attend.

50. Answering paragraphs 66, 67 and 68, Labor Smart is without sufficient information or knowledge with which to form a belief as to the truth of the allegations contained therein and therefore denies same.

51. Answering paragraph 69, Labor Smart denies the allegations contained therein.

52. Answering paragraphs 70, 71 and 72, Labor Smart admits the allegations contained therein, with the exception of the characterization that Deppoleto was an 'investor', which is denied.

53. Answering paragraphs 73, 74 and 75, Labor Smart denies the allegations contained therein.

54. Answering paragraph 76, Labor Smart denies the allegations contained therein.

55. Answering paragraph 77, Labor Smart denies the allegations contained therein.

56. Answering paragraph 78, Labor Smart denies the allegations contained therein.

57. Answering paragraph 79, Labor Smart denies the allegations contained therein.

## COUNTERCLAIM I
### Breach of Contract
### Against Labor Smart/LTNC

58. Counterclaim I (Breach of Contract) was dismissed pursuant to the Court's Order, Doc. 189. Therefore, no Reply is required.

## COUNTERCLAIM II
### Abuse of Process
### Against Labor Smart/LTNC

59. Answering paragraph 86, Labor Smart incorporates and realleges the allegations of paragraphs 1 – 58 above, as if fully set forth herein.

60. Answering paragraphs 87, 88 and 89, Labor Smart denies the allegations contained therein.

61. As and for its affirmative defenses, Labor Smart alleges estoppel, unclean hands, laches and waiver. Labor Smart reserves the right to allege any other affirmative defense which may be discovered, and which may be relevant to this matter.

Wherefore, Labor Smart prays that Counterclaim II be dismissed with prejudice and that the Tuckers take nothing thereby, for its attorney's fees and costs, including post-judgment attorney's fees and costs, as permitted by law, and for such other and further relief as the court deems just and proper.

///

///

///

## COUNTERCLAIM III
### Aiding and Abetting Tortious Conduct
### Against Labor Smart/LTNC

62. Answering paragraph 90, Labor Smart incorporates and realleges the allegations of paragraphs 1 – 61 above, as if fully set forth herein.

64. Answering paragraphs 91, 92, 93, 94, 95 and 96, Labor Smart denies the allegations contained therein.

65. As and for its affirmative defenses, Labor Smart alleges estoppel, unclean hands, laches and waiver. Labor Smart reserves the right to allege any other affirmative defense which may be discovered, and which may be relevant to this matter.

Wherefore, Labor Smart prays that Counterclaim III be dismissed with prejudice and that the Tuckers take nothing thereby, for its attorney's fees and costs, including post-judgment attorney's fees and costs, as permitted by law, and for such other and further relief as the court deems just and proper.

**RESPECTFULLY SUBMITTED** this 13th day of December, 2024.

**PAUL M. LEVINE, P.C.**

By /s/ Paul M. Levine
Paul M. Levine, Esq.
8502 E. Via de Ventura, Suite 230
Scottsdale, Arizona 85258
*Attorney for Plaintiff/Counterclaimant Labor Smart, Inc.*

**ELECTRONICALLY FILED**
this 13th day of December, 2024.

**EMAILED** this 13th day of December, 2024 to:

Veronica L. Manolio
**MANOLIO & FIRESTONE, PLC**
8686 E. San Alberto Dr., Suite 200
Scottsdale, Arizona 85258
VManolio@MF-Firm.com
*Attorney for Defendants/ Counterclaimants/ Third-Party Plaintiffs*

Spencer D. Freeman, Esq.
**FREEMAN LAW FIRM, INC.**
1107 1/2 Tacoma Ave S
Tacoma, Washington 98402
SFreeman@FreemanLawFirm.org
Reception@FreemanLawFirm.org
Sierra@FreemanLawFirm.org
*Attorney for Jason Tucker and Melissa Tucker*

 /s/ Sasha Bever