Paul M. Levine, Esq. (007202)
**PAUL M. LEVINE, P.C.**
8502 E. Via de Ventura, Suite 230
Scottsdale, Arizona 85258
Telephone: (480) 302.4102
Facsimile: (480) 300.4984
plevine@pmlevinepc.com
*Attorney for Plaintiff/Counterclaimant*
*Labor Smart, Inc. and Third-Party Defendants*

**IN THE UNITED STATES DISTRICT COURT**

**IN AND FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Labor Smart, Inc, <br><br> Plaintiff, <br><br> v. <br><br> Jason Tucker et al., <br><br> Defendants. | Case No. 2:22-cv-00357-PHX-JJT <br><br> **MOTION TO DISQUALIFY ATTORNEYS' VERONICA L. MANOLIO AND SPENCER FREEMAN AS ATTORNEYS FOR PARTIES JASON AND MELISSA TUCKER[1]** |

  Plaintiff/Counterdefendant Labor Smart, Inc., and Third-Party Defendants Takeover Industries, Inc., Joseph Pavlik, Next Gen Beverages, LLC, Michael Holley and Chirine Holley, Thomas Zarro and Kimberly Zarro and Toby McBride, through their counsel, pursuant to Rule 42, Arizona Rules of Professional Conduct, and ER 1.7 and ER 1.9, move to disqualify attorneys Veronica Manolio and Spencer Freeman from their representation of the Tuckers in this case, due to a clear conflict of interest. The conflict only became apparent on September 27, 2024, when Ms. Manolio, on behalf of the Tuckers, filed her First Amended

---

[1] On December 12, 2024, attorney Scott Rhodes, at the request of Paul M. Levine, sent a letter to Ms. Manolio setting forth in detail why Mr. Rhodes believes Ms. Manolio and Mr. Freeman should withdraw from representing the Tuckers in this matter. Mr. Rhodes invited a responsive letter if Ms. Manolio believed that anything stated in his letter was factually or legally wrong. Ms. Manolio never responded. A copy of Mr. Rhodes letter is attached as **Exhibit "A"**.

1

Third-Party Claims against Third-Party Defendants Takeover and Joseph Pavlik (her former clients), and others. (Doc. 179.)

This Motion is supported by the attached Memorandum of Points and Authorities, the December 12, 2024 opinion letter from attorney Scott Rhodes (**Exhibit "A"**), and the entire record in this case.[2]

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Prior Status of Parties and Their Attorneys Through September 26, 2024.

Attorney Veronica Manolio filed the original Complaint in this case on March 8, 2022 on behalf of the Plaintiff Takeover Industries, Inc. ("Takeover"). Approximately three (3) months later, Ms. Manolio was also representing Mr. Pavlik and the Tuckers. On June 14, 2022, the Tuckers, Takeover and Mr. Pavlik all signed a Memorandum Concerning Joint Defense and/or Conflict of Interest ("Memorandum"), a copy of which is attached as **Exhibit "B"**. Ms. Manolio continued her representation of Takeover and Mr. Pavlik through December 6, 2022, when this court entered its Order granting Ms. Manolio's Motion to Withdraw as counsel for Takeover and Mr. Pavlik. (Doc. 102.)

### II. Current Status of the Tuckers and Their Attorneys.

On September 27, 2024, Ms. Manolio, as attorney for the Tuckers, filed the Tuckers' First Amended Counterclaims and Third Party Claims against Takeover, Pavlik (both former clients), Holley, McBride, Zarro and Next Gen Beverages. (Doc. 179).

---

[2] Mr. Rhodes specializes in providing advice on ethical and professional responsibility matters related to professional conduct of attorneys. See Mr. Rhodes Overview, attached to **Exhibit "A"**.

A careful review of the allegations in the Third-Party Complaint against Mr. Pavlik further confirms Ms. Manolio's conflicts as a result of her current representation of the Tuckers and the claims against Mr. Pavlik, her former client. Many (if not all) of the facts alleged in support of the Third Party Claims against Mr. Pavlik occurred either before or during the time when Ms. Manolio represented Mr. Pavlik, i.e., June through December 2022.[3]

Ms. Manolio alleges:

(**i**) in 2021, Mr. Pavlik was working with Holley and McBride and "offered Tucker an ownership/shareholder interest in Takeover." (Paragraph 21.)[4]

(**ii**) in June 2021, Holley, McBride and Pavlik held a Special Meeting of the Takeover Directors, which appointed Tucker as a Takeover Director and its President. (Paragraph 22.)

(**iii**) in August 2021, Pavlik, Holley, McBride and Tucker "put together a 'Takeover – LTNC Agreement' [the July 2021 Agreement] to memorialize the discussions and agreements they made during the June 2021 Board Meeting." (Paragraph 27.)

(**iv**) in September 2021, Tucker and Pavlik entered into a written "Preferred Stock Purchase Agreement." (Paragraph 31.)

(**v**) in September 2022, Pavlik, Holley and McBride "committed wrongdoing by over-pledging the shares of Takeover." (Paragraph 58.)

---

[3] In paragraph 12, the Tuckers allege "Pavlik appeared and consented to personal jurisdiction." As discussed above, Mr. Pavlik's appearance in this case was when he was represented by Ms. Manolio.

[4] All paragraph references are to Doc. 179.

3

(vi) Pavlik, Holley and McBride "colluded… to stage a 'takeover' of Takeover." (Paragraph 61.)

(vii) in November 2022, Pavlik, Holley and McBride "continued collusive efforts with third-party Thomas ("Tom") Zarro to reorganize Takeover and LTNC." (Paragraph 69.)

(viii) Pavlik, Holley, McBride and Zarro "colluded to 'strip' Takeover of all of its rights/assets/liabilities, disregarding this ongoing lawsuit in the Nevada Lawsuit and start a new/competing entity, Next Gen, to carry on the identical business that Takeover conducted." (Paragraph 74.)

Ms. Manolio's Third-Party Claims against Pavlik, Holley and McBride alleged a: (**I**) breached fiduciary duties owed to Tucker (Third Party Claim I); (**II**) aided and abetted Takeover and LSI to commit various tortious acts (Third Party Claim II); (**III**) breached the July 2021 Agreement (Third Party Claim III); (**IV**) breached the covenant of good faith and fair dealing with respect to the July 2021 Agreement (Third Party Claim IV); and (**V**) conspired to commit fraudulent transfer (Third Party Claim V). Virtually all of the facts to support these claims occurred either before or during Ms. Manolio's representation of Mr. Pavlik.

On December 10, 2024, Ms. Manolio filed an Application for Substitution of Counsel, with Client Consent (Doc. 190), because "counsel for Takeover has raised an issue of conflict by Ms. Manolio continuing representation when she previously represented Takeover." Ms. Manolio requested that the court substitute attorney Spencer Freeman as counsel for the Tuckers' Third-Party Claims against Takeover only. Ms. Manolio said she "will continue to act as lead counsel for the Tuckers." That is, Ms. Manolio continues to represent the Tuckers:

(**i**) defending the LSI Amended Claims, (**ii**) prosecuting the Tuckers' Counterclaim against LSI, and (**iii**) prosecuting all of the Third-Party Claims against Pavlik (her former client), Holley, McBride, Zarro and Next Gen Beverages (Doc. 179). Mr. Freeman represents the Tuckers only in connection with the Tuckers' Third-Party Claim against Takeover. (Doc. 191).

### III. The Arizona Rules of Professional Conduct Apply to Motions to Disqualify.

This Court has adopted the Arizona Rules of Professional Conduct as its ethical standards. This court applies the Arizona ethical rules when evaluating motions to disqualify. *Roosevelt Irr. Dist. v. Salt River Project Agr. Imp. and Power District*, 810 F. Supp. 2d 929 (D. Ariz. 2011).

### IV. Arizona's Ethical Rules Require the Disqualification of Ms. Manolio and Mr. Freeman As Counsel for the Tuckers.

As is clear from the record, there is no dispute that Ms. Manolio jointly represented the Tuckers, Takeover and Mr. Pavlik from at least June 14, 2022 (the date the Memorandum was signed), through December 6, 2022, when the Order (Doc. 102) permitting withdrawal was signed, a period of almost 6 months.

On September 27, 2024, Ms. Manolio, on behalf of the Tuckers, sued Takeover and Mr. Pavlik (her former clients), and others. Even though Ms. Manolio is no longer representing the Tuckers against Takeover, she still represents the Tuckers against Mr. Pavlik, her former client. Even if Ms. Manolio were to seek to substitute Mr. Freeman or some other counsel in connection with the Tuckers' claim against Mr. Pavlik, that would not be sufficient

to avoid disqualification. ER 1.9 requires Ms. Manolio's complete withdrawal from this case.[5]

Quoting from Mr. Rhodes December 12, 2024 letter, he states:

> Even if you did not have a duty to withdraw entirely from the case in November 2022 (which I believe you had), such a duty became patently obvious when you filed your First Amended Counterclaims and Third-Party Claims on September 27, 2024. Following termination of a representation, a lawyer retains her duties of loyalty and confidentiality to the former client absent client consent, which has not been given. (*See* ER 1.7, cmt. [9].) Under ER 1.9, a lawyer cannot undertake the representation of a client in "the same or substantially related matter" for which the lawyer previously represented another client with adverse interests, absent the former client's informed consent. Here, you have continued to represent the Tuckers in *the same litigation* for which you later sued Takeover and Pavlik. You neither requested nor received a waiver from Takeover or Pavlik to be sued by you on behalf of the Tuckers.[6]

---

[5] **ER 1.9:** "Duties to Former Clients" states:

**(a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent confirmed in writing.**

**Comment 1** states: "After termination of a client-lawyer relationship, a lawyer has certain continuing duties with respect to confidentiality and conflicts of interest and thus may not represent another client except in conformity with this Rule…. Nor could a lawyer who has represented multiple clients in a matter represent one of the clients against the others in the same or a substantially related matter after a dispute arose among the clients, unless all affected clients give informed consent."

[6] **ER 1.7: "Conflicts of Interest" (Current and Former Clients) states:**

**(a) Except as provided in paragraph (b) a lawyer shall not represent a client if the representation involves a concurrent conflict of interest.[6] A concurrent conflict of interest exists if:**

**(1) the representation of one client will be directly adverse to another client; or**

**(2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.**

The substitution of Mr. Freeman to prosecute the Tuckers' claims against Takeover does not cure the conflict. Mr. Rhodes states:

> I am aware you have recently provided notice that another lawyer will represent the Tuckers for the counterclaims and third-party claims.[7] That, however, neither forgives nor cures your violations of your duties of confidentiality and loyalty. In addition to prohibiting conflicts of interest with former clients absent waivers, ER 1.9 also prohibits a lawyer from revealing or using a former client's confidential information against the former client's interests. (ER 1.9(c).) This prohibition cannot be avoided by retaining separate counsel, because your knowledge of confidential information of Takeover and Pavlik exists and cannot be excised from your brain. "Humans cannot partition their brains so that they only use particular knowledge for particular purposes." *Hyde Park Venture Partners Funds III,*

---

**Comment 4 states:**

**If a conflict arises after representation has been undertaken, the lawyer ordinarily must withdraw from the representation, unless the lawyer has obtained the informed consent of the client under the conditions of paragraph (b). See ER 1.16. Where more than one client is involved, whether the lawyer may continue to represent any of the clients is determined both by the lawyer's ability to comply with duties owed to the former client and by the lawyer's ability to represent adequately the remaining client or clients, given the lawyer's duties to the former client.**

**Comment 27 states:**

**In considering whether to represent multiple clients in the same matter, a lawyer should be mindful that if the common representation fails because the potentially adverse interests cannot be reconciled, the result can be additional cost, embarrassment and recrimination. Ordinarily, the lawyer will be forced to withdraw from representing all of the clients if the common representation fails. In some situations, the risk of failure is so great that multiple representation is plainly impossible. For example, a lawyer cannot undertake common representation of clients where contentious litigation or negotiations between them are imminent or contemplated. Moreover, because the lawyer is required to be impartial between commonly represented clients, representation of multiple clients is improper when it is unlikely that impartiality can be maintained. Generally, if the relationship between the parties has already assumed antagonism, the possibility that the clients' interests can be adequately served by common representation is not very good.**

[7] As discussed above, Mr. Freeman represents the Tuckers only as to the Third Party claims against Takeover.

7

*L.P. v. FairXchange, LLC*, 292 A. 3d 178, 196 (Del. Ch. 2022).

In *Bicus v. Superior Court in and for Pima County*, 116 Ariz. 69, 567 P. 2d 1198 (App. 1977), the issue was whether the trial court abused its discretion when it denied a motion to exclude attorneys from further representation. The Court of Appeals held that the trial court abused its discretion and ordered that the attorneys be disqualified. The court stated:

> The principle which bars an attorney from representing an interest adverse to that of a former client is most often said to be grounded upon the confidential relationship which exists between attorney and client, the courts taking the view that by imposing this disability upon the attorney, confidential information conveyed by the former client is protected from possible disclosure and wrongful use.
>
> . . .
>
> Where it can reasonably be said that in the course of former representation an attorney might have acquired information related to the subject matter of his subsequent representation, the attorney should be disqualified.

*Id.*, pp. 1201, 1203.

There is no requirement that client confidences be divulged before disqualification is required.

> [Rule 1.9(a)] does not require that confidences and secrets be divulged in order for a conflict to exist or for disqualification to be proper. [Citations omitted.] Regardless of what was communicated during the representation of the former client, the rule prohibits subsequent representation of an individual whose interests are substantially adverse to those of the former client.

*Foulke v. Knuck*, 162 Ariz. 517, 784 P. 2d 723, 728 (App. 1989). Nevertheless, Ms. Manolio's use of confidential information is apparent. Mr. Rhodes states:

> That you have confidential information of both Takeover and Pavlik is undeniable. For the approximately eight months in which you represented Takeover, and the approximately five months in which you jointly

8

represented Pavlik and the Tuckers, you became privy to in-depth knowledge, not only about Takeover and its business, but about Pavlik and the other persons with interests in Takeover. Review of your billing invoice of November 16, 2002, reveals that, between June and November 2022, you conferred with both Tucker and Pavlik about issues related to McBride, whom you later sued on behalf of the Tuckers. Your knowledge of confidential information during this time period extended beyond Tucker and Pavlik to the entire Board of Directors. On September 21, 2022, for example, you recorded time for reviewing "all communications back and forth among BOD re: accounting of Toby [McBride]'s personal charges, each person's version of what occurred, and necessity of protecting Takeover." Your duty of confidentiality to Takeover encompasses information about its Board members, investors, and other interested parties.

You also engaged in email communications with Pavlik while you represented him, including emails in November 2022 which, given the context of other activities at the time, undoubtedly concerned Takeover's strategy related to your TRO petition, in which you sought the appointment of a Receiver for Takeover. This timing is of particular concern, because on November 8 and 11, 2022, you also recorded time for preparing a motion to withdraw from your representation of Pavlik, which you filed on November 11. You thus were conferring with Pavlik in preparation for the TRO while simultaneously preparing to withdraw from representing him. You revealed information about this series of confidential communications with Pavlik to his detriment in your November 22, 2022 Motion to Withdraw from your representation of Takeover, which I have quoted and discussed above.

**V. Ms. Manolio's Fee Agreement Mandates Her Disqualification.**

On or about March 1, 2022, Ms. Manolio's law firm, Manolio & Firestone, entered into a Professional Services Agreement ("Agreement") with Takeover.[8] The Agreement was signed by Mr. Tucker in his capacity as Takeover's President. The Agreement states Ms. Manolio represents Takeover in connection with disputes with Mr. Holley and Mr. Eisenberg

---

[8] A copy of the Agreement is attached as **Exhibit "C"**.

and possibly others that are "adverse to Takeover Industries, Inc., LaborSmart, Inc., and/or Jason Tucker and/or his marital community."

The Agreement identifies what Ms. Manolio believes are her ethical obligations with respect to the use of confidential information. The Agreement states, in pertinent part, as follows:

> WE DO NOT DISCLOSE ANY PERSONAL INFORMATION ABOUT OUR CLIENTS OR FORMER CLIENTS TO ANYONE, EXCEPT AS PERMITTED OR REQUIRED BY LAW AND ANY APPLICABLE STATE ETHICS RULES. We do not disclose any nonpublic personal information about current or former except to effectuate the purpose of our representation or as required or permitted by law or applicable provisions of codes of professional responsibility or ethical rules governing our conduct as lawyers.

(See **Exhibit "C"**, General Terms and Disclosures.)

Then, on June 14, 2022, Takeover, the Tuckers and Mr. Pavlik signed the Memorandum. The Memorandum states, in pertinent part, as follows:

> **[W]e cannot represent the client if the representation of that client would be directly adverse to another client**, without your consent after discussing the same.
>
> **[I]nformation or knowledge obtained by an attorney from a client and, in turn, client relationships, shall be kept confidential and shall not be used to the disadvantage of that client while representing another.** This always poses a potential problem if it is learned in the course of this lawsuit that one of you has essentially done something that is damaging to the case and/or to the other defendants.
>
> However, by signing below, the company, Jason and Melissa Tucker and Joseph Pavlik specifically agree that Takeover Industries, Inc shall pay for the joint representation with no individual fees borne to either the Tucker community or Pavlik. This compromise shall be considered sufficient consideration to the Tucker community and/or Pavlik such that each of those individuals [the Tuckers and Mr. Pavlik] hereby expressly agrees that **Takeover Industries, Inc. may continue to use the services of the firm**

**Manolio & Firestone, PLC should a conflict of interest arise among in the joint representation.** Jason and Melissa Tucker each expressly agrees that he/she will not object to continued representation of the company by this law firm even if the individual(s) are made to hire independent counsel at some future date…. **[T]he firm does not intend to waive the clients' rights and does not intend to use information to better any party's position by information obtained under the attorney/client privilege**. Should any such unresolvable conflict arise, the firm would make proper disclosure and seek resolution with all defendants. (Emphasis in original.)

### V.     Conclusion.

Respectfully, Ms. Manolio has a clear conflict of interest which prohibits her continued representation of the Tuckers in any capacity in this case. Likewise, because of potential improper disclosures made by Ms. Manolio to Mr. Freeman, he should also be ordered to withdraw. Mr. Rhodes concludes:

> The record is therefore remarkably clear that, when adversity arose among some of your jointly represented clients, you not only failed to withdraw immediately from representing all of the clients, you picked your preferred clients (the Tuckers), then nearly two years later, you switched sides and sued Takeover and Pavlik without requesting or obtaining either their consent to sue them or their consent that you may reveal or use their confidential information to their detriment.
>
> I again ask you to give careful consideration to the contents of this letter. In my opinion, based on my experience and knowledge of the ethical obligations of Arizona lawyers, (1) you must immediately move to withdraw from representing the Tuckers or any other party in the pending lawsuit, and (2) because you could not have informed Spencer Freemen about the case without imparting to information of Takeover and/or Pavlik, Mr. Freeman must withdraw as well.

///

///

///

**RESPECTFULLY SUBMITTED** this 21st day of January, 2025.

**PAUL M. LEVINE, P.C.**

By /s/ Paul M. Levine
Paul M. Levine, Esq.
8502 E. Via de Ventura, Suite 230
Scottsdale, Arizona 85258
*Attorney for Plaintiff/Counterdefendant Labor Smart, Inc. and Third-Party Defendants (including Joseph Pavlik)*

**ELECTRONICALLY FILED**
this 21st day of January, 2025.

**EMAILED** this 21st day of January, 2025 to:

Veronica L. Manolio
**MANOLIO & FIRESTONE, PLC**
8686 E. San Alberto Dr., Suite 200
Scottsdale, Arizona 85258
VManolio@MF-Firm.com
*Attorney for Defendants/ Counterclaimants/ Third-Party Plaintiffs*

Spencer D. Freeman, Esq.
**FREEMAN LAW FIRM, INC.**
1107 1/2 Tacoma Ave S
Tacoma, Washington 98402
SFreeman@FreemanLawFirm.org
Reception@FreemanLawFirm.org
Sierra@FreemanLawFirm.org
*Attorney for Jason Tucker and Melissa Tucker*

/s/ Sasha Bever