# EXHIBIT B

# MEMORANDUM
## CONCERNING JOINT DEFENSE AND/OR CONFLICT OF INTEREST

As I am sure you understand, attorneys' conduct is governed by Rules of Professional Conduct in each and every state. The basic rules governing such conduct were developed primarily in the context of litigation. In litigation, each party is normally represented by a different attorney. There are exceptions, and this Memorandum is being presented as it applies specifically to your case.

We were initially retained by Takeover Industries, Inc. to represent the company in litigation against Michael Holley, an ex-director and officer but current shareholder. Because Mr. Holley has recently filed third party claims and added Jason Tucker (and his marital community), Toby McBride, and Joseph Pavlik, as parties, our firm has conducted an analysis of jointly defending the counterclaims and the third-party claims while also prosecuting the company's affirmative claims.

As attorneys, we are bound by certain rules of professional conduct which require us to disclose and obtain your consent to represent multiple parties in a single lawsuit due to the potential for a conflict of interest. A conflict of interest can be something as mundane as raising a defense for one party that another defendant may not have, or as significant as waiving defenses which one party may have against another party. Additionally, we cannot represent a client if the representation of that client would be directly adverse to another client, without your consent after discussing the same. Counsel must also believe that the representation of each of you would not adversely affect the relationship with the other one.

First and foremost, there is a potential conflict between the duties of loyalty and confidentiality which we would have toward each of you. In the context of conflicts of interest, loyalty means that an attorney will devote all his skills for the benefit of the client, not affected by the attorney's self-interest or conflicting representation. Confidentiality in this same context means that information or knowledge obtained by an attorney from a client and, in turn, client relationships, shall be kept confidential and shall not be used to the disadvantage of that client while representing another. This always poses a potential problem if it is learned in the course of this lawsuit that one of you has essentially done something that is damaging to the case and/or to the other defendants

At this point in time, based on the allegations contained in the complaint and the investigations we have done to date, we believe there is a mutuality of interest between the company and Jason Tucker (and his marital community) as well as the company and Joseph Pavlik, and, therefore, a joint defense should be employed in this proceeding. Although we may need to pursue separate interests at times, the common interests prevail at this point in time.  We do not presently see any potential for the conflict of interest to arise and, thus, do not see the need for either Mr. Tucker (or his marital community) or Mr. Pavlik to obtain independent counsel at this point.  We believe that this firm (and each individual lawyer working on your matter/case) can fulfill the ethical obligations, as well as our obligations to each the company,  Mr. Tucker (and his marital community) and Mr. Pavlik without violating any of the ethical rules regarding conflicts of interest. Accordingly, we will undertake joint representation, under your direction.  We will continue to evaluate this matter and will keep communicative with you about any conflict that may arise in the future of this matter.

On the other hand, there are enough facts alleged that indicate that Mr. McBride *may* have a conflict of interest with the company, and we recommended that he hire independent counsel to be safe (and to protect our rules of ethics and professionalism). At this time, we understand that Mr. McBride has retained Reiter Law Firm/Jennifer Reiter, and our firm remains willing to enter a "joint defense agreement" with Mr. McBride and his counsel, so long as the parties' interests do not conflict.  But we recognize that may become a potential.  If a conflict arises, we will separate interests and continue protecting only the company, Mr. Tucker (and his community) and Mr. Pavlik.

These are our firm's initial reactions, but we strongly encourage each of you to discuss the potential of a conflict of interest with another lawyer, for your own benefit.

If you have any more questions about single representation of multiple defendants in regard to the common representation and the advantages and risks involved, we should have another conversation.  Aside from the potential limitations on defenses and each of you being brushed with a broad stroke, meaning the conduct of one another, there is always the possibility that you may want individual representation if you no longer believe in a joint defense.  If this does occur in the course of our representation, you should let us know immediately.

However, by signing below, the company, Jason and Melissa Tucker and Jospeh Pavlik specifically agree that Takeover Industries, Inc. shall pay for the joint representation with no individual fees borne to either the Tucker community or Pavlik. This compromise shall be considered sufficient consideration to the Tucker community and/or Pavlik such that each of those individuals hereby expressly agrees that Takeover Industries, Inc. may continue to use the services of the firm Manolio & Firestone, PLC should a conflict of interest arise among in the joint representation. Jason and Melissa Tucker and Pavlik each expressly agrees that he/she will **not** object to continued representation of the company by this law firm even if the individual(s) are made to hire independent counsel at some future date. Although agreeing that any joint representation conflict is waived in advance, the firm does not intend to waive the clients' rights and does not intend to use information to better any party's position by information obtained under the attorney/client privilege. Should any such unresolvable conflict arise, the firm would make proper disclosure and seek resolution with all defendants.

Once again, please feel free to discuss this conflict letter with outside counsel before you confirm that you want this firm's joint representation in this matter. **If you disagree with the Joint Defense or wish to cease representation, please immediately inform us in writing so we can take the appropriate action(s).** Otherwise, please sign below to indicate that you have read and understand this agreement and that you have been given an opportunity to discuss this matter with any/all lawyers of your choosing.

Sincerely,

*/s/ Veronica L. Manolio*

Veronica L. Manolio

The foregoing has been acknowledged and approved by:

**Takeover Industries, Inc.**

DocuSigned by:

*Jason Tucker*

By: _____     6/14/2022
       B65AD32120DE434...
       Jason Tucker, President                          _____
                                                                              Date

**Individuals:**

By: *Jason Tucker*
Jason Tucker

6/14/2022
Date

By: *Melissa Tucker*
Melissa Tucker

6/15/2022
Date

By: *Joseph Pavlik*
Joseph Pavlik

6/14/2022
Date