# EXHIBIT C

DocuSign Envelope ID: A14BF015-A956-4F80-BB91-8103CBD4B01F



# PROFESSIONAL SERVICES AGREEMENT

This Professional Services Agreement will confirm this firm's agreement to represent Takeover Industries, Inc., a Nevada Corporation ("Client") in disputes with Michael Holley (and/or his marital community), David Eisenberg (and/or his marital community), and/or any related entities or persons engaged in business with or engaged for the benefit of any of those parties as adverse to Takeover Industries, Inc., LaborSmart, Inc., and/or Jason Tucker and/or his marital community.

The undersigned Client is to be represented upon signing this Agreement and providing the required advance fees (if any). It is the practice of this law firm that all fee agreements with our clients are in writing. This Professional Services Agreement is to fully set forth the terms of the fee arrangement and scope of work we previously have discussed with you.

## ADVANCE FEE/HOURLY RATES

1. We have agreed to begin representation in this case with an initial Retainer Fee of ten thousand dollars ($10,000.00) for our legal fees/time. This Retainer Fee shall be applied to a "Trust" account for the Clients' benefit, to be earned as work is completed. The firm does not retain or charge Retainer Fees as being non-refundable; fees are earned as work is done.

However, because this is an "emergency" case that will seek expedited relief from a federal court of law, the firm believes that a significant amount of work will be done expeditiously and an above-average amount of monthly fees will be incurred in the beginning stage(s) of this lawsuit. This is the particular reason why advanced/retainer fees are sought.

2. You will billed by time incurred (billed on an hourly basis) and invoiced monthly. At the end of month one, any remaining Retainer Fee shall be credited to you, and if the Retainer is exhausted, you will be billed for the difference. Our billing statements/invoices will be detailed and will show what time/fees are charged against your initial deposit/Retainer Fee.

3. You will continue to be billed on a monthly basis, even after the Retainer Fee is exhausted. Invoices are due within 30 dates of the statement date, and any unpaid balance bears interest at the rate of 1.5 percent per month, retroactive to the date of the statement, compounded monthly.

4. Our standard hourly rates presently range from $105.00 to $375.00 per hour, depending upon which lawyer or paralegal is working on the case, and those fees are subject to change from time to time. **Veronica L. Manolio** shall retain primary responsibility, and her current hourly rate is $375.00. You agree and understand that one or more attorneys and/or paralegals in the law firm will provide legal services in this case. All time is billed in increments of tenths of an hour. Our minimum billing unit is two-tenths of an hour (.2).

## BILLING INQUIRIES AND COLLECTIONS

5.  Because we recognize the importance of good legal representation and understand the expense, we endeavor to keep our billing efficient without compromising quality or professionalism. This firm also has an open communication policy regarding billing/invoices.

If you have questions or concerns on invoices, please let us know immediately as we enforce rather strict payment policies. If your account becomes more than 60 days past due without a plan to correct/communication from you, **you agree and hereby consent to our withdrawal from representation and/or termination of your legal representation**. Likewise, if your account becomes more than 30 days past due and has a balance equal to or exceeding $5,00.00, **you agree and hereby consent to our withdrawal from our representation and/or termination of your legal representation**. While we recognize these are harsh policies, they enable us to provide our clients with better quality legal representation; we avoid having to concentrate legal time and energy on collecting unpaid debt. Thus, these policies are intended to benefit our ongoing **clients**, not just the firm.

## MISCELLANEOUS TERMS

6.  Our failure to immediately withdraw or terminate representation will not mean we waive our right to exercise our rights to withdraw/terminate. We retain the right to use discretion without waiving any rights.

7.  Attached are additional general terms and disclosures we provide to all clients, which you should read and understood before signing this Professional Services Agreement. Should you have any questions, please discuss them with your attorney before signing.

8.  **Our representation of you will not commence and we will not be your attorneys or act to protect your rights until you have signed this Agreement and provided the required initial funds or flat fee and/or any cost retainer (if required).**

## ARBITRATION

9.  If a dispute arises between Manolio & Firestone, PLC and you regarding attorneys' fees, including any attempt to withhold the payment of fees based on alleged deficiencies in the services provided by Manolio & Firestone, PLC, you agree to have the issue(s) resolved by final and binding Arbitration.

The parties expressly agree to resolve any dispute by Arbitration in Maricopa County, Arizona. This provision includes both equitable (injunctive) relief and legal claims/remedies. The matter will be governed by Arizona law and Arizona procedural rules. The parties will use a Private Arbitrator, **not** the American Arbitration Association ("AAA") nor any other equivalent. The parties should first attempt to agree on an Arbitrator, but if they cannot agree within two (2) weeks of contact with each other, the filing party shall select a private Arbitrator who is qualified to hear the dispute(s) by: a) being a member of the Arizona Bar; b) having no conflict(s) of interest; and, c) having performed other Arbitration(s) of similar kind. If the opposing party disputes the chosen Arbitrator, he/she/it may file in the Superior Court for appointment of a neutral Arbitrator pursuant to A.R.S. §12-1503. No other matters will be held or decided in the

DocuSign Envelope ID: A14BF015-A956-4F80-BB91-8103CBD4B01F

Superior Court but for the Appointment of an Arbitrator pursuant to statute. By executing this Agreement, you understand that you are waiving your right to a jury and/or bench trial for any issues arising out of this agreement or services rendered.

    The undersigned Client agrees to and understands the terms and obligations of this Professional Services Agreement and agrees to be bound by its terms by signing below.

**MANOLIO & FIRESTONE, PLC**

By:_____
      Veronica Manolio

**Takeover Industries, Inc.**

*Jason Tucker*　　　　　　　　　　3/1/2022
_____　　_____
By: Jason Tucker　　　　　　　　　　　Date Signed
Its: President

# GENERAL TERMS AND DISCLOSURES

A. All costs and expenses incurred by the law firm in the representation contemplated above will be billed to you and borne by you. These expenses include, but are not limited to, filing fees, court costs, costs of private investigation, expert witness costs and expenses, deposition costs, the cost of obtaining any document or court reporter transcript, photocopying costs ($.25 per page for b/w copies and $.50 per page for color), travel expenses, retention of out-of-state counsel, computer legal research, expert testimony and extraordinary postage. You shall be liable for such costs and will be expected to promptly reimburse the law firm for such costs.

B. Payment in full of all bills, including bills for time and reimbursement of billed costs, is due 30 days from the date of the invoice. **Any unpaid balance shall bear interest at the rate of 1.5 percent per month, or 18% per annum, retroactive to the date of the statement, compounded monthly.**

C. If you have been required to pay a retainer/advance fee, we may require additional lump sum fees as the case continues. At the conclusion of our representation, a final bill will be rendered, and we will refund any fees you may be entitled to that were paid as "advance fees" and not utilized during representation.

D. You may discharge your lawyer and this firm at any time. In the event of a discharge, you may be entitled to a refund of all or part of a fee previously designated as 'earned upon receipt' or 'nonrefundable' based upon the value of the representation as contemplated in the Arizona Ethical Rule 1.5. These factors include: (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) the degree of risk assumed by the lawyer. We will apply these factors and make a determination whether a refund is due promptly upon your decision/ notification of termination.

E. Although a client may discharge attorney at any time, **you understand and agree and hereby consent to allow this firm and the attorneys herein to withdraw from further representing you if our attorneys' fees or costs are not paid timely and your account becomes more than sixty (60) days past due. Similarly, you understand and agree and hereby consent to allow this firm and the attorneys herein to withdraw from further representing you if our attorneys' fees or costs are not paid timely and your account becomes more than thirty (30) days past due with a balance equal to or exceeding $5,000.00.**

F. In the event an action is instituted to collect any portion of the fees or costs due pursuant to this Agreement, you agree and promise to pay all attorneys' fees, costs, and interest at the rate of 1.5 percent per month on any unpaid balance whether suit is required to collect or not.

G. Due to the uncertainty of legal proceedings, no guarantees or promises of any kind have been made by this law firm with regard to the ultimate outcome of this matter.

H. This Professional Services Agreement does not apply in the event of an appeal from any Judgment nor to the pursuit of any extraordinary relief to a higher court. In the event of such an appeal or the pursuit of such extraordinary relief or post-Judgment relief remedy, a new agreement must be drawn and executed.

I. We reserve the right to withdraw from this representation at any time if our investigation discloses that no reasonable grounds exist for pursuing your claim or defense or if there is a substantial dispute over the handling or evaluation of this litigation or if fees are not kept current by you. Such a withdrawal does not waive our right to any fees earned or costs expended.

## PRIVACY OF CLIENT INFORMATION

J. Lawyers, as providers of certain personal services, are required to inform clients of their policies regarding privacy of client information. Our law firm understands your concerns as a client for privacy and the need to ensure the privacy of all your information. Your privacy is important to us, and maintaining your trust and confidence is a high priority. This section is intended to explain our firm's Privacy Policy with regard to personal information that we obtain and how we keep that information secure:

DocuSign Envelope ID: A14BF015-A956-4F80-BB91-8103CBD4B01F

We collect nonpublic personal information about you that is provided to us by you or obtained by us with your authorization or consent. WE DO NOT DISCLOSE ANY PERSONAL INFORMATION ABOUT OUR CLIENTS OR FORMER CLIENTS TO ANYONE, EXCEPT AS PERMITTED OR REQUIRED BY LAW AND ANY APPLICABLE STATE ETHICS RULES. We do not disclose any nonpublic personal information about current or former except to effectuate the purpose of our representation or as required or permitted by law or applicable provisions of codes of professional responsibility or ethical rules governing our conduct as lawyers. We reserve the right to list any/all clients as a "representative client" with or without authorization.

We retain records relating to professional services that we provide so that we are better able to assist you with professional needs and to comply with professional guidelines or requirements of law. In order to guard your nonpublic personal information, we maintain physical, electronic, and procedural safeguards that comply with our professional standards. We retain many file documents in electronic format only, and these may be stored on a separate third-party server (still utilizing professional standards and procedural safeguards to the best of our abilities).

We regularly communicate with our clients via mobile telephone and electronic mail. While no form of communication is completely secure, we recognize that these forms of communication may have higher risk of interception (even though our firm maintains all reasonable security measures to ensure confidentiality of your information). If you do not wish to communicate by cellular/mobile or electronic communications, please simply let us know. Otherwise, we will likely send you emails and records, pleadings, documents related to your case in ".pdf" format.

You are responsible for providing us with an email address that you want us to use for correspondence related to the representation. You should check that email address regularly. We will assume that third parties (e.g., employers or family members) do not have access to that email address so you can receive confidential correspondence from us at that address. We also will assume that you are receiving and reviewing our emails at that address unless you alert us to an issue. Please be certain that your email filters do not block emails from our office and that the allowable size of incoming emails is sufficient to accept emails from us with attachments. It is important that you retain all correspondence from and to us, including emails and attachments to us. This will be your file for this matter. You are responsible for maintaining your own copy of the file.

### RECORD RETENTION POLICY

K.  We endeavor to keep our files as "paperless" as possible, meaning most of the documents related to your case are scanned/stored electronically rather than in hard-copy format. If you provide us originals of documents, we will normally scan those originals and return them to you. If an original or paper copy of document needs to be kept in your file, we will keep it until our engagement ends. After our representation/engagement ends, meaning the date of our last bill for services in this matter, we will destroy any/all "hard copies" of papers and documents within ninety (90) days. If there are hard copies of documents that need to be returned, and fewer than twelve (12) months have lapsed since your case is completed, we will first give you written notice of our intention to destroy the records at your last address. Such notice will give you 30 days to respond and indicate whether you want the records to be returned to you. If our notice is undeliverable, we will destroy the records as outlined above.

We maintain electronic copies of your file(s) for a minimum of two (2) years, barring any unforeseen technology issues/errors. If you request such records, we reserve the right to transfer them in the electronic format and organization in which we maintained them. In that event or if you request destruction of the records, we reserve the right to retain (at our expense) a copy of any part of the records for any reason, such as to comply with our own legal or ethical obligations.

### LITIGATION CONFLICTS OF INTEREST/JOINT DEFENSE

L.  Before commencing representation of multiple parties in litigation, each party will be required to read and understand a joint defense/conflict of interest letter. If this is a joint defense matter, or one in which a business entity is named in addition to individuals, the proper **DISCLOSURE/MEMORANDA** are attached.