LAW OFFICES
**MANOLIO & FIRESTONE, PLC**
8674 E. San Alberto Drive
Scottsdale, Arizona 85258
(480) 222-9100
vmanolio@mf-firm.com
Veronica L. Manolio, SBN 020230
*Attorneys for Tucker Defendants, Counterclaimants,*
   *And Third-Party Claimants*

# IN THE UNITED STATES DISTRICT COURT
# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Labor Smart, Inc.<br><br>     Plaintiff,<br><br>v.<br><br>Jason and Melissa Tucker,<br><br>     Defendants.<br><br>And related Counterclaims and Third-Party Claims. | Case No. 2:22-cv-00357-PHX-DJH<br><br>**JASON AND MELISSA TUCKER'S RESPONSE TO THIRD-PARTY DEFENDANTS PAVLIK AND McBRIDE'S MOTION TO APPEAR VIRTUALLY AT THE JUNE 24, 2025 SETTLEMENT CONFERENCE**<br><br>(Before the Hon. D. Humetewa) |

  Defendants, Counterclaimants and Third-Party Claimants Jason and Melissa Tucker hereby respond to the Motion to Appear Virtually at the June 24, 2025 Settlement Conference (Doc. 217) filed by Toby McBride and Joseph Pavlik. While the Tuckers believe that this motion is another tactical move in a long string of gamesmanship, they do not oppose virtual appearance by Mr. Pavlik. Mr. Pavlik provided this Court a <u>justifiable</u> basis to appear virtually. For purposes of this limited request, the Tuckers accept his sworn statement of being a primary caretaker for elderly parents and understand that travel would be a hardship on him and/or his parents (non-parties).

  On the other hand, Mr. McBride has not offered evidence of **any** hardship at all. He merely complains that he has work on June 24th. Missing work, alone, is not a hardship.

## I. RELEVANT FACTS

### A. Background Facts

While this case mostly involves business disputes among the prior Officers and Directors of Labor Smart, Inc. and Takeover Industries, Inc., Toby McBride is central to all the claims. Mr. McBride was a founder of Takeover, committed multiple breaches of fiduciary duties to Takeover (and to Labor Smart) when bringing Jason Tucker into the entities, and Mr. McBride admittedly took more than $240,000 in Takeover's funds to pay for his own personal expenses. To make matters worse, when the business disputes between the parties escalated, Mr. McBride took to online measures to very publicly defame both Jason and Melissa Tucker. He attacked them personally, professionally, and he even threatened physical violence.

### B. McBride's Firsthand Knowledge

Mr. McBride (and others) began interactions with the Tuckers in mid-2021, at a time when Thomas Zarro was not an Officer, Director, or even remotely involved in Takeover. Mr. McBride had daily (or near-daily) work interactions with the Tuckers that Mr. Zarro has never had.

While Michael Holley was involved in Takeover and Labor Smart in 2021, he was removed from the companies' day-to-day functions for a long period of time from late 2021 through most of 2022. He only re-inserted himself when Messrs. Holley, McBride and Pavlik staged a "takeover of Takeover" and ousted Jason Tucker from making good business decisions in November 2022. Again, Mr. McBride had interactions with the Tuckers for a longer and more consistent period of time than Mr. Holley ever did.

### C. McBride's Tendency to Avoid Virtual Appearances

As this Court likely knows, there is a related case in the United States District Court, District of Nevada, *James V. Deppoleto, Jr. v. Takeover Industries, Inc., et al.*, 2:22-CV-02013-GMN-BNW (the "Related Case" herein). In that matter, Mr. McBride

was permitted to give his deposition virtually.[1]  He appeared online at roughly 8:15 a.m., and by 9:35, Mr. McBride asked for a 10-minute break.  *Id*.  He then called his counsel and refused to re-appear on the virtual appearance.  *Id*.  The deposition had to be resumed the following week, at the additional expense to Plaintiff.[2]  *Id*.

## II.   ARGUMENT

***First,*** it is disingenuous for Third-Party Defendants argue that Mr. McBride should not be required to appear in-person because Messrs. Holley and Zarro have "the greatest knowledge of all the relevant facts."  Mr. Holley was out of the business for nearly an entire year (while Mr. McBride remained part of the day-to-day business).  And Mr. Zarro was not even a part of the business operations until roughly early 2023.  Neither of these gentlemen have firsthand knowledge of Takeover dealings in 2021-2022, nor can either of them speak to the venomous defamation in which Mr. Bride engaged.

***Second***, and perhaps more importantly, Mr. McBride does not provide any true hardship for an in-person appearance.  He merely complains that he has "meetings" scheduled on June 24th.  Even if that were true, there are major problems with this excuse: a) he provides no information on the importance of the meetings and/or why they cannot be rescheduled or handled by others; and b) Mr. McBride certainly could not attend his other "meetings" during the Settlement Conference, even if he were appearing virtually.  The Conference requires actual participation and involvement, not sporadic attention while Mr. McBride simultaneously handles other meetings.  Moreover, Mr. McBride

---

[1] These statements are based on the Deposition Transcripts of Toby McBride that was made a part of the official record (Doc. 102-3) in the Related Case.

[2] Notably, Thomas Zarro engaged in the same type of gamesmanship in the Related Case.  Although he appeared for his deposition, he refused to answer questions about the fraudulent transfers in which he, Holley, and Takeover engaged.  *See*, Doc. 118 in the Related Case.  Mr. Zarro claimed "confidentiality" and flatly refused to discuss how the fraudulent transfers were made, causing Plaintiff in the Related Case to file a Motion to Compel (Doc. 118), which was granted in large part (Docs. 129, 131).

readily admits that he travels for work all the time (so travel certainly is not a hardship for him), and we all know a flight from LA to Arizona only takes roughly an hour.

Simply put, all the parties in this lawsuit have careers, but taking a day off work to appear for an important court function is not justifiable to avoid in-person appearance. Mr. McBride's personal appearance is especially important given the significant claims against him for his <u>personal</u> wrongdoing, including his breach of multiple fiduciary duties and his widespread defamation campaign. Without evidence of some financial drain, impossibility of rescheduling work, and/or other abnormal reasons, Mr. McBride should not be permitted to escape an in-person appearance based on work "meetings."

***Third, and finally***, this Court should consider that Labor Smart and the Third-Party Defendants have routinely engaged in gamesmanship throughout this matter and the Related Case.[3] This Court asked the parties to submit a **Joint** Status Report regarding the status of settlement discussions on May 9, 2025. (Doc. 212, ¶8.) Plaintiffs' counsel was contacted multiple times but, while acknowledging receipt of two (2) separate

---

[3] As noted by Judge Tuchi, Labor Smart and the Third-Party Defendants in this case have made "Misrepresentations of th[is] Court's Rulings" in the Related Case. (Doc. 129 at p. 5.) He chastised these parties for making "false and misleading" statements to the Nevada Court and required them to correct the record in the Related Case. *Id*. at p. 6. Judge Tuchi further indicated that he "suspect[ed] gamesmanship" by Labor Smart and the Third-Party Defendants in seeking "Realignment" of the parties. *Id*. at p. 9. He held that these parties were not acting "in good faith" by trying to use this forum to attack the claims made in the Related Case. *Id*. at p. 11. For this behavior, Judge Tuchi was very clear that it was "gamesmanship" he "w[ould] not tolerate." *Id*. He further found that the Tuckers have been prejudiced by undue delay of Labor Smart and the Third-Party Defendants. *Id*. More than a year later, Judge Tuchi again chastised Labor Smart for "misrepresent[ing] the status of this matter to two other federal courts." (Doc. 189 at p. 9.)

Magistrate Judge Bachus additionally found that Labor Smart and the Third-Party Defendants made "sweeping, inflammatory, and unsupported allegations" attacking undersigned counsel's candor. (Doc. 209 at fn. 4.) She also chastised these parties for seeking to disqualify Spencer Freeman as counsel for the Tuckers, noting that their motion could be deemed as having been filed for the purpose of harassment. *Id*. at p. 18.

requests for his positions, he failed to provide any input for the Joint Report. (Doc. 214.) The Tuckers' counsel specifically asked for an **in-person** Settlement Conference to lessen the ability to engage in more gamesmanship, and to promote the likelihood of meaningful settlement discussions. *Id*. The Court quickly granted the request for more time, requiring the Settlement Conference to be in-person. (Doc. 215.) Judge Kimmins then followed this Court's directive and scheduled the Settlement Conference to be held in Tucson in-person. (Doc. 216.) Plaintiffs waited nearly 20 days from this Court's ruling that settlement talks should be in-person to raise the issue, never explaining why Plaintiffs ignored their obligation to provide a Joint Report back on May 9th.[4]

### III. CONCLUSION

There is no objection to Mr. Pavlik appearing virtually on June 24, 2025, as the Tuckers agree to accept his word about his parents' circumstances (for limited purposes of this request only). Mr. McBride, however, should be required to appear in-person. He is a party whose knowledge is essential to **all** of the claims by the Tuckers, and he is also known to be a party who shirks responsibility when appearing virtually. He has been a party to several "gamesmanship" factors noted by Judge Tuchi and Judge Bachus. And, most importantly, he has not offered any justifiable reason to avoid being here in-person.

For these reasons, the Tuckers respectfully ask that the Court deny Mr. McBride's request and also award the Tuckers' attorneys' fees and costs in having to respond to his baseless motion.

/ / /

---

[4] This Court should also understand that Plaintiffs' counsel argued with Judge Kimmins' *staff* that the Settlement Conference should be made virtual, despite this Court's ruling on May 9, 2025 that appearance would be in-person. Undersigned had to remind Mr. Levine that court staff is not responsible to change Orders, and he needed to file a motion if he wanted reprieve.

DATED this 9th day of June, 2025.

**MANOLIO & FIRESTONE, PLC**

By: /s/ Veronica L. Manolio
  Veronica L. Manolio
  8674 E. San Alberto Drive
  Scottsdale, Arizona 85258
  *Attorneys for the Tucker Defendants, Counterclaimants, and Third-Party Claimants*

**FREEMAN LAW FIRM, INC.**

By: /s/ Spencer D. Freeman
  Spencer D. Freeman
  1107 ½ Tacoma Ave S.
  Tacoma, WA 98402
  *Attorneys for the Tuckers as Third-Party Claimants Against Takeover Industries, Inc. and Joseph Pavlik*