EXHIBIT G

**Law Offices
of
WiseLaw, P.C.
Attorneys at Law
327 E. Lullwood Avenue
San Antonio, Texas 78212
(210) 323-6074
WiseLaw@verizon.net**

*David E. Wise, Attorney*

April 30, 2024

*Transmitted via email to: inbox@cleartrusttransfer.com*

ClearTrust, LLC
Transfer Agent
16540 Pointe Village Drive
Suite 210
Lutz, Florida 33558

Attention:  Compliance Department

Re:   Battleship Stance, Inc./Proposed Sale of 350,000,000 Shares of Common
      Stock of Labor Smart, Inc. ("LTNC")

Gentlemen,

Battleship Stance, Inc. ("Seller") has requested this firm's legal opinion with respect its proposed sale of 350,000,000 shares of common stock ("Shares") of Labor Smart, Inc., a non-reporting company ("Issuer"), pursuant to Section 4.(a)(1) of the Securities Act of 1933, as amended ("Act").

In connection with Seller's request, Seller has provided this firm with photocopies of the following documents (or in the case of item a., below, we have downloaded information from the OTC Disclosure & News Service website):

   a.   OTC Disclosure & News Service information downloaded on the date of this opinion indicating that the Issuer had 14,908,568,486 shares of common stock issued and outstanding;
   b.   Preferred Stock Purchase Agreement, dated September 20, 2021, pursuant to which Joseph Pavlik sold 17 shares of the Issuer's Series A Preferred Stock and 1,850,000,000 shares of the Issuer's common stock, including the Shares, to Jason Tucker on behalf of the Seller;
   c.   ClearTrust, LLC form Letters of Instruction, dated September 20, 2021, pursuant to which Joseph Pavlik instructed ClearTrust, LLC to transfer the

shares covered by the above described Preferred Stock Purchase Agreement to the Seller;

d. ClearTrust, LLC form Letters of Instruction, dated on or about November 30, 2023, pursuant to which the Seller instructed ClearTrust, LLC to transfer 750,000,000 shares of the Issuer's common stock to each of Luis Ahlborn Sequeria and Thomas Zarro for $150,000, which resulted in the Seller owning only 350,000,000 shares of Issuer's common stock, also referred to herein as the "Shares;"

e. Seller's Representation Letter, dated April 23, 2024, representing, among other things, that:

- Jason Tucker and his wife, Melissa Tucker, are the 50/50 owners of Battleship Stance, Inc.;
- Seller was an individual corporate investor and shareholder of the Issuer;
- Seller was not an issuer, as the Issuer in this case is obviously Labor Smart, Inc.;
- Neither Melissa nor Jason Tucker is currently and neither of them has been an officer, director or affiliate of the Issuer during the past 90 days;
- Seller is not a "broker," "registered representative" or "dealer" as those terms are defined in the Act;
- Seller has not purchased or sold any other "restricted securities" in the past ninety days;
- Seller acquired the Shares with cash and for investment purposes and not with a view to the distribution thereof; hence, the Shares have come to "rest" with the Seller as their beneficial owner;
- There was no public trading available for the Issuer's securities when the Seller acquired the Shares;
- Seller is not a "underwriter" as defined in Section 2.(a)(11) of the Act;
- Seller is not in possession of any non-public information about the Issuer; and
- Seller is not involved in any promotional activities involving the securities of the Issuer.

f. Various documents provided to this firm by Seller.

*Review of Underlying Facts*

We understand the relevant facts to be as follows:

The Issuer is a non-reporting company. Seller acquired the Shares in a private transaction with the Issuer on or about September 21, 2021, pursuant to the Preferred Stock Purchase Agreement described in paragraph b., above. The Seller has held the Shares for over two years. Based on our review of information posted by the Issuer on the

2

TUCKER002990

OTC Disclosure & News Service website and representations from the Seller, we determined that neither the Seller nor its owners, Jason Tucker or Melissa Tucker, was an affiliate of the Issuer and neither of them has been an affiliate of the Issuer in the past ninety days. Based on Seller's representations in the Seller's Representative Letter described in paragraph e., above, Seller is not broker, registered representative, dealer, underwriter or issuer. Seller now desires to sell the Shares.

      In rendering this opinion, we have assumed the genuineness of all signatures and the authenticity of all documents submitted to us as certified or photo static copies. As to questions of fact material to this opinion, where such facts have not been independently established, and as to the content and form of other documents and writings provided to us by the Issuer and the Seller, we have relied to the extent we deem reasonably appropriate upon the representations or certificates of the Issuer and the Seller and other documents provided to this firm by Seller, without independent check or verification of their accuracy.

      Based upon our review of the foregoing documents and in reliance on the truth and accuracy of the foregoing facts, documents and statements, we are of the opinion that the Shares are not restricted securities, the Shares are freely tradable and may be publicly sold by the Seller in transactions exempt from the provisions of Section 5 of the Act by virtue of Section 4.(a)(1) of the Act because the Seller is a person other than an issuer, underwriter or dealer, and the purchasers of the Shares will be entitled to receive unrestricted shares of common stock.

      This opinion may be relied upon by the Issuer's transfer agency and the Seller's broker-dealer in connection with the sale, transfer and reissuance of the Shares.

Sincerely,

WiseLaw, P.C.

*David E. Wise*

David E. Wise
Attorney

3

TUCKER002991

**Law Offices
of
WiseLaw, P.C.
Attorney at Law
327 E. Lullwood Avenue
San Antonio, Texas 78212
(210) 323-6074
WiseLaw@verizon.net**

*David E. Wise, Attorney*

April 29, 2024

*Transmitted via email to: inbox@cleartrusttransfer.com*

ClearTrust, LLC
Transfer Agent
16540 Pointe Village Drive
Suite 210
Lutz, Florida 33558

Attention: Compliance Department

Re: Oak Creek Wellness, Inc./Proposed Sale of 10,000,000 Shares of Common
 Stock of Labor Smart, Inc. ("LTNC")

Gentlemen,

Oak Creek Wellness, Inc. ("Seller") has requested this firm's legal opinion with respect its proposed sale of 10,000,000 shares of common stock ("Shares") of Labor Smart, Inc., a non-reporting company ("Issuer"), pursuant to Section 4.(a)(1) of the Securities Act of 1933, as amended ("Act").

In connection with Seller's request, Seller has provided this firm with photocopies of the following documents (or in the case of item a., below, we have downloaded information from the OTC Disclosure & News Service website):

    a. OTC Disclosure & News Service information downloaded on the date of this opinion indicating that the Issuer had 14,908,568,486 shares of common stock issued and outstanding;
    b. Book Entry Account Confirmation with ClearTrust, LLC showing that the Seller was the registered owner of 10,000,000 restricted shares of Issuer's common stock;
    c. Email from Jason Tucker, a 50% owner of the Seller, to this law firm, dated April 29, 2024, representing, among other things, that the Seller acquired the Shares on or about December 10, 2021, as bonus

compensation from the Issuer for services rendered by the Seller to the Issuer's parent company, Takeover Industries, Inc.;

d. Labor Smart, Inc. Board Resolution for the Issuance of Shares, dated as of December 10, 2021, authorizing the issuance of the Shares to the Seller and other persons, and stating that the Shares were fully paid for and non-assessable and issued pursuant to an agreement with the Issuer;

e. Seller's Representation Letter, dated April 23, 2024, representing, among other things, that:

- Seller was an individual investor and shareholder of the Issuer;
- Seller was not an issuer, as the Issuer in this case is obviously Labor Smart, Inc.;
- Seller is not and has never been an officer, director or affiliate of the Issuer;
- Seller is not a "broker," "registered representative" or "dealer" as those terms are defined in the Act;
- Seller has not purchased or sold any other "restricted securities" in the past ninety days;
- Seller acquired the Shares as compensation and for investment purposes and not with a view to the distribution thereof; hence, the Shares have come to "rest" with the Seller as their beneficial owner;
- There was no public trading available for the Issuer's securities when the Seller acquired the Shares;
- Seller is not a "underwriter" as defined in Section 2.(a)(11) of the Act;
- Seller is not in possession of any non-public information about the Issuer; and
- Seller is not involved in any promotional activities involving the securities of the Issuer.

f. Various documents provided to this firm by Seller.

***Review of Underlying Facts***

We understand the relevant facts to be as follows:

The Issuer is a non-reporting company. Seller acquired the Shares in a private transaction with the Issuer on or about December 10, 2021, as compensation from the Issuer. The Seller has held the Shares for over two years. Based on our review of information posted by the Issuer on the OTC Disclosure & News Service website and representations from the Seller, we determined that neither the Seller nor its owners, Jason Tucker or Melissa Tucker, was an affiliate of the Issuer and neither of them has been an affiliate of the Issuer in the past ninety days. Based on Seller's representations in

2

the Seller's Representative Letter described in paragraph e., above, Seller is not broker, registered representative, dealer, underwriter or issuer. Seller now desires to sell the Shares.

In rendering this opinion, we have assumed the genuineness of all signatures and the authenticity of all documents submitted to us as certified or photo static copies. As to questions of fact material to this opinion, where such facts have not been independently established, and as to the content and form of other documents and writings provided to us by the Issuer and the Seller, we have relied to the extent we deem reasonably appropriate upon the representations or certificates of the Issuer and the Seller and other documents provided to this firm by Seller, without independent check or verification of their accuracy.

Based upon our review of the foregoing documents and in reliance on the truth and accuracy of the foregoing facts, documents and statements, we are of the opinion that the Shares are not restricted securities, the Shares are freely tradable and may be publicly sold by the Seller in transactions exempt from the provisions of Section 5 of the Act by virtue of Section 4.(a)(1) of the Act because the Seller is a person other than an issuer, underwriter or dealer, and the purchasers of the Shares will be entitled to receive unrestricted shares of common stock.

This opinion may be relied upon by the Issuer's transfer agency and the Seller's broker-dealer in connection with the sale, transfer and reissuance of the Shares.

Sincerely,

WiseLaw, P.C.

*David E. Wise*

David E. Wise
Attorney