EXHIBIT L

| | LAW OFFICES |
|---|---|
| 1 | **MANOLIO & FIRESTONE, PLC** |
| 2 | 8674 E. San Alberto Drive |
|   | Scottsdale, Arizona 85258 |
| 3 | (480) 222-9100 |
|   | vmanolio@mf-firm.com |
| 4 | Veronica L. Manolio, SBN 020230 |
|   | *Attorneys for Tucker Defendants, Counterclaimants,* |
| 5 | *And Third-Party Claimants* |

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| Labor Smart, Inc. | Case No. 2:22-cv-00357-PHX-DJH |
|---|---|
| Plaintiff, | |
| v. | **THIRD SUPPLEMENTAL** |
| | **RULE 26(a)** |
| Jason and Melissa Tucker, | **DISCLOSURE STATEMENT** |
| Defendants. | (Before the Hon. D. Humetewa) |
| And related Counterclaims and Third-Party Claims. | |

Pursuant to Rule 26(a), Fed. R. Civ. P., Defendants, Counterclaimants and Third-Party Claimants Jason and Melissa Tucker provide their ***Third*** Supplemental Disclosures as applicable to their defenses, Counterclaims, and Third-Party Claims against each Holley, McBride, Zarro, and NextGen Beverages, LLC. [1,2]

---

[1] As the record in this case has already established (*see*, Docs. 189, 203), none of the spouses – Melissa Tucker, Chirine Holley, and/or Kimberly Zarro have been alleged to have engaged in any type of wrongdoing. All three (3) women were named as part of their respective marital communities. Thus, Tucker, Holley and Zarro may all be referred to individually; the singular or plural use for any of these martial communities may be used interchangeably without any waiver by the Tuckers to pursue community **liability**.

[2] The Third-Party Claims against Takeover Industries, Inc. and Joseph Pavlik are being handled by independent counsel, Spencer Freeman, who made a fulsome (and timely) Initial Disclosure on May 5, 2025. The Tuckers expressly incorporate any and all Disclosures completed by independent counsel as if repeated here *verbatim,* and this Disclosure (and all further disclosures) should be deemed supplemental, and the Tuckers intend to rely on all of their disclosures, regardless of the disclosing attorney/firm.

more than $243,000; c) Takeover owned significant Intellectual Property, including use of the name NXT LVL, proprietary formulas and technological knowledge for its beverages, website(s), and marketing. By fraudulently transferring Takeover's assets into an entity where the Tuckers had no ownership, and by ceasing operations of Takeover knowing that Takeover owed at least $175,000 in compensation to Mr. Tucker, these parties have caused a minimum of $1,500,000 in losses to the Tuckers.

***Breach of Fiduciary Duties, Aiding and Abetting Tortious Misconduct, Breach of the July 2021 Agreement, Breach of the Covenant of Good Faith & Fair Dealing, and Conspiracy by Holley, Pavlik, and McBride - $2,500,000***

In addition to being jointly and severally liable for the $1,500,000 in damages caused by Labor Smart, Inc., Takeover, and NextGen, each Holley, Pavlik and McBride further breached a July 2021 Agreement that promised Tucker 12 Preferred Shares in Labor Smart (LTNC) and 750 million Common Shares at the time that Labor Smart/ LTNC received a "current" status from OTC Markets. By breaching their Contract and the related covenant of good faith and fair dealing, Holley, Pavlik and McBride are jointly and severally liable for at least an additional $750,000 in damages, and maybe as much as $1,000,000, making this joint and several category in the $2,500,000 range.

***Aiding and Abetting Tortious Misconduct by Zarro - $2,500,000***

For his role in aiding and abetting Holley, McBride, and Pavlik to commit wrongdoing, aiding and abetting Takeover in withholding funds due to Tucker, aiding and abetting Labor Smart to commit Abuse of Process, and aiding and abetting Takeover and NextGen to commit fraudulent transfer, and intentionally interfering with the Tuckers' ability to sell shares of their LTNC stock, Zarro is jointly and severally liable for the damages suffered by the Tuckers.