LAW OFFICES
**MANOLIO & FIRESTONE, PLC**
8674 E. San Alberto Drive
Scottsdale, Arizona 85258
(480) 222-9100
vmanolio@mf-firm.com
Veronica L. Manolio, SBN 020230
*Attorneys for Tucker Defendants, Counterclaimants,*
*And Third-Party Claimants*

**IN THE UNITED STATES DISTRICT COURT**

**IN AND FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Labor Smart, Inc.<br><br>Plaintiff,<br><br>v.<br><br>Jason and Melissa Tucker,<br><br>Defendants.<br><br>And related Counterclaims and Third-Party Claims. | Case No. 2:22-cv-00357-PHX-DJH<br><br>**JASON TUCKER'S RESPONSE TO LTNC'S FIRST SET OF NON-UNIFORM INTERROGATORIES**<br><br>(Before the Hon. D. Humetewa) |

Pursuant to Federal Rules of Civil Procedure, Rules 33, Third-Party Plaintiff Jason Tucker responds to Counterdefendant LTNC's First Set of Non-Uniform Interrogatories.

**NON-UNIFORM INTERROGATORIES**

**INTERROGATORY NO. 1:** Please identify with specificity the "other notables including MMA Champions, NFL players, and various celebrities", as set forth in paragraph 23 of the Amended Claims.

**RESPONSE:** These include at least Anthony Pettis (and SHOWTIME Fighting Championship, LLC), Jessie Vargas, Dan Caldwell, Sean Stellato, Mitchell Tenpenny, and "ambassadors" with the PFL (Professional Fighters League), and online gamers

**INTERROGATORY NO. 13:** Please state with specificity the amount of the "financial obligations" and "compensation" Takeover allegedly owed Tucker, as set forth in paragraph 93 of the Amended Claims.

**RESPONSE:** The Tuckers read this Interrogatory as solely asking for the amount of salary/pay/compensation due to Jason Tucker, as referred to in Paragraph 93 of the Amended Claims. If this request is meant to understand the amount of outstanding salary/pay due to Tucker (through his individually-owned LLC), the amounts are $60,000 for the calendar year 2021 (*see*, TUCKER001016) and $175,000 for the calendar year 2022 (*see*, TUCKER000994-001006, 001015).[1]

To the extent the Tuckers misinterpret this Interrogatory and that Labor Smart seeks to know any other category of damages in this question, the Tuckers reserve the right to supplement this response.

**INTERROGATORY NO. 14:** Please state with specificity the factual basis for the claims that "LTNC knowingly and intentionally assisted, encouraged, participated, or caused … Holley, McBride, and Pavlik to breach fiduciary duties owed to Tucker", as set forth in paragraph 94(a) of the Amended Claims.

**RESPONSE:** The Tuckers object to this Interrogatory as Paragraph 94(a) specifically deals with actions taken by Labor Smart in Aiding and Abetting misconduct. The Court has already dismissed certain portions of this Counterclaim III. (Doc. 189), and the Tuckers believe this Interrogatory is propounded solely for harassment.

Without waiving their objections, if this request is meant to understand how Labor Smart knowingly and intentionally assisted, encouraged, participated, or caused Holley,

---

[1] Alternatively, Tucker is entitled to receive amounts that are equal to those that Holley and McBride took for themselves. The proper amounts, if more than the agreed-upon $20,000 per month, will be supplemented once the outstanding discovery is completed.

McBride, and Pavlik to breach their fiduciary duties when helping them shut down Takeover and re-open under NextGen (which is the part of the Counterclaim III that survived dismissal), the factual basis can be found in ***at least*** the following:

Labor Smart, as an entity, and through management of more than just these Third-Party Defendants acted to "align" themselves and to remove Jason Tucker from voting and participation in Labor Smart while he was still a Director and owned Preferred (Voting) Shares. Labor Smart, through the help of Tom Zarro (not a Labor Smart Director at that time) and Luis Sequeira (also not a Director at that time), and other shareholders, aided Holley, McBride and Pavlik (and Takeover) in the following ways:

A) To settle personal claims against them in the Florida Lawsuit by pledging Takeover and Labor Smart assets that were not theirs to pledge;

B) To enter into various dismissals/releases of claims of one another, to pay Holley $5,000 from Takeover funds for "settlement" in this lawsuit;

C) To fail paying known debt of Takeover when due, including the significant earned salary/compensation that was known to be due to Tucker (at least $60,000 + $175,000, *but see*, fn. 1, *supra*.);

D) To place Jason Tucker on "paid leave" but then fail to pay him;

E) To dispute debt Takeover knowingly owed to James Deppoleto, Jr.;

F) To incur significant attorneys' fees and costs for Takeover;

G) While significant debt was incurred for Takeover (as noted above), to create a new entity (NextGen Beverages);

H) NextGen purchased Takeover product under value;

I) Takeover transferred its intellectual property (including product formulas, website(s)/online accounts, and copyrights) to NextGen;

J) Takeover made repeated cash transfers to NextGen without consideration;

K) Takeover consulted Bankruptcy counsel (and even paid a retainer fee); and

L) Once Takeover had judgment entered against it in the Nevada Lawsuit, Takeover filed Bankruptcy proceedings in Nevada.

Labor Smart clearly aided and abetting the formation of NextGen, as evidenced by its online announcement(s) and continued "advertisement" of the new entity replacing Takeover. Labor Smart director(s) knew they were leaving Takeover as a "shell" and that they transferred anything and everything of value into NextGen.

Labor Smart also clearly aided and abetting in the process, timing and eventual bankruptcy of Takeover, allowing the Third-Party Defendants to cause the Tuckers harm.

This Response may be supplemented as Labor Smart has outstanding discovery to answer and has yet to produce a single piece of paper in this litigation. If additional facts or documents are discovered, the Tuckers intend to supplement.

**INTERROGATORY NO. 15:** Please state with specificity the factual basis for the claims that "LTNC knowingly and intentionally assisted, encouraged, participated, or caused … Holley, McBride, and Pavlik to interfere with Tucker's voting rights and Takeover" as set forth in paragraph 94(b) of the Amended Claims.

**RESPONSE:** *See*, Response No. 14 above, which should be incorporated here to mean that while Jason Tucker remained a 25% owner/shareholder in Takeover, he was not permitted any right(s) to vote nor any decision-making ability. Labor Smart, as an entity and with the Third-Party Defendants acting in their own best interests/personal capacities, each made sure that Takeover was systematically dismantled and Jason Tucker was not permitted to conduct Takeover business or lodge votes.

**INTERROGATORY NO. 16:** Please state with specificity the factual basis for the claims that "LTNC knowingly and intentionally assisted, encouraged, participated, or caused … Holley, McBride, Pavlik, and Takeover to deprive Tucker of payments owed to him by Takeover", as set forth in paragraph 94(c) of the Amended Claims.

**RESPONSE:** *See*, Response Nos. 13-15.