Paul M. Levine, Esq. (007202)
**PAUL M. LEVINE, P.C.**
8502 E. Via de Ventura, Suite 230
Scottsdale, Arizona 85258
Telephone: (480) 302.4102
Facsimile: (480) 300.4984
plevine@pmlevinepc.com
*Attorney for Plaintiff/Counterdefendant*
*Labor Smart, Inc. and Third-Party Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**IN AND FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| LABOR SMART, INC.<br><br>Plaintiff,<br>vs.<br><br>JASON AND MELISSA TUCKER.<br><br>Defendants. | Case No: 2:22-cv-00357-PHX-DJH<br><br>**DECLARATION OF MICHAEL HOLLEY**<br><br>(Before the Hon. D. Humetewa) |
| And related Counterclaims and Third-Party Claims. | |

I, Michael Holley, declare as follows:

1. Takeover Industries, Inc. ("Takeover") was formed as a Nevada corporation in January 2021. Toby McBride and myself were the original Takeover shareholders.

2. I was Takeover's President from its incorporation through December 2021.

3. Takeover was in the business of selling nutritional drinks: hydrogen water ("H Water") and Gamershots.

4. Takeover contracted with H2ForLife to manufacture the H Water. Danny Day is the founder and principal owner of H2ForLife.

5. Takeover's H Water contained 5 ingredients: spring water, colloidal platinum, colloidal gold, colloidal zinc and colloidal copper. Takeover did not own any formula or recipe for its H Water. The formula was owned by H2ForLife.

6. Takeover's H Water was sold in cans. The H Water ingredients were on the

can and on the Takeover website. Takeover made no effort to keep the ingredients for its H Water secret or confidential.

7. Takeover did not sell its H Water in different flavors. Takeover only sold unflavored H Water.

8. Takeover did not own its own formula or process for making the H Water. For example, Takeover did not know the amount of each ingredient in the H Water, nor did it know the manufacturing method for making the H Water, such as temperature, mixing, stirring, or the amount of hydrogen to be added to make the H Water. These were things that were known only by H2ForLife. The particulars of both the formula and process for manufacturing the H Water were known only to H2ForLife.

9. Takeover never sold a nootropic beverage.

10. Takeover never owned any trademarks.

11. Takeover initially marketed H Water as "NXT LVL" hydrogen water.

12. On April 14, 2021, Takeover filed with the United States Patent and Trademark Office its Application for Registration of the Trademark "NXT LVL UP". After Takeover filed its Application, Next Level Fitness Water, Inc. ("Next Level") filed its Opposition, based on its ownership in the mark "NEXT LEVEL FITNESS WATER". A copy of the Opposition is attached as **Exhibit "1"**.

13. On March 11, 2022, Next Level filed a Notice of Opposition with the United States Patent and Trademark Office.

14. On May 4, 2023, Takeover and Next Level entered into a "Trademark Phase-Out Agreement". Pursuant to the Phase-Out Agreement, Takeover agreed to cease using "NXT LVL", except as specifically set forth in the Phase-Out Agreement.

15. NextGen Beverages, LLC ("NGB") is a Wyoming limited liability company, formed in June 2023. I was and remain a NGB Manager from origination through the present. I am familiar with the NGB website as it existed from origination through the present.

16. NGB did not use any of the photos, images or any other information on the

Takeover website when NGB created its own website.

17. NGB has not used the mark "NXT LVL" in connection with any of its advertising or products.

18. NGB sells a hydrogen water product that is different from the Takeover H Water. NGB does not own any formula or recipe for the NGB hydrogen water. The formula is owned by H2ForLife.

19. From June 2021 through September 2025, Takeover had two bank accounts, accounts ending 4362 and 8537, both at Bank of America.

20. Between June 29, 2023 and August 7, 2024, NGB loaned Takeover $74,000. All of the NGB funds were wired to Takeover account ending *8537*.

21. From July 1 through September 30, 2023, there were no transfers from Takeover to NGB from account ending ***4362***. From July 1 through September 30, 2023, there were 3 transfers (total of $25,000) from Takeover to NGB, and in 2024, there were 2 transfers (total of $26,500) from Takeover to NGB from account ending ***8537***.

I declare under penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct.

Dated this 6th day of January, 2026.

**MICHAEL HOLLEY**

By: */s/ Michael Holley*

# EXHIBIT 1

*Trademark Trial and Appeal Board Electronic Filing System. https://estta.uspto.gov*

ESTTA Tracking number: **ESTTA1196050**

Filing date: **03/11/2022**

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

# Notice of Opposition

Notice is hereby given that the following party opposes registration of the indicated application.

## Opposer information

| | |
|---|---|
| Name | Next Level Fitness Water Inc. |
| Granted to date of previous extension | 03/12/2022 |
| Address | 138 EAST MAIN STREET<br>HUNTINGTON, NY 11743<br>UNITED STATES |

| | |
|---|---|
| Attorney information | STEPHEN R. BARRESE<br>DILWORTH & BARRESE, LLP<br>1000 WOODBURY ROAD, SUITE 405<br>WOODBURY, NY 11797<br>UNITED STATES<br>Primary email: sbarrese@dilworthbarrese.com<br>Secondary email(s): rduran@dilworthbarrese.com<br>516-228-8484 |
| Docket no. | 1980-2A |

## Applicant information

| | | | |
|---|---|---|---|
| Application no. | 90645043 | Publication date | 01/11/2022 |
| Opposition filing date | 03/11/2022 | Opposition period ends | 03/12/2022 |
| Applicant | Takeover Industries Inc.<br>401 RYLAND STREET, SUITE 200-A<br>RENO, NV 89502<br>UNITED STATES | | |

## Goods/services affected by opposition

Class 032. First Use: None First Use In Commerce: None
All goods and services in the class are opposed, namely: Water beverages

## Applicant information

| | | | |
|---|---|---|---|
| Application no. | 90676167 | Publication date | 01/11/2022 |
| Opposition filing date | 03/11/2022 | Opposition period ends | |
| Applicant | Takeover Industries, Inc.<br>401 RYLAND STREET, SUITE 200-A<br>RENO, NV 89502<br>UNITED STATES | | |

## Goods/services affected by opposition

| |
|---|
| Class 032. First Use: Mar 1, 2021 First Use In Commerce: Mar 1, 2021<br>All goods and services in the class are opposed, namely: Hydrogen infused water beverages |

## Applicant information

| | | | |
|---|---|---|---|
| Application no. | 90795246 | Publication date | 01/11/2022 |
| Opposition filing date | 03/11/2022 | Opposition period ends | |
| Applicant | Takeover Industries Inc.<br>401 RYLAND STREET, SUITE 200-A<br>RENO, NV 89502<br>UNITED STATES | | |

## Goods/services affected by opposition

| |
|---|
| Class 032. First Use: May 7, 2021 First Use In Commerce: May 7, 2021<br>All goods and services in the class are opposed, namely: Non-alcoholic drinks, namely, energy shots |

## Grounds for opposition

| | |
|---|---|
| Priority and likelihood of confusion | Trademark Act Section 2(d) |
| Dilution by blurring | Trademark Act Sections 2 and 43(c) |
| Dilution by tarnishment | Trademark Act Sections 2 and 43(c) |
| Deceptiveness | Trademark Act Section 2(a) |

## Marks cited by opposer as basis for opposition

| | | | |
|---|---|---|---|
| U.S. application no. | 90695838 | Application date | 05/07/2021 |
| Registration date | NONE | Foreign priority date | NONE |
| Word mark | NEXT LEVEL FITNESS WATER | | |
| Design mark | NEXT LEVEL FITNESS WATER | | |
| Description of mark | NONE | | |
| Goods/services | Class 032. First use: First Use: Jul 1, 2016 First Use In Commerce: Jul 1, 2016<br>Bottled water; Bottled artesian water; Bottled drinking water; Flavored bottledwater; Purified bottled drinking water | | |

| | | | |
|---|---|---|---|
| U.S. application no. | 90695884 | Application date | 05/07/2021 |
| Registration date | NONE | Foreign priority | NONE |

| | | | |
|---|---|---|---|
| | | date | |
| Word mark | NEXT LEVEL FITNESS WATER | | |
| Design mark | | | |
| Description of mark | The mark consists of the word "NEXT" inthe color white; the letter "X" in the word "NEXT" is as an arrow in the color light blue or sky blue; underneath the the word "NEXT" and slight to the right is the word "LEVEL " in the color white. Appearing below the letter "N" in the word "NEXT", and to the left the word "LEVEL", is the words "FITNESS" and "WATER" in the color white rotated 90 degrees. The word "WATER" appears directly below the word "FITNESS" in the color white. The entire logo is set over a blue background that transitions from a lighter blueto a darker blue. | | |
| Goods/services | Class 032. First use: First Use: Jul 1, 2016 First Use In Commerce: Jul 1, 2016<br>Bottled water; Bottled artesian water; Bottled drinking water; Flavored bottledwa-ter; Purified bottled drinking water | | |

| | |
|---|---|
| Attachments | 90695838#TMSN.png( bytes )<br>90695884#TMSN.png( bytes )<br>Notice of Opposition.pdf(65899 bytes ) |

| | |
|---|---|
| Signature | /SRB/ |
| Name | STEPHEN R. BARRESE |
| Date | 03/11/2022 |

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE BEFORE THE
TRADEMARK TRIAL AND APPEAL BOARD

| | |
|---|---|
| NEXT LEVEL FITNESS WATER, INC., Opposer | Serial Nos. 90645043, 90676167, 90795246 |
| v. | Marks: NXT LVL HYDROGEN WATER, NXT LVL, NXT LVL UP |
| TAKEOVER INDUSTRIES, INC., Applicant | Publication Date: January 11, 2022 |

NOTICE OF OPPOSITION

Opposer, NEXT LEVEL FITNESS WATER INC. ("Opposer'[1]) believes that it will be damaged by registration of the marks shown in Trademark Application Serial No. 90645043 **NXT LVL HYDROGEN WATER**, Trademark Application Serial No. 90676167 **NXT LVL** and Trademark Application Serial No. 90795246 **NXT LVL UP** (collectively, Applicant's Marks) and hereby opposes the same. As grounds for opposition, Opposer alleges as follows:

1. Opposer is a corporation organized under the laws of the State of New York with a principal place of business at 138 East Main Street, Huntington, New Nork 11743.

2. Opposer engages in the business of bottling and selling bottled water; bottled artesian water; bottled drinking water; flavored bottled water and purified bottled drinking water.

3. Opposer owns all right, title and interest in and to the mark **NEXT LEVEL FITNESS WATER**, which is a pending Trademark Application No. 90/695,838, filed on May 7, 2021, for use in association with Bottled water; Bottled artesian water; Bottled

drinking water; Flavored bottled water; Purified bottled drinking water in International Class 32, with a date of first use at least as early as July 1, 2016.

4. Opposer owns all right, title and interest in and to the mark , which is a pending U.S. Trademark Application No. 90/695,884, filed on May 7, 2021, for use in association with Bottled water; Bottled artesian water; Bottled drinking water; Flavored bottled water; Purified bottled drinking water in International Class 32, with a date of first use at least as early as July 1, 2016.

5. Notwithstanding Opposer's prior rights in and to the marks **NEXT LEVEL FITNESS WATER** and (collectively, Opposer's Marks), Applicant, on information and belief, on April 14, 2021, filed an application for registration of the trademark **NXT LVL HYDROGEN WATER** for "water beverages" in Class 32, on an intent-to-use basis.

6. Notwithstanding Opposer's prior rights in and to the marks **NEXT LEVEL FITNESS WATER** and , Applicant, on information and belief, on April 27, 2021, filed an application for registration of the trademark **NXT LVL** for "hydrogen infused water beverages" in Class 32, with a date of first use at least as early as March 1, 2021.

7. Notwithstanding Opposer's prior rights in and to the marks **NEXT LEVEL FITNESS WATER** and , Applicant, on information and belief, on June 25, 2021, filed an application for registration of the trademark **NXT LVL UP** for "Non-alcoholic drinks, namely, energy shots" in Class 32, with a date of first use at least as early as as May 7, 2021.

8. Opposer's Marks have a date of first use of July 1, 2016, which precedes any of Applicant's dates of first use, i.e., March 1, 2021 and May 7, 2021, thereby establishing Opposer's Marks' prior use.

FIRST CLAIM FOR RELIEF

(Likelihood of Confusion)

9. Opposer repeats and realleges the allegations in preceding paragraphs 1 through 8, inclusive, as if fully set forth herein.

10. Opposer is the rightful owner of rights and common law for Opposer's Marks, having continuously sold the goods under these marks in interstate commerce since at least as early as July 1, 2016.

11. As a result of Opposer's long use of Opposer's marks, Opposer has developed substantial goodwill in its marks, and the public has come to associate these marks with the goods of Opposer.

12. Opposer's use of Opposer's Marks, is long prior to the filing dates associated with Applicant's Marks, and long prior to any use by Applicant of the Petitioned Marks.

13. Opposer enjoys priority of use over Applicant in this case.

14. Upon information and belief, Applicant was aware of Opposer’s Marks prior to the filing of the applications for Applicant’s Marks.

15. Applicant’s Marks are confusingly similar to Opposer’s Marks.

16. Opposer’s Goods and Applicant’s Goods travel or exist in the same or related channels of trade.

17. Applicant’s use and continued registration of the opposed Marks will inevitably lead, and may have already lead, to confusion, to mistake, or to deception of the public within the meaning of Section 2(d) of the Lanham Act, 15 USC §1052(d), all to Opposer’s grave and irreparable damage.

18. Applicant’s Marks should be refused registration based on likelihood of confusion with Opposer’s Marks, in violation of the Lanham Act, 15 USC §1052(d).

SECOND CLAIM FOR RELIEF

(Likelihood of Confusion with Previously-Used Trademark)

19. Opposer repeats and realleges the allegations in preceding paragraphs 1 through 18, inclusive, as if fully set forth herein.

20. The Applicant's Marks shown in the Opposed Applications so resembles Opposer's previously used and not abandoned Opposer's Marks as to be likely, when used on or in connection with the goods identified in the Opposed Applications, to cause confusion, to cause mistake, or to deceive, and Applicant's mark is thus unregistrable under Section 2(d) of the United States Trademark Act, 15 U.S.C. 1052(d).

21. Opposer will be damaged by registration of the mark shown in the Opposed Application because registration will give Applicant prima facie evidence of its ownership of, and its exclusive nationwide right to use, a mark that is confusingly similar to Opposer's previously used and not abandoned Marks.

THIRD CLAIM FOR RELIEF

(Likelihood of Dilution)

22. Opposer repeats and realleges the allegations in preceding paragraphs 1 through 21, inclusive, as if fully set forth herein.

23. The Applicant's Marks shown in the Opposed Applications so resembles Opposer's previously used and not abandoned Marks as to be likely to blur the distinctiveness of Opposer's Marks and Applicant's marks are thus unregistrable under Section 43(c) of the United States Trademark Act, 15 U.S.C. 1125(c).

24. Opposer will be damaged by registration of the marks shown in the Opposed Applications because registration will give Applicant prima facie evidence of its ownership of, and its exclusive nationwide right to use, a mark that is likely to impair the distinctiveness of Opposer's Marks.

WHEREFORE, Opposer prays for judgment sustaining this opposition and refusing registration to Applicant of the marks shown in the Opposed Applications.

Please charge any deficiency or credit any overpayment related to this Opposition to Deposit Account No. 04-1121, and direct all correspondence in connection with this opposition to the undersigned.

Respectfully submitted,

Dated: March 11, 2022

By:_________________________

Stephen R. Barrese
Attorney for Opposer
Dilworth & Barrese, LLP
1000 Woodbury Road
Woodbury, New York 11797