**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Takeover Industries Incorporated, et al.,

Plaintiffs,

v.

Michael Holley, et al.,

Defendants.

No. CV-22-00357-PHX-DJH

**ORDER**

On September 30, 2026, Plaintiffs and Defendants filed a "Stipulated Motion to Extend Date to File Motions for Reconsideration" ("Stipulated Motion"). (Doc. 256). In their Stipulated Motion, the parties request that the deadline to file motions for reconsideration of the Court's September 21, 2026, Order on the parties' Cross-Motions for Summary Judgment—currently, October 5, 2026—be extended to October 19, 2026, claiming that "good cause" exists for this extension. (*See id.*)

The good cause standard primarily considers the diligence of the party seeking the extension. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The parties say it has taken them some time to "analyze potential issues for a Motion for Reconsideration," but otherwise solely base their request for an extension on the fact that "Defendants' counsel will be out of town beginning October 4 through October 9, 2026 on a trip that was planned well in advance of the parties' receipt of the ruling." (Doc. 256 at 1). The Court finds this justification dubious. The Order was filed on September 21, 2026, so the parties have already had over a week to contemplate and prepare any motions

for reconsideration. Thus, the Court is not convinced of any diligent efforts to meet the deadline. Even more so, Plaintiffs have not presented any reason, much less one amounting to good cause, for the requested extension. Defendants' counsel's travel plans do not impact Plaintiffs' ability to timely file motions and a vacation planned "well in advance" of the Court's ruling and not starting until the day before the day before the current deadline does little to impact Defendants' ability to prepare a motion. In short, the parties have made an insufficient showing of good cause.

Moreover, the Court reminds the parties that motions for reconsideration should only be brought under certain circumstances, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision[.]" *U.S. v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (internal quotations and citations omitted). Motions filed under Local Rule 7.2(g) will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g). Those filed under Rule 54(b), 59, or 60(b) are only "appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Motions for reconsideration are not vehicles to rehash already-made arguments, nor are they an opportunity to raise matters that could have been brought to the Court's attention at an earlier time. Should any motion filed by the parties fail to establish proper grounds for reconsideration it may be summarily denied by the Court.

Accordingly,

**IT IS ORDERED** that the parties' Stipulated Motion (Doc. 256) is **DENIED**.

Dated this 30th day of September, 2026.

Honorable Diane J. Humetewa
United States District Judge